**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11  INFINEON TECHNOLOGIES,                    No. C-11-06239 MMC  (DMR)
12                Plaintiff(s),            **NOTICE OF REFERENCE AND ORDER**
                                           **RE DISCOVERY PROCEDURES**
13        v.
14  VOLTERRA SEMICONDUCTOR,
15                Defendant(s).
    _____/
16
17  TO ALL PARTIES AND COUNSEL OF RECORD:
18        The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of
19  Plaintiff's Motion to Shorten Time  ("Motion to Shorten") as well as all further discovery.
20        The court **DENIES** the motion without prejudice.  Any joint letter regarding the instant
21  discovery dispute (*see* section below entitled "Resolution of Discovery Disputes") shall be filed no
22  later than **May 29, 2012.**  Discovery letter briefs must be e-filed under the Civil Events category of
23  Motions and Related Filings > Motions - General > "Discovery Letter Brief."
24        Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure,
25  and the Northern District of California's Local Rules, General Orders, and General Standing Orders.
26  Local rules, general orders, general standing orders, and a summary of the general orders' electronic
27  filing requirements (including the procedures for emailing proposed orders to chambers) are
28

**United States District Court**
For the Northern District of California

1  available at http://www.cand.uscourts.gov.  The parties' failure to comply with any of the rules or

2  orders may be a ground for sanctions.

3  **RESOLUTION OF DISCOVERY DISPUTES**

4      In order to respond to discovery disputes in a flexible, cost-effective and efficient manner,

5  the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead,

6  as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

7  disagreements.  The meet and confer session must be ***in person or by telephone,*** and may not be

8  conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no

9  later than five (5) business days after the meet and confer session.  **Lead trial counsel for both**

10 **parties must sign the letter**, which shall include an attestation that the parties met and conferred in

11 person or by telephone regarding all issues prior to filing the letter.  Going issue-by-issue, the joint

12 letter shall describe each unresolved issue, summarize each party's position with appropriate legal

13 authority; and provide each party's final proposed compromise before moving to the next issue.  The

14 joint letter shall not exceed ten (10) pages without leave of court.  In the rare instance that a joint

15 letter is not possible, each side may submit a letter not to exceed four (4) pages, which shall include

16 an explanation of why a joint letter was not possible.  When appropriate, the parties may submit one

17 exhibit to the letter that sets forth each discovery request at issue in full, followed immediately by

18 the objections and/or responses thereto.  No other information shall be included in any such exhibit.

19 No other exhibits shall be submitted without prior approval by the court.  The court will review the

20 submission(s) and determine whether formal briefing or proceedings are necessary.

21     In emergencies during discovery events (such as depositions), any party may, after

22 exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil

23 L.R. 37-1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the

24 discovery event shall proceed with objections noted for the record.

25     In the event that a discovery hearing is ordered, the court has found that it is often efficient

26 and beneficial for the parties if counsel appear ***in person***.  This provides the opportunity, where

27 appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining

28 available to rule on any disputes that counsel are not able to resolve.  For this reason, the court

**United States District Court**
For the Northern District of California

1   expects counsel to appear in person.  Permission for a party to attend by telephone may be granted,

2   in the court's discretion, upon written request made at least two weeks in advance of the hearing if

3   the court determines that good cause exists to excuse personal attendance, and that personal

4   attendance is not needed in order to have an effective discovery hearing.  The facts establishing good

5   cause must be set forth in the request.

6   **CHAMBERS COPIES AND PROPOSED ORDERS**

7          All filings relating to a discovery dispute referred to Magistrate Judge Ryu shall list the civil

8   case number and the district court judge's initials followed by the designation "(DMR)."

9          Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a

10  copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the Oakland

11  Clerk's Office.  In a case subject to electronic filing, chambers copies must be submitted by the

12  close of the next court day following the day the papers are filed electronically.  Any proposed

13  stipulation or proposed order in a case subject to electronic filing shall be submitted by email to

14  dmrpo@cand.uscourts.gov as a word processing format attachment on the same day that the

15  document is e-filed.  This address should only be used for this stated purpose unless otherwise

16  directed by the court.

17  **PRIVILEGE LOGS**

18         If a party withholds information that is responsive to a discovery request by claiming that it

19  is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a

20  privilege log that is sufficiently detailed and informative for the opposing part(ies) to assess whether

21  a document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log

22  shall set forth the privilege relied upon and specify separately for each document or for each

23  category of similarly situated documents:

24         a.     The title and description of the document, including number of pages or Bates-

25                number range;

26         b.     The subject matter addressed in the document;

27         c.     The identity and position of its author(s);

28         d.     The identity and position of all addressees and recipients;

**United States District Court**
For the Northern District of California

1    e.    The date the document was prepared and, if different, the date(s) on which it was sent

2    to or shared with persons other than its author(s); and

3    f.    The specific basis for the claim that the document is privileged or protected.

4    Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

5    IT IS SO ORDERED.

6

7    Dated:  May 18, 2012

8    

9    DONNA M RYU
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4