United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INFINEON TECHNOLOGIES,            No. C-11-06239-MMC (DMR)

        Plaintiff(s),                        **ORDER RE PARTIES' DISCOVERY LETTERS [DOCKET NOS. 87, 88]**

    v.

VOLTERRA SEMICONDUCTOR,

        Defendant(s).
_____/

        The court is in receipt of the parties' discovery letters dated May 24 and May 29, 2012. [Docket Nos. 87, 88.] In this patent action, Plaintiff Infineon Technologies AG moves the court to compel Defendant Volterra Semiconductor Corporation to respond to its First Set of Requests for Production ("RFP") [Docket No. 82 Attach. 1 Ex. C].[1] (Pl. Disc. Ltr. at 1.) This matter is suitable for disposition without oral argument. For the reasons stated below, the court denies Plaintiff's motion.

        Plaintiff seeks the production of detailed design and mapping documents regarding certain Volterra products produced by Defendant in another case:

> Provide the "eight full thick binders containing design documents and product layouts showing the structure and components of Volterra's power stage products with charts

---

[1] Plaintiff also asks the court to extend the deadline for the service of its infringement contentions. (Pl. Disc. Ltr. at 4.) Plaintiff must file a motion with the presiding judge to obtain such relief.

that mapped each of these products to the claims of the Burstein Patent" and all other documents referred to in the following statement by Volterra on page 14 of the Joint Case Management Statement (ECF No. 78): "In response to a very broad interrogatory as to whether Volterra practiced the Burstein Patents."

[Docket No. 82 Attach. 1 Ex. C at 6-7.] Defendant produced these documents in an earlier-filed patent case that involves the same parties. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-5129 JCS (N.D. Cal. filed Nov. 12, 2008) ("*Volterra* Action"). The documents are designated as "Highly Confidential," pursuant to a protective order, and may not be used outside the *Volterra* Action without the parties' agreement or a court order.

Plaintiff insists that Defendant must divulge the sought-after discovery specifically so that Plaintiff can rely upon the materials in preparing its patent infringement contentions. (Pl. Disc. Ltr. at 1.) It generally asserts that when documents produced in one case are relevant to a subsequent case, the documents routinely are either re-produced or deemed produced in the later case. Plaintiff further contends that Defendant agreed that all documents produced in the *Volterra* Action should be deemed produced in the current action, on the condition that provisions of the protective order in the *Volterra* Action continue to apply to both cases. (Pl. Disc. Ltr. at 1-3 & nn.1-2.) According to Plaintiff, Defendant subsequently reneged on that agreement. (Pl. Disc. Ltr. at 3.)

Defendant opposes Plaintiff's production request on several grounds. First, Defendant maintains that it never agreed to the use of Highly Confidential materials from the *Volterra* Action in this case, but instead had discussed a possible stipulation to avoid the parties having to physically re-produce responsive documents in this case that had already been produced in the *Volterra* Action.[2] (Def. Disc. Ltr. at 1, 3.) It also asserts that Plaintiff violated the protective order in the *Volterra* Action by analyzing protected documents from that case and now seeking to have them produced so they can rely upon them to support their infringement contentions in this case. (Def. Disc. Ltr. at 1.) Defendant further objects because it believes that Plaintiff "should have the evidence it needs to prepare its [patent infringement contentions] from independent sources such as its examination and/or reverse engineering of [Defendant]'s products." (Def. Disc. Ltr. at 3.)

---

[2] Upon review of the relevant communications, it appears that the parties did not reach a clear agreement that the Highly Confidential documents in the *Volterra* Action would be usable in this case.

1 Defendant notes that in patent litigation, the Court routinely stays discovery until after a plaintiff
2 submits its infringement contentions. (Def. Disc. Ltr. at 4.) Finally, Defendant avers that Plaintiff's
3 discovery request concerns 82 separate products, all but one of which is irrelevant to this case. (Def.
4 Disc. Ltr. at 4.)

5 The court denies Plaintiff's discovery request because it circumvents the court rules and case
6 law governing infringement contentions in patent litigation. Local Patent Rule 3-1, which controls
7 the formulation and production of infringement contentions, "is a discovery device that takes the
8 place of a series of interrogatories that defendants would likely have propounded had the patent local
9 rules not provided for streamlined discovery." *Bender v. Maxim Integrated Prods., Inc.*, No.
10 09-1152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (not reported in F. Supp. 2d)
11 (citation and quotation marks omitted). The Rule "requires the patent infringement plaintiff to
12 specify [infringed claims, accused instrumentalities, and] where each limitation of each asserted
13 claim is found in each accused device within 14 days of the case management conference, that is,
14 generally before discovery has commenced." *Shared Memory Graphics, LLC v. Apple, Inc.*, No.
15 10-2475 MMC (JSC), 2011 WL 3878388, at *7 (N.D. Cal. Sept. 2, 2011) (holding that prior to
16 service of adequate infringement contentions, defendants not required to "show their hand" by
17 responding to discovery that would reveal whether particular limitations are found in each accused
18 device).

19 Courts in this District will routinely stay discovery until the plaintiff has met its obligations
20 under the Rule. *Id.* (citation omitted); *accord Implicit Networks, Inc. v. Hewlett-Packard Co.*, No.
21 10-3746 SI, 2011 WL 3954809, at *4 (N.D. Cal. Sept. 7, 2011); *Bender*, 2010 WL 1135762, at *2
22 ("The purpose of Patent Local Rule 3-1 . . . is . . . to require a plaintiff to crystalize its theory of the
23 case and patent claims. Until plaintiff meets the burden of providing infringement contentions
24 compliant with Patent L.R. 3-1, the Court will not order defendant to proceed with discovery.")
25 (ellipses in original) (internal citation and quotation marks omitted).

26 Plaintiff propounded the discovery request at issue with the overt aim of obtaining
27 Defendant's design and mapping documents in order to facilitate the crafting of its infringement
28 contentions. The court declines to compel the production of this discovery -- particularly material

3

1    that is subject to a protective order in another case -- prior to Plaintiff's submission of patent
2    infringement contentions.
3        For these reasons, the court denies Plaintiff's discovery request.
4
5        IT IS SO ORDERED.
6
7    Dated: June 4, 2012



```
_____
DONNA M. RYU
United States Magistrate Judge
```

4