IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, | No. C 11-6239 MMC |
| Plaintiff, | **ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| v. | |
| VOLTERRA SEMICONDUCTOR CORPORATION, | |
| Defendant. | |

Before the Court is plaintiff Infineon Technologies AG's "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, or, in the Alternative, Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge," filed October 12, 2012; plaintiff seeks such relief pursuant to Rule 72 of the Federal Rules of Civil Procedure. Defendant Volterra Semiconductor Corporation has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of, and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for November 16, 2012, and rules as follows.

By said motion, plaintiff objects to the order, filed October 3, 2012, in which Magistrate Judge Donna M. Ryu issued her ruling on defendant's motion to strike plaintiff's Amended Infringement Contentions ("AICs"). Specifically, plaintiff objects to the ruling

therein: (1) finding the AICs fail to comply with Patent Local Rule 3-1(c)'s requirement that infringement contentions identify specifically where each limitation of each claim is found within each accused instrumentality; and (2) finding moot defendant's argument that the AICs fail to comply with Patent Local Rule 3-1(b)'s requirement that infringement contentions specify which of defendant's products allegedly infringe plaintiff's such claims.

With respect to the former, the Court finds said ruling nondispositive for the reason that the magistrate judge, in so ruling, granted plaintiff leave to amend its AICs.  Cf. Shared Memory Graphics, LLC v. Apple Inc., No. 10-2475, 2011 WL 5320749 (N.D. Cal. Nov. 2, 2011) (finding magistrate judge's order dispositive where magistrate judge struck infringement contentions without leave to amend).  The Court further finds the ruling is neither "clearly erroneous" nor "contrary to law."  See Fed. R. Civ. Pro. 72(a).  Accordingly, the objection is hereby OVERRULED.

With respect to the latter, regardless of whether the ruling is characterized as dispositive or nondispositive, the Court agrees with plaintiff that the allegations of infringement as set forth in the Second Amended Complaint ("SAC") encompass products beyond those specifically identified therein.  (See SAC ¶ 20.)  Accordingly, the objection is hereby SUSTAINED, and the matter is referred back to Magistrate Judge Ryu for consideration in the first instance of the merits of defendant's argument that the AICs fail to comply with the specificity requirements of Patent Local Rule 3-1(b).

**IT IS SO ORDERED.**

Dated: November 8, 2012

MAXINE M. CHESNEY
United States District Judge