IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINEON TECHNOLOGIES AG,<br><br>Plaintiff,<br><br>v.<br><br>VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Defendant. | No. C-11-6239 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant Volterra Semiconductor Corporation's ("Volterra") "Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(6) or in the Alternative to Strike Pursuant to Rule 12(f)," filed October 10, 2012. Plaintiff Infineon Technologies AG ("Infineon") has filed opposition, to which Volterra has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Volterra "designs, develops and markets proprietary, high-performance analog and mixed-signal power management semiconductors . . . that transform, regulate, deliver and monitor the power consumed by digital semiconductors." (See Second Am. Compl. ¶ 7 ("SAC").) Infineon alleges Volterra directly and indirectly infringes four of its patents: U.S.

---

[1] By order filed November 9, 2012, the Court deemed the matter appropriate for decision on the parties' respective filings and vacated the hearing scheduled for November 16, 2012.

1  Patent No. 5,945,730 ("the '730 Patent"), "which concerns semiconductor power devices,"
2  and U.S. Patents Nos. 7,095,281 ("the 281 Patent"), 5,402,017 ("the '017 Patent") and
3  6,621,343 ("the '343 Patent"), "which concern devices for amplifying electrical signals."
4  (See id. ¶ 2.) Infineon further asserts Volterra has known about its patents as of January
5  21, 2010, when Infineon filed its original Complaint. (See id. ¶¶ 28, 48, 80, 100.)

Infineon alleges Volterra directly infringes the asserted patents by selling its infringing products to its customers in the United States. (See id. ¶¶ 20, 40, 72, 92.) Infineon also alleges Volterra indirectly infringes its patents by encouraging its customers to incorporate Volterra's infringing products into their own infringing products (see id. ¶¶ 27-34, 47-54, 79-86, 99-106), and, in addition, by providing its customers with products that are solely designed to practice the claimed inventions when used by those customers (see id. ¶¶ 59-66, 111-118).

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2

129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

## DISCUSSION

In its SAC, Infineon identifies a general category of infringing products for each asserted patent and identifies at least one specified exemplar of an infringing product in that category. (See SAC ¶¶ 20, 40, 72, 92.) For example, Infineon alleges:

> Upon information and belief, Volterra is directly infringing the '281 patent by making, using, importing, offering to sell, and/or selling in the United States master controller products, including without limitation the VT 115MF product.

(See SAC ¶ 40.) Volterra argues Infineon's pleading is insufficient under Rule 8 of the Federal Rules of Civil Procedure for the asserted reason that Infineon is required to name in its complaint the specific products it alleges infringes its patents and may not include a general category of infringing products. As set forth below, Volterra's argument is unpersuasive.

In support thereof, Volterra relies primarily on this Court's prior order granting Volterra's motion to dismiss the First Amended Complaint ("FAC"). (See Order filed Sept. 10, 2012 ("Sept. 10 Order").) In particular, Volterra cites to this Court's ruling that Infineon's allegations of infringement based on specified products were sufficient to state a claim and Infineon's allegations of infringement based on the phrase "other products" were insufficient to state a claim. (See Order at 4:21-22; FAC ¶ 20 ("Upon information and belief, Volterra is directly infringing the '730 patent by making, using, importing, offering to sell, and/or selling infringing products in the United States, including without limitation, the VT 1195SF product and other products.")

Volterra's reliance on the Court's prior order is misplaced. As noted therein, the Federal Circuit has held Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure identifies only a general category of infringing products and "embodies the degree of specificity required for pleading a claim of direct infringement." (See Sept. 10

1 Order at 4:2-7 (citing to <u>In re Bill of Lading Transmission and Processing System Patent Litig.</u>, 681 F.3d 1323, 1334 (Fed. Cir. 2012))); Fed. R. Civ. P. Form 18 (alleging infringement by general category of "electric motors"). As this Court further noted, to the extent the FAC identified specific products, Infineon "provide[d] detail <u>beyond</u> that required by Form 18." (<u>See</u> Sept. 10 Order at 4:8-9 (emphasis added).) In contrast to the SAC, however, the FAC's remaining infringement allegations did not identify a general category of products, but, rather, only "products." (<u>Compare</u> FAC ¶ 20 (alleging infringement by "infringing products" and "other products"), ¶ 40 (same), ¶ 72 (same), ¶ 92 (same), <u>with</u> SAC ¶ 20 (alleging infringement by "integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground pins and two or more switching node pins"), ¶ 40 (alleging infringement by "master controller products"), ¶ 72 (same), ¶ 92 (alleging infringement by "integrated power stage products").)[2]

