UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, | No. C 11-6239 MMC (DMR) |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| VOLTERRA SEMICONDUCTOR CORPORATION, | |
| Defendant(s). | |

Before the court is Defendant Volterra Semiconductor Corporation's motion to prohibit Plaintiff Infineon Technologies AG from accusing any of Defendant's products not explicitly referenced by product number in Plaintiff's Amended Infringement Contentions ("AICs").[1] For the reasons provided below, the court denies Defendant's motion. The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

**I. Background and Procedural History**

Plaintiff filed this patent infringement suit on January 21, 2010 and amended its complaint

---

[1] Defendant initially raised this argument in its Second Motion to Strike, [Docket No. 111], for which the court issued a ruling on October 3, 2012, [Docket No. 132]. As explained below, the court found the present dispute moot. [Docket No. 132 at 2 n.2.] However, on November 8, 2012, the Hon. Maxine M. Chesney sustained Plaintiff's objection on this finding and remanded the issue back to the undersigned for consideration. [Docket No. 150 at 2.]

on May 18, 2012. [Docket Nos. 1, 86.] On June 4, 2012, Plaintiff served Infringement Contentions on Defendant. [Docket No. 96 at 1.] Defendant moved to strike Plaintiff's Infringement Contentions and stay discovery on July 6, 2012. [Docket No. 96.] Three days later, Plaintiff filed a motion to strike Defendant's motion to strike, along with a motion to shorten time to hear its motion. [Docket Nos. 98, 99.] The Hon. Maxine M. Chesney referred these motions to the undersigned on July 11, 2012. [Docket No. 101.] The court denied Defendant's motion without prejudice and Plaintiff's motions as moot on July 16, 2012, and ordered the parties to meet and confer in the courthouse to resolve their infringement contention disputes. [Docket No. 103.] The court also ordered Plaintiff to serve revised infringement contentions by August 6, 2012 and granted Defendant until August 13, 2012 to challenge the revised version. [Docket No. 103.]

After Plaintiff served its Amended Infringement Contentions, Defendant renewed its motion to strike. [Docket No. 107.] Defendant presented four arguments: (1) that the AICs did not sufficiently specify which of Defendant's products, in addition to the fifteen that it named in the AICs, allegedly infringe on Plaintiff's patents; (2) that the AICs impermissibly contained a single claim chart ("the Chart") -- for Defendant's VT1195SFQ product -- to represent fifteen allegedly infringing products; (3) that the Chart "remain[ed] entirely vague and unclear with respect to what specifically it is in the structure of the VT1195SFQ that [Plaintiff] claims meets critical claim elements"; and (4) that the AICs did not provide "the specifics" with respect to the doctrine of equivalents. (Mot. Strike 1-2 (emphasis removed).) Defendant also requested that the court stay discovery, including Defendant's deadline for submitting invalidity contentions, until Plaintiff produces infringement contentions that comply with the Court rules. (Mot. Strike 3.)

During the pendency of the motion, Judge Chesney issued an order granting in part and denying in part Defendant's motion to dismiss. [Docket No. 125.] On September 26, 2012, the day before the first hearing on this dispute, Plaintiff filed its Second Amended Complaint, which asserts ten causes of action. Of relevance here, Plaintiff alleges that, in violation of 35 U.S.C. § 271(a), Defendant has directly infringed U.S. Patent No. 5,945,730 ("the '730 patent")

> by making, using, importing, offering to sell, and/or selling in the United States integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground pins and two or more switching node pins, including without limitation, the

VT237WFQ, VT238AWFQ, VT239WFQ, VT271SFQ, VT1156SFQ, VT1157SFQ, VT1165SFQ, VT1175SFQ, VT1185SFQ, VT1188SFQ, VT1189SFQ, VT1195SFQ, VT1195-001SFQ, VT1196SFQ, and VT1198SFQ [products].

(2d Am. Compl. ¶ 20.)

On October 3, 2012, the undersigned granted in part and denied in part Defendant's motion. The court deemed Defendant's first argument moot "[b]ecause Plaintiff's [Second Amended Complaint] now specifies that the same fifteen products mentioned in Plaintiff's AICs, *and no others*, (compare 2d Am. Compl. ¶ 20, with Morando Decl. Ex. C. at 2, Aug. 13, 2012), directly infringe upon the '730 patent." [Docket No. 132 at 2 n.2 (emphasis added).] The court also found that "Plaintiff's claim chart, which identifies the limitations for Claims 1-8 of the '730 patent in the VT1195SFQ, does not comply with Patent Local Rule 3-1(c). In particular, the portions of the Chart that elucidate the alleged infringement of Claim 1 do not achieve the specificity mandated by the Rule." [Docket No. 132 at 4 (footnote omitted).] Because the Chart for the VT1195SFQ was not in accordance with law, the court did not reach the issue of whether the Chart also was representative of the fourteen other products recently identified in the Second Amended Complaint. [Docket No. 132 at 4 n.6.] The court also held that the AICs were deficient to the extent that the remaining disputed claims were dependent upon Claim 1. [Docket No. 132 at 4 n.6.] The court then affirmed the propriety of Plaintiff's doctrine of equivalents contentions and, finally, stayed discovery from Defendant, "including service of invalidity contentions, until 30 days after Plaintiff serves its revised Infringement Contentions or the court resolves any related motions, whichever is later." [Docket No. 132 at 7-8.] The court ordered Plaintiff to serve Second Amended Infringement Contentions by November 2, 2012. [Docket No. 132 at 9.]

