DAVID G. WILLE (*Pro Hac Vice*) (TX Bar No. 08945388)
JEFFERY D. BAXTER (*Pro Hac Vice*) (TX Bar No. 24006816)
AARON DAVIDSON (*Pro Hac Vice*) (TX Bar No. 24007080)
SAMIR A. BHAVSAR (*Pro Hac Vice*) (TX Bar No. 00798065)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile:  (214) 953-6503
E-mail: david.wille@bakerbotts.com
E-mail: jeff.baxter@bakerbotts.com
E-mail: aaron.davidson@bakerbotts.com
E-mail: samir.bhavsar@bakerbotts.com

STEPHEN E. TAYLOR (SBN 058452)
JONATHAN A. PATCHEN (SBN 237346)
CHRISTOPHER A. WIMMER (SBN 263275)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile:  (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com
E-mail: cwimmer@tcolaw.com

Attorneys for Plaintiff
INFINEON TECHNOLOGIES AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, a German corporation,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendant. | Case No. CV-11-06239 (MMC) (DMR)<br><br>**PLAINTIFF INFINEON'S MOTION TO DISMISS VOLTERRA'S COUNTERCLAIMS AND STRIKE VOLTERRA'S AFFIRMATIVE DEFENSES**<br><br>Date:　　February 8, 2013<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 7, 19th Floor<br>Judge:　　Honorable Maxine M. Chesney |

**TABLE OF CONTENTS**

NOTICE OF MOTION ..................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

INTRODUCTION .........................................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ............................................................................2

  A. Whether all of Volterra's counterclaims should be dismissed for failure to state a claim upon which relief may be granted. ......................................................2

  B. Whether all of Volterra's affirmative defenses should be stricken for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). ...................................................................................................................2

  C. Whether Volterra's Seventh and Ninth Affirmative Defenses should be stricken for failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b). ......................................................................................2

  D. Whether Volterra's First and Fourth Affirmative Defenses should be stricken for failure to plead matter extraneous to Infineon's prima facie case. .........................................................................................................................2

STATEMENT OF LAW ................................................................................................................2

ARGUMENT .................................................................................................................................4

II. Volterra's Counterclaims Are Entirely Conclusory and Should Be Dismissed ..................4

  A. Volterra Provides Absolutely No Information About the Bases of Its Invalidity Counterclaims ................................................................................4

  B. Volterra's Noninfringement Counterclaims Are Likewise Devoid of Factual Content ..............................................................................................6

III. Volterra's Laundry List of Affirmative Defenses Fail as a Matter of Law and Should Be Stricken ..........................................................................................................7

  A. Volterra Merely Pleads Legal Doctrines Without Supporting Factual Allegations ......................................................................................................7

  B. Volterra's Defenses of Equitable Estoppel and Unclean Hands Have Not Been Pled with Particularity .......................................................................10

  C. Volterra's First and Fourth Affirmative Defenses Are Not Affirmative Defenses at All .............................................................................................11

CONCLUSION ............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adler v. Federal Republic of Nigeria*,
    219 F.3d 869 (9th Cir. 2000) ...................................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................3, 5, 6, 7, 8

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
    605 F.3d 1305 (Fed. Cir. 2010) ...............................................................................................10

*Barnes & Noble, Inc. v. LSI Corp.*,
    849 F. Supp. 2d 925 (N.D. Cal. 2012) .....................................................................................10

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal 2010) ..................................................................... 4, 9, 11, 12

*Bayer CropScience AG v. Dow AgroSciences LLC*,
    No. 10-CV-1045, 2011 WL 6934557 (D. Del. Dec. 30, 2011) ................................................10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................................3, 9

*Cleversafe, Inc. v. Amplidata, Inc.*,
    No. 11-CV-4890, 2011 WL 6379300 (N.D. Ill. Dec. 20, 2011) ................................................5

*Conley v. Gibson*,
    355 U.S. 41 (1957) ......................................................................................................................3