Volterra's reliance on the Court's citation to <u>Wistron Corp. v. Phillip M. Adams & Associates, LLC</u>, No. 10-4458, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) likewise is unavailing. In <u>Wistron</u>, the plaintiffs had alleged infringement by "computer chips, motherboards, computers and other products." <u>See</u> <u>id.</u> at *1. To the extent <u>Wistron</u> held such use of "other products" was insufficient to identify a separate category of infringing products, this Court agreed. (<u>See</u> Sept. 10 order at 4:21-5:2.)[3] Similarly unavailing is Volterra's reliance on cases decided prior to the Federal Circuit's holding in <u>Bill of Lading</u>. <u>See</u>, e.g., <u>PageMelding, Inc. v. ESPN, Inc.</u>, No. 11-06263, 2012 WL 851574 (N.D. Cal. Mar. 13, 2012) (interpreting <u>Iqbal</u> as contrary to proposition that "compliance with Form 18 was sufficient to withstand a motion to dismiss for failure to state a claim"); <u>see</u> <u>Bill of</u>

---

[2] To the extent Volterra suggests Infineon's inclusion of the phrase "without limitation" in the SAC is the equivalent of its inclusion of the phrase "other products" in the FAC, Volterra ignores the context in which the two phrases are used, the former constituting an inadequate description of a free-standing category of infringing products and the latter merely part of an enhanced description of an adequately described category.

[3] To the extent <u>Wistron</u> can be read to hold <u>Twombly</u> and <u>Iqbal</u> require a level of specificity beyond a general category of infringing products, such ruling is inconsistent with <u>Bill of Lading</u> and was not considered by the Court in connection with its prior order.

4

1  Lading, 681 F.3d at 1334 (holding whether complaint "adequately plead[s] direct
2  infringement is to be measured by the specificity required by Form 18").
3        Insofar as Volterra relies on cases decided after Bill of Lading, such cases are
4  distinguishable on their facts. See Prism Technologies, LLC v. AT&T Mobility, LLC, No. 12-
5  122, 2012 WL 3867971 at *5 (D. Neb. Sept. 6, 2012) (distinguishing Bill of Lading where
6  plaintiff identified only "various wireless products"; holding "the term 'wireless products' is
7  considerably more generic than the term 'electric motor' as identified in Form 18"); PB & J
8  Software, LLC v. Acronis, Inc., No. 12-690, 2012 WL 4372523 at *3-4 (E.D. Mo. Sept. 25,
9  2012) (noting plaintiff "ha[d] not actually followed Form 18" where complaint alleged
10 infringement by services and software "implementing . . . 'seed backup'" but failed to show
11 such language denoted identifiable category of infringing products).
12       Nor is the Court persuaded by Volterra's assertion it lacks adequate notice because
13 the identified general categories of products "constitute virtually every one of the more than
14 100 different products Volterra has developed." (See Reply at 6:26-28); see, e.g., Bender
15 v. Broadcam Corp., No. 09-1147, 2009 WL 3571286 at *4 (N.D. Cal. Oct. 30, 2009) (finding
16 no deficiency in complaint alleging infringement by what amounted to "most or all of
17 defendant's products"; rejecting defendant's argument that it lacked meaningful notice and
18 further pointing out "the scope of the action" would likely "become more focused with the
19 filing of infringement contentions"); see also Microsoft Corp. v. Phoenix Solutions, Inc., 741
20 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) (holding "party alleging direct infringement need
21 only comply with Form 18"; additionally noting "this Court requires the prompt filing of
22 infringement contentions, which put the party accused of infringement on detailed notice of
23 the basis for the allegations against it"); Patent L.R. 3-1 (requiring party claiming patent
24 infringement to serve on all parties infringement contentions, including, inter alia,
25 identification of "each accused apparatus, product, device, process, method, act, or other
26 instrumentality," which shall be "as specific as possible").
27       In sum, the SAC adequately pleads the claims alleged therein.
28 //

**CONCLUSION**

For the reasons stated above, Volterra's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2012

MAXINE M. CHESNEY
United States District Judge