Defendant appealed this court's October 3, 2012 order to Judge Chesney on October 12, 2012. [Docket No. 137.] Defendant argued the court erroneously found moot Plaintiff's contention that the AICs did not sufficiently specify which of Defendant's products, in addition to the fifteen named in the AICs, allegedly infringe on Plaintiff's patents. [Docket No. 137 at 1-3.] It also averred that the court erred by holding that a patentee is not permitted to set forth alternative theories of literal infringement in its infringement contentions. [Docket No. 137 at 3-5.] On November 8, 2012, Judge Chesney overruled Plaintiff's objection in the latter argument, but partially sustained its

3

objection in the former. [Docket No. 150.] She held that "the allegations of infringement as set forth in the Second Amended Complaint . . . encompass products beyond those specifically identified therein." [Docket No. 150 at 2.] Consequently, she referred the question at bar – whether "the AICs fail to comply with the specificity requirements of Patent Local Rule 3-1(b)" – to the undersigned for consideration in the first instance.[2] [Docket No. 150 at 2.]

**II. The Amended Infringement Contentions' Compliance with Patent Local Rule 3-1(b)**

**A. Applicable Law**

The Patent Local Rules place the burden of "specifically identifying all accused devices" on the plaintiff. *Oracle Am., Inc. v. Google, Inc.*, No. 10-3561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011); *accord Bender v. Freescale Semiconductor, Inc.*, No. 09-1156 PHJ (MEJ), 2010 WL 1689465, at *2 (N.D. Cal. Apr. 26, 2010) (citations omitted). Specifically, Rule 3-1(b) requires a plaintiff's infringement contentions to contain, "[s]eparately for each asserted claim, each accused apparatus, product, device . . . or other instrumentality ("Accused Instrumentality") of each opposing party *of which the party is aware*. This identification shall be as specific *as possible*. Each product, device, and apparatus shall be identified by name or model number, *if known*." N.D. Cal. Patent L.R. 3-1(b) (emphasis added). This rule generally "require[s] specific identification of particular accused products." *Oracle Am., Inc.*, 2011 WL 4479305, at *2 (emphasis removed). It does "not tolerate broad categorical identifications" or "the use of mere representative examples." *Id.* Rather, "a full list of accused products must be disclosed as part of a party's infringement contentions" if they are known to the plaintiff. *Id.*

The Rule permits narrow exceptions to this specific identification requirement, *inter alia*, if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery. *See Kelora Sys., LLC v. Target Corp.*, No. 11-1548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011); *Oracle*

---

[2] Because Defendant did not contest the court's finding moot the issue of whether the Chart also was representative of the fourteen other products identified in the Second Amended Complaint, this issue is not currently before the court. Nevertheless, the court reiterates that it did not reach the issue of whether the Chart also is representative of the fourteen other products identified in the Second Amended Complaint because the court found Plaintiff's claim chart for the VT1195SFQ not in accordance with law. Thus, there was no viable claim chart for the court to analyze.

4

*Am., Inc.*, 2011 WL 4479305, at *2 (citing N.D. Cal. Patent L.R. 3-1(b)). In such circumstances, the plaintiff nevertheless must "articulate how the [unknown] accused products share the same, or substantially the same, infringing [structure]" with a named product. *See Bender*, 2010 WL 1689465, at *3 (citations omitted).

### B. Discussion

Plaintiff's AICs allege that the following infringe the '730 patent:

> The Accused Products are Volterra's integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground pins and two or more switching node pins. *These include* [the] VT237WFQ, VT238AWFQ, VT239WFQ, VT271SFQ, VT1156SFQ, VT1157SFQ, VT1165SFQ, VT1175SFQ, VT1185SFQ, VT1188SFQ, VT1189SFQ, VT1195SFQ, VT1195-001SFQ, VT1196SFQ, and VT1198SFQ [products].

(Morando Decl. Ex. C at 2 (emphasis added).) These allegations conform with Patent Local Rule 3-2. Plaintiff first identifies the allegedly infringing products with a narrow categorical definition which articulates how all accused products share the same allegedly infringing structure: "Volterra's integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground pins and two or more switching node pins." Plaintiff then specifically identifies the model numbers of Defendant's products which it believes to infringe on the '730 patent though use of that structure. Plaintiff's use of "[t]hese include" does not grant Plaintiff carte blanche to accuse other Volterra products of infringement at will in the future. In this context, the phrase indicates that Plaintiff believes there are infringing Volterra products that infringe its patent in the same way, but cannot yet identify them. [*See* Docket No. 161 at 3, 4 n.2.] In keeping with this purpose, if Plaintiff later wishes to amend its infringement contentions to specifically name other Volterra "integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground pins and two or more switching node pins," Plaintiff will need to demonstrate that it could have not discovered the newly named products absent discovery when it served its initial infringement contentions. *See Kelora Sys., LLC*, 2011 WL 5444419, at *2; *Oracle Am., Inc.*, 2011 WL 4479305, at *2; *see also* N.D. Cal. Patent L.R. 3-6 (permitting amendment of contentions only with showing of good cause).

### III. Conclusion

5

1  Because Plaintiff's Amended Infringement Contentions comply with the specificity
2 requirements of Patent Local Rule 3-1(b), the court denies Defendant's motion to strike.  However,
3 if at a future date Plaintiff seeks to amend its infringement contentions to include other Volterra
4 products other than the fifteen already specified, Plaintiff will need to show that it could not have
5 discovered those models when it served its initial infringement contentions absent discovery.

IT IS SO ORDERED.

Dated:  December 11, 2012



_____
DONNA M. RYU
United States Magistrate Judge