*CTF Development, Inc. v. Penta Hospitality*,
    LLC, No. 09-CV-2429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .....................................8

*Davison Design & Development Inc. v. Riley*,
    No. 11-CV-2970, 2012 WL 4051189 (N.D. Cal. Sept. 13, 2012) .............................................4

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) .........................4

*Groupon Inc. v. MobGob LLC*,
    No. 10-CV-7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011) .............................................5, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ..................................................................................................6

*J & J Sports Prods., Inc. v. Nguyen*,
    No. 11-CV-5433, 2012 WL 1030067 (N.D. Cal. Mar. 22, 2012) ............................................11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 10

*Mittelstaedt v. Gamla-Cedron Orleans LLC*,
    No. 12-CV-5131, 2012 WL 6188548 (N.D. Ill. Dec. 21, 2012) ............................................... 11

*Pagemelding, Inc. v. ESPN, Inc.*,
    No. 11-CV-6263, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ...................................... 2, 3, 5

*PB Farradyne, Inc. v. Peterson*,
    No. 05-CV-3447, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006) .................................................. 5

*Perez v. Gordon & Wong Law Group, P.C.*,
    No. 11-CV-3323, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ....................................... 9, 11

*Powertech Tech., Inc. v. Tessera, Inc.*,
    No. 10-CV-945, 2012 WL 1746848 (N.D. Cal. May 16, 2012) ........................................ 3, 11

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ........................................................................... 3, 5, 8

*Sorensen v. Spectrum Brands, Inc.*,
    No. 09-CV-58, 2009 WL 5199461 (S.D. Cal. Dec. 23, 2009) ............................................. 5, 8

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................... 10

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ................................................................................................... 3

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
    No. 11-CV-671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ............................................... 7

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................................................... 12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ............................................................................... 2, 10, 11

Federal Rule of Civil Procedure Rule 8 .................................................................................. 2, 3

Federal Rule of Civil Procedure Rule 12 ................................................................................ 2, 4

# NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that, on February 8, 2013, at 9 a.m., or as soon thereafter as counsel may be heard, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 7, 19th Floor, San Francisco, California, Plaintiff Infineon Technologies AG ("Infineon") will move the Honorable Maxine M. Chesney to dismiss the counterclaims and strike the affirmative defenses contained in Defendant Volterra Semiconductor Corporation's ("Volterra") Answer to Infineon Technologies AG's Second Amended Complaint, and Counterclaims (ECF No. 163) (the "Motion").

# REQUESTED RELIEF

The Motion seeks an order dismissing the counterclaims and striking the affirmative defenses in Volterra's Answer.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Infineon filed its original complaint in this action nearly three years ago, on January 21, 2010. (Dkt. No. 1.) Since then, Volterra has gone to great lengths to avoid filing its answer. Volterra has filed no less than four different motions to dismiss in this case, three of them based on the sufficiency of the pleadings. (Dkt. Nos. 11, 19, 90, 136.) In response to Volterra's criticisms, Infineon amended its complaint to include numerous detailed factual allegations supporting its claims of direct, induced, and contributory infringement. (FAC, Dkt No. 86.) Unsatisfied, Volterra filed yet another motion attacking Infineon's pleading as vague and conclusory. (Dkt. No. 90.) This Court disagreed, finding the First Amended Complaint sufficient in all respects except for its reference to "other products." (Dkt. No. 125.) Consistent with the Court's order, Infineon amended its complaint to identify a category of infringing products. (SAC, Dkt. No. 130.) Volterra responded with yet another motion to dismiss, once again challenging the sufficiency of Infineon's identification of the infringing products. (Dkt. No. 136.) This Court rejected Volterra's arguments and denied that motion. (Dkt. No. 161.)

On December 13, 2012, Volterra ultimately filed its answer, which asserts four counterclaims and ten affirmative defenses in a span of less than seven pages—each consisting

almost entirely of boilerplate recitations and bare legal conclusions. (Answer, Dkt. No. 163, at 34-40.) In drafting this skeletal pleading, Volterra seems to have completely forgotten about the pleading standards it so adamantly sought to enforce against Infineon through its numerous motions to dismiss. In contrast to the many specific factual allegations in Infineon's complaint—allegations which Volterra challenged as insufficient—Volterra's counterclaims and affirmative defenses contain almost no factual allegations at all. Thus, Infineon can only speculate as to the legal and factual bases for the various counterclaims and affirmative defenses Volterra asserts. Volterra's conclusory pleading does not comply with the Federal Rules. Indeed, without any factual allegations, Volterra has wholly failed to demonstrate that it "is entitled to relief," as required by Rule 8(a)(2). Accordingly, the Court should dismiss Volterra's counterclaims and strike Volterra's affirmative defenses.

**STATEMENT OF ISSUES TO BE DECIDED**

A. Whether all of Volterra's counterclaims should be dismissed for failure to state a claim upon which relief may be granted.

B. Whether all of Volterra's affirmative defenses should be stricken for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

C. Whether Volterra's Seventh and Ninth Affirmative Defenses should be stricken for failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).

D. Whether Volterra's First and Fourth Affirmative Defenses should be stricken for failure to plead matter extraneous to Infineon's prima facie case.

**STATEMENT OF LAW**

Under Rule 12(b)(6), a court may dismiss "a claim for relief in any pleading" for "failure to state a claim upon which relief can be granted." "A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Pagemelding, Inc. v. ESPN, Inc.*, No. 11-CV-6263, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012). A pleading – including a counterclaim – must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Counterclaims must be pled with sufficient specificity to provide "fair notice of what the claim is

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted). To survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a court deciding a motion to dismiss must assume the truth of all facts alleged, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. To meet a claimant's obligation under Rule 8(a)(2), mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 555). "[N]aked assertions devoid of further factual enhancement" are likewise insufficient. *Id.* (internal quotation marks and alterations omitted).

"Affirmative defenses are governed by the same pleading standards as claims." *Pagemelding*, 2012 WL 3877686, at *3. The Ninth Circuit has long held that the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In doing so, the Ninth Circuit pointed to *Conley v. Gibson*, 355 U.S. 41 (1957), which at the time governed the sufficiency of pleading for claims. In *Twombly*, the Supreme Court retired the *Conley* standard and clarified that the pleading standard under Rule 8 includes a plausibility requirement. *See Twombly*, 550 U.S. at 562-63. As a result, courts in the Ninth Circuit have applied the standards announced in *Twombly* and *Iqbal* when evaluating affirmative defenses. *See, e.g., Powertech Tech., Inc. v. Tessera, Inc.*, No. 10-CV-945, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) ("Within the Northern District of California, it appears that the judges who have decided the issue thus far have uniformly found that the *Twombly* and *Iqbal* standard does apply to affirmative defenses."). Moreover, even before *Twombly* was decided, courts routinely rejected conclusory, boilerplate laundry lists of affirmative defenses as failing to provide fair notice. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (granting motion to strike affirmative defenses of waiver, estoppel, and unclean hands where pleading "simply refers to the doctrines" but "does not provide any factual basis" for these defenses). Applying the *Iqbal* standard to weed out conclusory defenses "serves a valid purpose

in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal 2010).

An affirmative defense that fails to meet this standard may be stricken under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Davison Design & Development Inc. v. Riley*, No. 11-CV-2970, 2012 WL 4051189, at *1 (N.D. Cal. Sept. 13, 2012). Striking insufficient defenses allows the parties "to avoid the expenditure of time and money that must arise from litigating spurious issues." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

## ARGUMENT

**II.    Volterra's Counterclaims Are Entirely Conclusory and Should Be Dismissed**

    **A.    Volterra Provides Absolutely No Information About the Bases of Its Invalidity Counterclaims**

In its Answer, Volterra asserts a counterclaim requesting a declaratory judgment of invalidity as to each of the four patents-in-suit: "Volterra requests a declaration from the Court that each claim of the '730 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112." (Ans. ¶ 133.) Volterra makes an identical and equally conclusory allegation regarding each of the other three asserted patents. (*Id.* ¶¶ 140, 147, 154.)

Beyond the mere legal conclusion that each patent is invalid, Volterra offers absolutely no explanation of the basis of its counterclaim. Even what little information is provided—Volterra's half-hearted attempt to specify the legal basis of its conclusory claims—is no more than boilerplate. Volterra first points vaguely to the entirety of federal patent law, and then gives a handful of non-exhaustive examples of potentially applicable statutory provisions. "[S]imply

pleading the statute to allege patent invalidity [is] 'radically insufficient.'" *PB Farradyne, Inc. v. Peterson*, No. 05-CV-3447, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (quoting *Qarbon.com*, 315 F. Supp. 2d at 1050-51). Moreover, even if Infineon were somehow able to guess which "one or more" of these provisions Volterra believes invalidate each of the four asserted patents, Infineon could still only speculate as to the basis for Volterra's invalidity claims. Volterra provides no facts that would plausibly suggest invalidity under any of these provisions. In short, Volterra's bald assertion of invalidity "does not articulate the claimed invalidity, identify which, if any, of the statutory provisions apply, or provide any factual support to make the counterclaims plausible." *See Cleversafe, Inc. v. Amplidata, Inc.*, No. 11-CV-4890, 2011 WL 6379300, at *1 (N.D. Ill. Dec. 20, 2011).

When faced with boilerplate allegations that track Volterra's conclusory allegations almost verbatim, numerous courts have granted motions to dismiss invalidity counterclaims. *See, e.g.*, *Pagemelding*, 2012 WL 3877686, at *3 (dismissing counterclaim alleging that "[o]ne or more claims of the [asserted] patent are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112"); *Qarbon.com*, 315 F.Supp.2d at 1050-51 (dismissing invalidity counterclaim that merely "[pled] the citation" by alleging that the patent-in-suit was "invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112 . . .", and finding that it was "radically insufficient" because it failed to give "fair notice" to the plaintiff); *Sorensen v. Spectrum Brands, Inc.*, No. 09-CV-58, 2009 WL 5199461, at *1 (S.D. Cal. Dec. 23, 2009) ("This threadbare statement is precisely the type of allegation that is insufficient to state a claim under the *Iqbal* standard."); *Groupon Inc. v. MobGob LLC*, No. 10-CV-7456, 2011 WL 2111986, at *4-5 (N.D. Ill. May 25, 2011) (dismissing invalidity counterclaim where, "rather than providing Groupon with notice of the basis for its claims, [the accused infringer] simply cites a whole series of statutory provisions that address a number of topics"). This Court should likewise dismiss Volterra's invalidity counterclaims. Despite the requirement that it have a reasonable basis to assert these counterclaims, Volterra failed to plead even the most basic information about its invalidity

theories. Volterra's invalidity counterclaims, which offer no more than threadbare legal conclusions, fail as a matter of law and should be dismissed. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

### B. Volterra's Noninfringement Counterclaims Are Likewise Devoid of Factual Content

For each patent, Volterra "requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the [particular] patent, directly or indirectly, and either literally or by application of the doctrine of equivalents." (Ans. ¶¶ 132, 139, 146, 153.) Volterra does not offer any factual allegations to back up this bare assertion of a legal conclusion, however, which is repeated for each of the four asserted patents. This amounts to nothing more than a "naked assertion[] devoid of further factual enhancement," which cannot sustain Volterra's claims.[1] *Iqbal*, 556 U.S. at 678 (internal quotation marks and alterations omitted). No information is provided that would plausibly suggest that Volterra is not directly infringing the asserted patents, much less that Volterra is not indirectly infringing the asserted patents. Certainly, Volterra has not provided the "how and why" analysis that it insisted upon in its motion to dismiss Infineon's complaint. (*See* Dkt. No. 90, at 6 ("To state a claim for patent infringement that is plausible on its face and provides fair notice to the defendant, a complaint must at least identify the specific products at issue and give some explanation of the how and why of the alleged infringement.").)

Worse still, Volterra provides no information about the identity of the products for which it seeks a declaratory judgment of noninfringement. Volterra frames the controversy as "whether

---

[1] The sample complaint for direct patent infringement in Form 18 does not affect the pleading standard for declaratory judgments of noninfringement. In *Bill of Lading*, the Federal Circuit held that the "Forms are controlling only for causes of action for which there are sample pleadings." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Form 18 should be "strictly construed as measuring only the sufficiency of allegations of direct infringement." *Id.* Moreover, even if Form 18 applied, Volterra's claims would still be deficient because Volterra fails to identify even a category of products for which it seeks a declaratory judgment of noninfringement, as explained below. (*See* Order, Dkt. No. 125 at 4:9-10 (noting that Form 18 identifies "a general category of infringing products, 'electric motors'")).

any of Volterra's **acts, products or services** infringe." (Ans. ¶¶ 131, 138, 145, 152.) Volterra has spent months complaining about Infineon's identification of a category of infringing products, arguing that Infineon should be limited to accusing only the products identified by model number. (*See, e.g.*, Dkt. No. 145, at 5 n.4 ("Infineon's accusations in its SAC that Volterra has infringed four patents by using a general broad description of product characteristics that could implicate well over 100 Volterra products dating back over 15 years to the inception of the company is plainly insufficient."); *id.* at 3 (arguing that "Infineon was required to specifically name any Volterra product it is accusing of infringement in the complaint and that referring to other, unidentified products is impermissible.").) Yet, Volterra not only fails to identify a single product in its counterclaims, it also fails to even identify a category of products.

Courts in this district have required that noninfringement declaratory judgment claims "must specify the products or conduct alleged not to infringe." *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-CV-671, 2011 WL 3206686, at *6, (N.D. Cal. July 27, 2011) "Without this level of specificity, there is no way to adjudicate" a non-infringement claim. *Id.* Volterra's invocation of "acts, products or services" is plainly intended to sweep more broadly than the specific identification of products provided in Infineon's complaint, but provides no guidance whatsoever as to its scope. Thus, Infineon does not know which acts, products, or services are at issue in Volterra's counterclaims.

Volterra makes no attempt to identify the products at issue and alleges no facts to make its assertions of noninfringement plausible. As such, Volterra's noninfringement counterclaims amount to nothing more than "labels and conclusions," and should be dismissed. *See Iqbal*, 556 U.S. at 678.

**III.   Volterra's Laundry List of Affirmative Defenses Fail as a Matter of Law and Should Be Stricken**

  **A.   Volterra Merely Pleads Legal Doctrines Without Supporting Factual Allegations**

Over the course of about a page and a half in its Answer, Volterra asserts ten affirmative defenses—nine of which consist of a single sentence, and all of which consist of bare legal conclusions. For example, the entirety of Volterra's sixth affirmative defense reads "Plaintiff's

PLAINTIFF INFINEON'S MOTION TO DISMISS
VOLTERRA'S COUNTERCLAIMS AND STRIKE
VOLTERRA'S AFFIRMATIVE DEFENSES
7
Case No.: CV-11-06239 (MMC) (DMR)

claims are barred in whole or in part by the doctrine of laches." (Ans. 35.) The seventh, eighth, and ninth affirmative defenses simply replace "laches" with "unclean hands," waiver," and "equitable estoppel," respectively. (*Id.*) In each case, Volterra does no more than mention the name of a legal doctrine and assert in conclusory fashion that the doctrine applies without pleading any facts to make the assertion plausible.[2] Volterra does not mention the elements of these defenses, much less plead facts that would address those elements.

Courts in this district have rejected Volterra's doctrine-pleading method: "[S]imply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" *CTF Development, Inc. v. Penta Hospitality*, LLC, No. 09-CV-2429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009). Indeed, this method of pleading does not comport with even the pre-*Twombly* "fair notice" standard. "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com*, 315 F. Supp. 2d at 1049.

Volterra's noninfringement and invalidity affirmative defenses contain no more specific information than the conclusory counterclaims discussed above. The first affirmative defense asserts without elaboration that "Volterra's making, use or sale of its products" does not infringe any claim of any of the asserted patents, either directly or indirectly. Like Volterra's deficient noninfringement counterclaims, this defense is nothing more than a naked assertion of a legal conclusion. *See Iqbal*, 556 U.S. at 678. Likewise, Volterra's second affirmative defense mirrors its threadbare invalidity counterclaim: "One or more claims of [the asserted patents] are invalid or unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112." (Ans. 34.) A bare reference to a handful of statutory provisions does not give meaningful notice of the legal or factual basis of Volterra's allegations of invalidity. *See CTF Development*, 2009 WL 3517617, at *7 ("[S]imply stating that the trademark is 'invalid' is not sufficient to notify the plaintiff *why* the trademark is allegedly invalid."); *Sorenson v.*

---

[2] In the case of the ninth affirmative defense, Volterra does not even specify whether it is equitable estoppel that applies or some other unnamed equitable doctrine. (*See* Ans. 35 (invoking "equitable estoppel, and/*or other applicable equitable defenses*" (emphasis added)).)

*Spectrum Brands, Inc.*, No. 09-CV-58, 2009 WL 5199461, at *1 (C.D. Cal. Dec. 23, 2009) ("Sections 101, 102, 103, and 112 provide several grounds for finding a patent invalid, and Defendant has failed to give Plaintiff fair notice of the basis of its affirmative defense."); *Groupon*, 2011 WL 2111986, at *4 (striking invalidity affirmative defense that "simply cites a whole series of statutory provisions").

Volterra's other affirmative defenses are similarly devoid of factual allegations. Volterra's third affirmative defense alleges that Infineon's damages are "limited or barred under 35 U.S.C. §§ 286 and 287," but offers no explanation or factual allegation to make the defense plausible. (Ans. 35.) The fourth defense consists solely of the legal conclusion that Infineon is not entitled to an award of attorney fees. The fifth defense claims that prosecution history estoppel applies to "one or more" of the four asserted patents, without identifying anything in the prosecution history of any of the four patents. The tenth affirmative defense states, in a confusing series of "and/or" phrases that "sales and/or use of one or more of the accused products and devices herein have been licensed or otherwise authorized by Plaintiff and/or its predecessors in interest, and/or Plaintiff and/or its predecessors in interest have released or exhausted their claims relative to one or more of the accused products pursuant to agreements with other parties." This generic allegation provides no real factual content; not one specific sale, use, license, or agreement is identified. Rather, Volterra improperly pleads the elements of a defense in the guise of factual allegations. *See Twombly*, 550 U.S. at 555 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation).

Volterra's "listing of affirmative defenses consists of just that." *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-3323, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012) (striking affirmative defenses pled in conclusory terms). Each of Volterra's ten affirmative defenses "recites a legal conclusion but fails to 'point to the existence of some identifiable fact that if applicable to Plaintiff would make the affirmative defense plausible on its face.'" *Id.* (quoting *Barnes*, 718 F. Supp. 2d at 1172). Absent some articulated "valid factual basis for pleading an affirmative defense," Volterra should not be permitted to add it to the case "simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172.

Accordingly, all of Volterra's affirmative defenses are insufficiently pled and should be stricken.

  **B. Volterra's Defenses of Equitable Estoppel and Unclean Hands Have Not Been Pled with Particularity**

When a pleading alleges fraudulent conduct, Rule 9(b) requires that it "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Rule is triggered by claims that are "grounded in fraud" or "sound in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Fraud can be averred "by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Where Rule 9(b) applies, the pleading standard is extremely stringent. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess*, 317 F.3d at 1106). Indeed, the pleading must "set forth *more* than the neutral facts necessary to identify the transaction." *Id.*

  Volterra's equitable estoppel defense is subject to Rule 9(b)'s particularity requirement. Reliance on misleading conduct is a core element of equitable estoppel. As the Federal Circuit has explained, in the context of patent infringement it requires "(1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010). For this reason, district courts have concluded that equitable estoppel must be pled with particularity under Rule 9(b). *See, e.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 940-41 (N.D. Cal. 2012); *Bayer CropScience AG v. Dow AgroSciences LLC,* No. 10-CV-1045, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011). Because Volterra has made no factual allegations whatsoever in support of its equitable estoppel defense, Volterra necessarily fails to identify the allegedly misleading conduct by Infineon with the specificity demanded by Rule 9(b).

  Volterra's unclean hands defense may also be subject to Rule 9(b). Under the doctrine of unclean hands, "plaintiffs seeking equitable relief must have acted fairly and without fraud or

deceit as to the controversy in issue." *Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000). As with all of Volterra's affirmative defenses, Volterra has not alleged the factual basis for its unclean hands defense. If, however, Volterra "bases this defense on conduct involving fraud or mistake, it must also satisfy Rule 9(b)." *Powertech*, 2012 WL 1746848, at *5; *see also Mittelstaedt v. Gamla-Cedron Orleans LLC*, No. 12-CV-5131, 2012 WL 6188548, at *4 (N.D. Ill. Dec. 21, 2012) ("If an unclean hands defense is predicated on allegations of fraud, the affirmative defense must be alleged with the particularity required by Federal Rule of Civil Procedure 9(b).").

For each of these defenses, Volterra has done nothing more than mention the name of the doctrine. These threadbare allegations certainly do not provide the particularity that Rule 9(b) requires, providing another reason to strike these defenses.

### C. Volterra's First and Fourth Affirmative Defenses Are Not Affirmative Defenses at All

Volterra's noninfringement and "no attorney fees" affirmative defenses should be stricken for the additional reason that they do not state proper affirmative defenses. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *J & J Sports Prods., Inc. v. Nguyen*, No. 11-CV-5433, 2012 WL 1030067, at *3 (N.D. Cal. Mar. 22, 2012). By contrast, "denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claims are not affirmative defenses." *Id.* Courts routinely strike matters pled as affirmative defenses that do not actually constitute affirmative defenses. *See, e.g., id.; Barnes*, 718 F. Supp. 2d at 1174-75; *Perez*, 2012 WL 1029425, at *11.

Volterra's first affirmative defense—noninfringement—does not plead matters extraneous to Infineon's prima facie case. Rather, it is a mere denial of Infineon's infringement allegations. Likewise, Volterra's fourth affirmative defense states that Infineon "has failed to allege facts supporting the award of attorney fees." (Ans. 35.) Volterra is therefore alleging a failure of

proof, but not an affirmative defense.[3] *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Because these matters solely allege defects in Infineon's prima facie case, they are not properly pled as affirmative defenses and should therefore be stricken.

## CONCLUSION

Volterra's bare bones pleading is little more than a collection of legal conclusions and a listing of doctrines. The lack of any supporting factual allegations deprives Infineon of the fair notice of the bases for Volterra's counterclaims and affirmative defenses to which it is entitled under the Federal Rules. For the foregoing reasons, Infineon asks that the Court dismiss Volterra's counterclaims and strike Volterra's affirmative defenses.

Respectfully submitted,

January 3, 2013

By: /s/ *David G. Wille*
Jeffery D. Baxter (Pro Hac Vice)
David G. Wille (Pro Hac Vice)

Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6791

Attorneys for Plaintiff
INFINEON TECHNOLOGIES AG

---

[3] Moreover, this affirmative defense is improper for the additional reason that an "award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action." *See Barnes,* 718 F. Supp. 2d at 1174.