James W. Morando (State Bar No. 087896)
  jmorando@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
  jfisher@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
VOLTERRA SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, a German corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. CV 11-06239 MMC<br><br>**DEFENDANT VOLTERRA SEMICONDUCTOR CORPORATION'S OPPOSITION TO PLAINTIFF INFINEON'S MOTION TO DISMISS VOLTERRA'S COUNTERCLAIMS AND STRIKE VOLTERRA'S AFFIRMATIVE DEFENSES**<br><br>Date:　February 8, 2013<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 7, 19th Floor<br>Judge:　Honorable Maxine M. Chesney |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

25373\3500369.5

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................................. 1

II.  ISSUES TO BE DECIDED ............................................................................................. 2

III. FACTS ............................................................................................................................. 2

    A.  Overview of Infineon's Second Amended Complaint ........................................... 2

    B.  Prior Motion Practice in This Case ....................................................................... 3

    C.  Volterra's Affirmative Defenses and Declaratory Judgment Counterclaims Are Virtually Identical To Infineon's Defenses And Declaratory Judgment Counterclaims in the Volterra Action ..................................................................... 3

IV.  LEGAL STANDARDS ................................................................................................... 5

V.   ARGUMENT ................................................................................................................... 7

    A.  Infineon's Motion Should Be Denied Because Volterra Has Sufficiently Pleaded Its Affirmative Defenses and Counterclaims ........................................... 7

        1.  Volterra Has Sufficiently Pleaded Its Declaratory Judgment Counterclaims of Invalidity and Non-Infringement .................................... 7

        2.  Volterra Has Sufficiently Pleaded Its Non-Infringement, Invalidity, Prosecution History Estoppel, License/Patent Exhaustion, Laches, Waiver, and Limitation on Damages Affirmative Defenses ....................... 9

        3.  Volterra Has Sufficiently Pleaded Its Unclean Hands and Equitable Estoppel Defenses ............................................................................................ 11

        4.  Volterra's First and Fourth Affirmative Defenses Are Standard Defenses in Patent Infringement Actions .......................................................... 12

        5.  The Cases Cited by Infineon Are Irrelevant, Not Controlling, Or Distinguishable on Their Facts ................................................................ 13

    B.  If the Court Grants Infineon's Motion, Volterra Requests Leave to Amend Its Answer, Affirmative Defenses, and Counterclaims ......................................... 15

VI.  CONCLUSION ................................................................................................................. 15

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- i -

25373\3500369.5

# TABLE OF AUTHORITIES

Page

### CASES

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) .................................................................................................. 11

*Adler v. Fed. Republic of Nigeria*,
    219 F.3d 869 (9th Cir. 2000) ..................................................................................................... 13

*ASUSTeK Computer, Inc. v. AFTG-TG LLC*,
    No. 5:11-cv-00192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) ....................... 6, 9, 14

*Barnes & Noble, Inc. v. LSI Corp.*,
    849 F. Supp. 2d 925 (N.D. Cal. 2012) ................................................................................ passim

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal 2011) ..................................................................................... 13

*Baum v. Faith Techs., Inc.*,
    No. 10-CV-0144-CVE-TLW, 2010 WL 2365451 (N.D. Okla. June 9, 2010) ........................... 8

*Bayer CropScience AG v. Dow AgroSciences LLC*,
    No. 10-CV-1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011) ................................. 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ passim

*Cleversafe, Inc. v. Amplidata, Inc.*,
    No. 11-CV-4890, 2011 WL 6379300 (N.D. Ill. Dec. 20, 2011) ............................................... 13

*CTF Development, Inc. v. Penta Hospitality, LLC*,
    No. C 09-CV-2429-WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ............................... 13

*Davison Design & Dev. Inc. v. Riley*,
    No. 11-CV-2970-PJH, 2012 WL 4051189 (N.D. Cal. Sept. 13, 2012) .................................... 13

*Elan Pharma Int'l Ltd. v. Lupin Ltd.*,
    No. Civ. A. 09-1008 JAG, 2010 WL 1372316 (D.N.J. March 31, 2010) .................................. 9

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ................................................................................................... 13

*Groupon Inc. v. MobGob LLC*,
    No. 10-CV-7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011) ............................................... 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................... 6

*J & J Sports Prods., Inc. v. Nguyen*,
    No. 11-CV-5433 (N.D. Cal. Mar. 22, 2012) ............................................................................. 13

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- ii -

25373\3500369.5

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 13

*Mittelstaedt v. Gamla-Cedron Orleans LLC*,
    No. 12-CV-5131, 2012 WL 6188548 (N.D. Ill. Dec. 21, 2012) ............................................. 13

*Mosaid Techs. Inc. v. Infineon Techs. N. Amer. Corp.*,
    No. 605-CV-120-LED, 2006 WL 1852599 (E.D. Tex. May 4, 2006) ..................................... 12

*PageMelding, Inc. v. ESPN, Inc.*,
    No. C 11–06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ............................. 8, 14

*PB Farradyne, Inc. v. Peterson*,
    No. 05-CV-3447, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006) ............................................. 14

*Perez v. Gordon & Wong Law Group, P.C.*,
    No. 11-CV-3323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) .................................. 13

*Pfizer, Inc. v. Apotex Inc.*,
    726 F. Supp. 2d 921 (N.D. Ill. 2010) ...................................................................................... 9

*Powertech Tech., Inc. v. Tessera, Inc.*,
    No. C 10–945 CW, 2012 WL 1746848 (N.D. Cal. May 16, 2012) ................................. 12, 14

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ............................................................................... 14

*Sorensen v. Spectrum Brands, Inc.*,
    No. 09-CV-58 BTM, 2009 WL 5199461 (S.D. Cal. Dec. 23, 2009) ..................................... 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 13

*Vistan Corp. v. Fadei USA, Inc.*, NO. C-10-,
    4862 JCS 2011 WL 1544796 (N.D. Cal. April 25, 2011) ................................................ passim

*Wi-Lan, Inc. v. Westell Techs., Inc., et al.*,
    No. 207-CV-474, 2009 WL 713558 (E.D. Tex. Jan. 9, 2009) .............................................. 12

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir.1979) ............................................................................................ 6, 15

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
    No. 11-CV-671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ............................................. 14

*Zivkovic v. S. California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................................................. 13

**FEDERAL STATUTES**

35 U.S.C. §§ 101, 102, 103, 112 ................................................................................................. 4

35 U.S.C. § 285 ......................................................................................................................... 13

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 5

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- iii -

25373\3500369.5

Fed. R. Civ. P. 12(f) .................................................................................................................. 5

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC
- iv -

25373\3500369.5

## I. INTRODUCTION

Plaintiff Infineon Technologies AG's ("Infineon's") Motion to Dismiss Volterra's Counterclaims and Strike Volterra's Affirmative Defenses should be denied. The fact that Volterra's affirmative defenses and declaratory judgment counterclaims for non-infringement and/or invalidity here are ***virtually identical*** to the defenses and counterclaims that Infineon pleaded in the action Volterra brought against Infineon and its subsidiaries for patent infringement in November 2008[1] illustrates that Infineon's true goal with this motion is solely to impose unnecessary litigation costs on Volterra and to take up valuable Court resources in this retaliatory patent infringement action. Magistrate Judge Spero in fact recently denied a motion to strike affirmative defenses and declaratory relief counterclaims in a patent infringement action that is virtually identical to the instant motion. *See Vistan Corp. v. Fadei USA, Inc.*, NO. C-10-4862 JCS 2011 WL 1544796 (N.D. Cal. April 25, 2011). As Magistrate Judge Spero held, "[t]hese affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced. Given that Plaintiff's Complaint is vague as to which claims of its patent are asserted, the defendants' counterclaims provide sufficient notice of the defenses at this time. Moreover, the Patent Local Rules will require the specificity that Plaintiff seeks as to the invalidity defense." *Id.* at *7. The same result should apply here.

From the outset of this case, Volterra has contended that Infineon's claims are baseless, and that Infineon filed this lawsuit to use its superior resources to attempt to retaliate against Volterra for bringing the Volterra Action. In order to understand the scope of this action and the basis of Infineon's claims, Volterra filed motions to dismiss seeking that Infineon provide further information identifying the accused products and/or the nature of its infringement claims. *See* Dkt. Nos. 21, 90, and 136. Volterra has further had to file multiple motions to strike with respect

---

[1] As the Court is aware, in *Volterra Semiconductor Corp. v. Primarion, Inc., et al.*, Case No. 3:08-cv-5129-JCS (N.D. Cal.) (hereinafter, the "Volterra Action") pending before Magistrate Judge Spero, it has been determined that Infineon and its subsidiaries copied Volterra's patented technology and introduced copycat power switch products that infringe the asserted claims of two Volterra patents and that those patents are valid and enforceable in all respects. Volterra's claims for damages and willfulness are set for trial on November 4, 2013.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC
- 1 -
25373\3500369.5

to Infineon's Infringement Contentions as to the '730 Patent,[2] which Magistrate Judge Ryu has determined to be deficient. *See* Dkt. No. 132. At every turn, Infineon resisted providing additional information. Infineon in fact pointed to Volterra's motions to dismiss as a "delay tactic." *See* Dkt. No. 180 (Status Report) at 4–5. Yet, Infineon has now filed its own motion to dismiss for the sole purpose of increasing Volterra's costs of defending this action.

Infineon's Motion to Dismiss should be denied. At a minimum, Volterra should be afforded leave to amend to cure any deficiencies in its Answer and Counterclaims.

## II.   ISSUES TO BE DECIDED

(1) Whether Infineon's Motion to Dismiss Volterra's Counterclaims should be denied.

(2) Whether Infineon's Motion to Strike Volterra's Affirmative Defenses should be denied.

(3) If Infineon's motion is granted in whole or in part, whether Volterra should be granted leave to amend its Answer, Affirmative Defenses, and Counterclaims.

## III.   FACTS

### A.   Overview of Infineon's Second Amended Complaint

In its Second Amended Complaint, Infineon alleges that Volterra infringes four patents: U.S. Patent Numbers 7,095,281 (the "'281 patent); 5,402,017 (the "'017 patent"); 6,621,343 (the "'343 patent"); and 5,945,730 (the "'730 patent"). Dkt. No. 130. In the sections of Infineon's Complaint accusing Volterra of direct infringement, Infineon identifies "without limitation" only one asserted claim per patent. *See id.* at ¶ 21 ("Volterra has been and is still infringing one or more claims of the '730 patent …, including without limitation Claim 1."), ¶ 41 ("Volterra has been and is still infringing one or more claims of the '281 patent …, including without limitation Claim 15."), ¶ 73 ("Volterra has been and is still infringing one or more claims of the '017 patent …, including without limitation Claim 1."), and ¶ 93 ("Volterra has been and is still infringing one or more claims of the '343 patent …, including without limitation Claim 1."). Infineon does not identify any specific asserted claims in its indirect infringement allegations.

---

[2]   At Infineon's request, proceedings as to the other three patents-in-suit have been stayed.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC    - 2 -

25373\3500369.5

**B.     Prior Motion Practice in This Case.**

Volterra has consistently argued that Infineon's complaints in this action were insufficient to put Volterra on notice of which of its products were accused of infringement and how any such products allegedly infringed the patents-in-suit. Volterra therefore filed motions to dismiss and/or stay Infineon's complaints. Dkt. Nos. 21, 90, and 136. Each of Volterra's motions sought to narrow the scope of this case and to prohibit Infineon from accusing vague product categories such as "voltage regulators" (a product Volterra does not make, *see* Dkt. No. 21 at 11), "other products" (Dkt. No. 90 at 7), and products "including, without limitation" certain products that Infineon finally named in its Second Amended Complaint (Dkt. No. 136 at 7–8). Infineon opposed each of these motions and has consistently fought against providing the information that Volterra requested.

Infineon has also refused to provide adequate Infringement Contentions pursuant to Patent Local Rule 3-1 with respect to the '730 Patent. Indeed, Magistrate Judge Ryu found that Infineon's Amended Infringement Contentions were deficient in her October 3, 2012 Order. *See* Dkt. No. 132 at 4.[3] Accordingly, although this action was filed over three years ago, Volterra still does not understand the basis of Infineon's infringement contentions with respect to the '730 patent.

At Infineon's request, its allegations with respect to the other three patents-in-suit (the '281, '017, and '343 patents) have been stayed. *See* Dkt. No. 78 (CMC Statement) at 4. Infineon therefore has not provided ***any*** information regarding its infringement theories for the '281, '017, or '343 patents beyond the cursory information contained in the Second Amended Complaint.

**C.     Volterra's Affirmative Defenses and Declaratory Judgment Counterclaims Are Virtually Identical To Infineon's Defenses And Declaratory Judgment Counterclaims in the Volterra Action.**

Although Infineon argues in its Motion to Dismiss that Volterra has not sufficiently pleaded its affirmative defenses and declaratory judgment counterclaims, Volterra's defenses and

---

[3]     The Court affirmed Magistrate Judge Ryu's finding that Infineon's Amended Infringement Contentions were deficient. Dkt. No. 150. Volterra's Motion to Strike Infineon's Second Amended Infringement Contentions is scheduled to be heard before Magistrate Judge Ryu on January 24, 2013. *See* Dkt. No. 165.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC        - 3 -

25373\3500369.5

counterclaims *are virtually identical* to the affirmative defenses and declaratory judgment counterclaims that Infineon pleaded in the Volterra Action. For example, both Volterra's invalidity counterclaims here and Infineon's invalidity counterclaims in the Volterra Action state that the asserted patents are invalid for failure to comply with the patentability requirements, "including but not limited to" 35 U.S.C. §§ 101, 102, 103 and/or 112. *Compare* Dkt. No. 163 at 36–40 *with* Volterra Action, Dkt. No. 92 at 9. Several of Volterra's other affirmative defenses and declaratory relief counterclaims provide virtually the same amount of factual information as Infineon's defenses and declaratory relief counterclaims in the Volterra Action, as shown in the following chart:

| Affirmative Defense | Volterra's Affirmative Defenses (Dkt. No. 163) | Infineon's Affirmative Defenses in the Volterra Action, *Volterra Semiconductor Corp. v. Infineon Techs. AG*, Case No. C08-05129-JCS, Dkt. No. 92 at 6 (N.D. Cal. June 22, 2009) |
|---|---|---|
| Non-Infringement | "Volterra's making, use or sale of its products, and the use of such products by Volterra's customers, does not infringe any of the claims of" the patents in suit "literally or under the doctrine of equivalents. Volterra does not induce or contribute to the infringement of others or willfully infringe the patents-in-suit." At 34. | "Defendants have not literally infringed and do not literally infringe, directly and/or indirectly, contributorily and/or by inducement, any valid and enforceable claim of" the patents-in-suit. At 6. |
| Invalidity | "One or more claims of the [patents-in-suit] are invalid or unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112." At 34. | "The Patents-in-Suit are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102 and 103." At 6.<br><br>"The Patents-in-Suit are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 112." *Id.* |
| Unclean Hands | "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands." At 35. | "Volterra's claims for relief are barred in whole or in part under the equitable doctrine of unclean hands." At 7. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC
- 4 -

25373\3500369.5

| Counterclaim | Volterra's Counterclaims (Dkt. No. 163) | Infineon's Counterclaims in the Volterra Action, *Volterra Semiconductor Corp. v. Infineon Techs. AG*, Case No. C08-05129-JCS, Dkt. No. 92 (N.D. Cal. June 22, 2009) |
|---|---|---|
| Non-Infringement | "Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Volterra requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '730 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents." At 37; *see* similar allegations regarding the other patents-in-suit at 37–40. | "11. Counterclaim Plaintiffs do not infringe any of the Patents-in-Suit. At 8.<br><br>"12. Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that they do not infringe the Patents-in-Suit." *Id.* |
| Invalidity | "Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Volterra requests a declaration from the Court that each claim of the '730 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112." At 37; *see* similar allegations regarding the other patents-in-suit at 37–40. | "14. One or more claims of the Patents-in-Suit are invalid because they fail to meet the patentability requirements of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. At 9.<br><br>"15. Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that the asserted claims of the Patents-in-Suit are invalid." *Id.* |

## IV.   LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, courts do not require "heightened fact pleading of specifics." *Id.* Courts in the Northern District of California have held that the standard is the same for motions to strike affirmative defenses under Rule 12(f). *See Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) (citing cases to this effect). As Infineon has argued in opposing Volterra's prior motions to dismiss, the *Twombly* "plausibility" standard

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC            - 5 -

25373\3500369.5

"must not be confused with probability." Dkt. No. 92 at 11 (quoting *Twombly*, 550 U.S. at 556). As Infineon has further pointed out, "[i]n assessing plausibility, 'all reasonable inferences' must be drawn 'in the favor of the non-moving party.'" *Id.* (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012)).

Despite these well-known pleading standards, courts in the Northern District have recognized that "there is much uncertainty as to the applicability of *Twombly* and *Iqbal* to patent litigation generally, at least where, as here, the local rules prescribe a detailed process requiring prompt disclosure of specific bases for claims and defenses." *Barnes & Noble*, 849 F. Supp. 2d at 929. Courts in this District have instead concluded that motions to strike or dismiss should be denied as premature, particularly given that the Patent Local Rules of this Court require detailed disclosures with respect to the supporting defenses and counterclaims in patent infringement disputes. *See Vistan Corp. v. Fadei USA, Inc.*, 2011 WL 1544796, at *7 (denying motion to strike); *ASUSTeK Computer, Inc. v. AFTG-TG LLC*, No. 5:11-cv-00192-EJD, 2011 WL 6845791, at *14 (N.D. Cal. Dec. 29, 2011) (denying in part motion to dismiss invalidity and non-infringement claims).

Courts in this District have further recognized that it is inappropriate to strike affirmative defenses where the defendant is unable to plead with more specificity because the information is in the plaintiff's hands: "It is unreasonable to expect a party to detail affirmative defenses which depend on the nature of the infringement claims when such claims are not detailed in the complaint or counterclaim. What is good for the goose's complaint should be good for the gander's answer." *Barnes & Noble*, 849 F. Supp. 2d at 929.

Finally, where courts grant motions to strike or to dismiss, it is well-settled that leave to amend should be "freely given when doing so would not prejudice the other party." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979). Here, Infineon does not seek dismissal with prejudice. *See* Dkt. No. 172-1 (proposed order seeking to dismiss and/or strike Volterra's pleading **without prejudice**).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- 6 -

25373\3500369.5

## V. ARGUMENT

### A. Infineon's Motion Should Be Denied Because Volterra Has Sufficiently Pleaded Its Affirmative Defenses and Counterclaims.

As cases in the Northern District (including some cited in Infineon's motion) show, Volterra has sufficiently pleaded its counterclaims and affirmative defenses.

#### 1. Volterra Has Sufficiently Pleaded Its Declaratory Judgment Counterclaims of Invalidity and Non-Infringement.

Volterra's counterclaims seek a declaratory judgment that the each of the patents-in-suit are invalid and/or not infringed. *See* Dkt. No. 163 ¶¶ 127–154. Northern District courts have held that counterclaimants in patent infringement suits may plead declaratory judgment counterclaims in the exact same manner that Volterra has done here.[4] As the court held in *Vistan*, even if counterclaims merely allege that the asserted patents "are unenforceable and seek a declaration of invalidity [] and noninfringement [], they are sufficient to place" the opposing party "on notice of the claims." *Vistan*, 2011 WL 1544796, at *8. The court continued that "[t]his is particularly so in a case, such as this one, where the Plaintiff has not identified which patent claims are at issue in the case." *Id.* As set forth above, like the plaintiff in *Vistan*, Infineon has not identified which claims it asserts against Volterra. In its Second Amended Complaint, Infineon merely identifies one claim "without limitation" for each asserted patent.[5] Infineon has also not yet provided any Infringement Contentions for three of the four patents-in-suit, and, as discussed above, Magistrate Judge Ryu has found that Infineon's Infringement Contentions as to the '730 Patent are deficient. *See* Dkt. No. 132. Accordingly, Volterra cannot be expected to provide additional factual details in its declaratory judgment counterclaims.

---

[4] As set forth above, the level of detail in the factual allegations in Volterra's declaratory judgment counterclaims is virtually identical to that provided in Infineon's counterclaims in the Volterra Action. *Compare* Dkt. No. 163 at 36–40 (Volterra's counterclaims) *with* Volterra Action, Dkt. No. 92 at 8 (Infineon's counterclaims in the Volterra Action).

[5] Although its Second Amended Complaint identifies only one claim as to the '730 patent, Infineon's Infringement Contentions identify *eight* asserted claims. *See* Infineon's Second Amend. Inf. Conts., App. A at 2. Dkt. No. 170.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS AND MTS / Case No. CV 11-06239 MMC - 7 -

25373\3500369.5

Volterra's declaratory judgment counterclaim for non-infringement in fact mirrors Form 18. Infineon's attempt to hold Volterra to a higher standard than Form 18 (Motion at 6–7) should be rejected. As the court recognized in *PageMelding, Inc. v. ESPN, Inc.*, No. C 11–06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012), a patent infringement plaintiff cannot "have it both ways," as Infineon attempts to do here: "It wants the benefit of the skimpy Form 18 pleading for itself but when it comes to the mirror image pleading for declaratory relief by the accused infringer, it wants to impose an *Iqbal* and *Twombly* standard. This is most unfair. Defendant's direct non-infringement allegations are sufficient if they have at least as much detail as Form 18." *Id.* at *2. Volterra has also sufficiently pleaded its non-infringement counterclaim in light of the fact that Volterra has denied Infineon's infringement allegations. *See* Dkt. No. 163 at 12–33. Volterra's denials are sufficient to put Infineon on notice of the scope of Volterra's non-infringement counterclaims. *See Barnes & Noble*, 849 F. Supp. 2d at 938. ("Re-pleading facts the opposing party has already pled is not necessary to put Defendants on notice of Plaintiffs' defenses.") (citing *Baum v. Faith Techs., Inc.*, No. 10-CV-0144-CVE-TLW, 2010 WL 2365451, at *3 (N.D. Okla. June 9, 2010)).

Infineon's request that Volterra plead more facts is particularly inappropriate given this District's Patent Local Rules. For example, Magistrate Judge Spero denied a motion to strike declaratory judgment counterclaims just like Infineon's motion here, finding that "the Patent Local Rules will require the specificity that Plaintiff seeks as to the invalidity defense."[6] *Vistan*, 2011 WL 1544796, at *7. The court therefore denied the motion to dismiss the defendant's declaratory relief counterclaims, finding that "[a]lthough the claims merely assert that the claims of the [patent-in-suit] are unenforceable and seek a declaration of invalidity (claim 1) and noninfringement (claim 2), they are sufficient to place Vistan on notice of the claims." *Id.* at *8.

---

[6] This Court reached a similar conclusion when it denied Volterra's request that Infineon identify specific circuitry in its accused products that allegedly infringe the patents-in-suit, noting that such information "is more appropriately addressed in the course of discovery conducted under the Patent Local Rules of this district." Dkt. No. 125 at 4 n.3. Infineon itself has taken this position, arguing that "any lack of specificity in a Form 18-style complaint as to a plaintiff's particular infringement theories is swiftly addressed through the disclosures mandated by the Patent Local Rules[.]" Dkt. No. 92 at 8 n.5.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC
- 8 -
25373\3500369.5

The same result should apply here.

Judge Davila applied similar reasoning in denying a motion to dismiss a plaintiff's claims for declaratory judgment of invalidity. In *ASUSTeK Computer*, 2011 WL 6845791, at *13, Judge Davila found that the plaintiff's allegations that the defendant's patents were invalid – virtually identical to Volterra's allegations here – were sufficient. Specifically, the claim alleged that the patents were "invalid for failing to meet one or more of the conditions and requirements for patentability set forth under 35 U.S.C. §§ 101, 102, 103 and/or 112." *Id.* (quoting the complaint). The court found that, "[e]ven after *Twombly* and *Iqbal*, courts have upheld such pleadings as sufficient." *Id.* (citing *Pfizer, Inc. v. Apotex Inc.,* 726 F. Supp. 2d 921, 937–938 (N.D. Ill. 2010); *Elan Pharma Int'l Ltd. v. Lupin Ltd.,* No. Civ. A. 09-1008 JAG, 2010 WL 1372316, at *4 (D.N.J. March 31, 2010)).[7] The court continued that "requiring a heightened pleading of invalidity would circumvent this Court's Patent Local Rules which require detailed disclosures as to invalidity contentions soon after the suit is filed. By requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill the function of *Twombly* and *Iqbal*." *Id.*

Volterra's declaratory judgment counterclaims of non-infringement and/or invalidity are standard for patent infringement cases. Indeed, as discussed above, they mirror very closely the counterclaims that Infineon pleaded in the Volterra Action. Infineon's claims of lack of notice therefore ring hollow, and its request to dismiss Volterra's counterclaims should be rejected.

>   2.   Volterra Has Sufficiently Pleaded Its Non-Infringement, Invalidity, Prosecution History Estoppel, License/Patent Exhaustion, Laches, Waiver, and Limitation on Damages Affirmative Defenses.

In its Answer, in addition to its affirmative defenses of unclean hands and equitable estoppel (addressed in Section V.A.3. below), Volterra has asserted affirmative defenses of non-

---

[7] Although Judge Davila granted the motion to dismiss the plaintiff's claims for declaratory relief of non-infringement because the plaintiff failed to identify which products did not infringe (*id.* at *13), the facts here dictate a different result because Volterra requests declaratory relief as a counterclaimant, not as a plaintiff, and Infineon has already identified the accused products in its Complaint. Infineon's argument that Volterra is seeking to expand the scope of this case (Motion at 7) is disingenuous – Volterra has no intention of expanding the scope of this baseless action beyond those products accused in Infineon's Complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC                - 9 -

25373\3500369.5

1  infringement, invalidity, prosecution history estoppel, license/patent exhaustion, laches, waiver,
2  and limitation on damages. Dkt. No. 163 at 34–35. Volterra sufficiently pleaded each of these
3  affirmative defenses. Magistrate Judge Spero's opinion in the *Vistan* case denied a motion to
4  strike affirmative defenses based on the same arguments Infineon is making here, stating that the
5  motion was "premature. These affirmative defenses, while boilerplate, ***are standard affirmative***
6  ***defenses, appropriate at the outset of the case before discovery has commenced***." *Vistan*, 2011
7  WL 1544796, at *7 (emphasis added). The *Vistan* case involved many of the same affirmative
8  defenses at issue here: laches, estoppel (including prosecution history estoppel), unclean hands,
9  attorneys fees, patent invalidity and noninfringement. *See id.* at *3–4.

10  Volterra has sufficiently pleaded its affirmative defenses based on the lack of
11  infringement and/or invalidity of the patents-in-suit, including its affirmative defenses of non-
12  infringement and invalidity. Given Infineon's failure to identify each of the asserted claims
13  and/or the basis for its infringement contentions in its Complaint, Volterra cannot be expected and
14  should not be required to provide additional details of its non-infringement and/or invalidity
15  defenses in its Answer. *See Vistan*, 2011 WL 1544796, at *7. Indeed, due to Infineon's failure to
16  provide adequate Infringement Contentions, Magistrate Judge Ryu has stayed discovery as to
17  Volterra (including the deadline for Volterra to provide its invalidity contentions). *See* Dkt. 132
18  at 8. Infineon should not be allowed to do an "end run" around Magistrate Judge Ryu's order by
19  obtaining such information through Volterra's Answer. Moreover, it is not necessary for Volterra
20  to plead additional facts supporting its affirmative defenses to the extent that factual support is
21  found in Volterra's Answer. *See Barnes & Noble*, 849 F. Supp. 2d at 938.

22  This reasoning also supports Volterra's limitation on damages defense. Considering that
23  Infineon has provided virtually no details to support its damages claims other than to state the
24  bare conclusions that it has suffered damage and that Volterra's infringement is willful (*see, e.g.,*
25  Dkt. No. 130 at 6, 8 (damages allegations with respect to the '730 patent) and at 24 (prayer for
26  relief)), Volterra should not be required to meet a higher standard in its attempt to limit any
27  damages to which Infineon contends it is entitled.
28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC             - 10 -

25373\3500369.5

With respect to the affirmative defenses of license/patent exhaustion, prosecution history estoppel, laches and waiver, each of these defenses involves facts in Infineon's possession. As the court held in *Barnes & Noble* (cited in Infineon's motion, Dkt. No. 172 at 10), it is unfair to require a party accused of patent infringement to plead its defenses with specificity if the information required is in the plaintiff's hands: "It is unreasonable to expect a party to detail affirmative defenses which depend on the nature of the infringement claims when such claims are not detailed in the complaint[.]" 849 F. Supp. 2d at 929. Thus, the court denied a motion to strike as to both exhaustion and prosecution history estoppel defenses, both of which Volterra also pleads. *Id.* at 942–43. As to exhaustion, the court reasoned that "[t]he question of whether an authorized sale has taken place is information that is in the hands of" the opposing party and therefore "appropriate for discovery." *Id.* at 942. The same is true here: Infineon and its predecessors-in-interest know the licensing history of the patents-in-suit, and Volterra should not be required to plead such facts in its Answer. Similarly, the *Barnes & Noble* court reasoned that the patentee's failure to identify asserted claims made it "impossible for [the accused infringer] to plead facts supporting" a prosecution history estoppel defense "at this stage of the litigation." *Id.* at 943. Volterra has therefore adequately pleaded these defenses.

### 3. Volterra Has Sufficiently Pleaded Its Unclean Hands and Equitable Estoppel Defenses.

Volterra has also adequately pleaded its unclean hands and equitable estoppel defenses. No more factual information is required in Volterra's Answer. Indeed, in *Vistan*, Magistrate Judge Spero denied a motion to strike affirmative defenses of "estoppel" and "unclean hands" which were alike Volterra's affirmative defenses. *See Vistan*, 2011 WL 1544796, at *2. Accordingly, these defenses are adequately pleaded.

Infineon contends that Volterra's unclean hands and equitable estoppel defenses are both subject to the "particularity requirement" of Federal Rule of Procedure 9(b). Dkt. No. 172 at 10. First, it is not clear whether or not the heightened pleading requirements of Rule 9(b) apply to equitable estoppel or, if they do, whether they apply in every case. As the Federal Circuit has noted, "equitable estoppel is not limited to a particular factual situation nor subject to resolution

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC
- 11 -

25373\3500369.5

1  by simple or hard and fast rules." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020,
2  1041 (Fed. Cir. 1992). The court continued that "equitable estoppel may arise where, coupled
3  with other factors, a patentee's 'misleading conduct' is essentially misleading **inaction**." *Id.* at
4  1042 (citations omitted) (emphasis in original). Accordingly, there is no heightened pleading
5  requirement for these defenses, as Infineon contends.

6  Moreover, based on the facts known to it at present, Volterra's unclean hands and
7  equitable estoppel defenses are not based on fraudulent conduct. To the extent the Court
8  determines that Rule 9(b) applies to these defenses, Volterra may allege those facts when
9  ascertained through the discovery process, if necessary.

10  The cases that Infineon cites relating to equitable estoppel and unclean hands do not
11  dictate a contrary result. For example, *Barnes & Noble*, cited by Infineon in its motion at page
12  10, found only that in the context of claims premised on fraud, it is "likely" that Rule 9(b) applies
13  to equitable estoppel claims. 849 F. Supp. 2d at 940. Similarly, in *Powertech Tech., Inc. v.*
14  *Tessera, Inc.*, the court merely concluded that the defendant would have to plead its unclean
15  hands defense with particularity "if [the defendant] bases this defense on conduct involving fraud
16  or mistake." No. C 10–945 CW, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012) (cited by
17  Infineon, Dkt. No. 172 at 11). Given that Volterra's defenses are not based on fraud (at least
18  based on the facts presently known to Volterra), Infineon's reliance on these cases is therefore
19  misplaced.

20
21
        4.    Volterra's First and Fourth Affirmative Defenses Are Standard Defenses in Patent Infringement Actions.

22  Infineon's argument that some of Volterra's affirmative defenses are not in fact
23  affirmative defenses also fails. First, Infineon's argument that non-infringement is not an
24  affirmative defense (Dkt. No. 172 at 11) ignores 35 U.S.C. § 282, which states in part that non-
25  infringement, among other defenses, "shall be defenses in any action involving the validity or
26  infringement of a patent and shall be pleaded." Infineon has in fact pleaded the same defense in
27  patent infringement actions. *See, e.g.,* Volterra Action, Dkt. No. 92 at 6; *Mosaid Techs. Inc. v.*
28  *Infineon Techs. N. Amer. Corp.*, No. 605-CV-120-LED, 2006 WL 1852599, at ¶ 23 (E.D. Tex.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- 12 -

25373\3500369.5

1   May 4, 2006); *Wi-Lan, Inc. v. Westell Techs., Inc., et al.*, No. 207-CV-474, 2009 WL 713558, at

2   ¶ 1 (E.D. Tex. Jan. 9, 2009).  Furthermore, the case that Infineon cites for the proposition that no

3   attorneys fees is not an affirmative defense (*Barnes v. AT&T*, cited at Dkt. No. 172 at 11–12) was

4   an action under ERISA for failure to fully pay pension benefits, not a patent infringement action.

5   The fact that Infineon has requested statutory attorneys fees under 35 U.S.C. § 285 distinguishes

6   this case.  In short, Volterra's affirmative defenses are standard defenses that are routinely

7   pleaded in patent infringement actions.

8
9           5.   The Cases Cited by Infineon Are Irrelevant, Not Controlling, Or Distinguishable on Their Facts.

10       None of the cases cited by Infineon are controlling here.  Many of the decisions cited in

11   Infineon's motion did not even arise in patent infringement disputes.  *See, e.g.*, *Kearns v. Ford*

12   *Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009) (violations of California Unfair Competition

13   Law); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100 (9th Cir. 2003) (illegal conspiracy to

14   increase sales of Ritalin); *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1083 (9th Cir.

15   2002) (discrimination under Americans with Disabilities Act); *Fantasy, Inc. v. Fogerty*, 984 F.2d

16   1524, 1526 (9th Cir. 1993) *rev'd*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)

17   (copyright dispute); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,* 718 F. Supp.

18   2d 1167 (N.D. Cal 2011) (non-payment of pension benefits); *Adler v. Fed. Republic of Nigeria*,

19   219 F.3d 869, 871 (9th Cir. 2000) ("illegal contract . . . to convert Nigerian government funds for

20   [] personal use"); *Davison Design & Dev. Inc. v. Riley*, No. 11-CV-2970-PJH, 2012 WL

21   4051189, at *1 (N.D. Cal. Sept. 13, 2012) (unlawful spam email); *Perez v. Gordon & Wong Law*

22   *Group, P.C.*, No. 11-CV-3323-LHK, 2012 WL 1029425, at *1 (N.D. Cal. Mar. 26, 2012)

23   (unlawful debt collection); *J & J Sports Prods., Inc. v. Nguyen*, No. 11-CV-5433 at Dkt. No. 1

24   (N.D. Cal. Mar. 22, 2012) (conversion, violation of state business code, unauthorized publication

25   of communications); *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-CV-2429-

26   WHA, 2009 WL 3517617, at *1 (N.D. Cal. Oct. 26, 2009) (trademark dispute).

27       Other decisions issued from courts outside this District, where this Court's Patent Local

28   Rules do not apply.  *See, e.g.*, *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-CV-

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC        - 13 -

25373\3500369.5

1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011); *Mittelstaedt v. Gamla-Cedron Orleans LLC*, No. 12-CV-5131, 2012 WL 6188548 (N.D. Ill. Dec. 21, 2012); *Cleversafe, Inc. v. Amplidata, Inc.*, No. 11-CV-4890, 2011 WL 6379300 (N.D. Ill. Dec. 20, 2011); *Groupon Inc. v. MobGob LLC*, No. 10-CV-7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011); *Sorensen v. Spectrum Brands, Inc.*, No. 09-CV-58 BTM, 2009 WL 5199461 (S.D. Cal. Dec. 23, 2009).

As to the cases that do address patent infringement, many of them address motions to strike or dismiss in the context of a declaratory judgment action initiated by the party accused of infringement, not in the context here, where the defendant in a patent infringement action has asserted affirmative defenses and declaratory judgment counterclaims only in response to a patent infringement complaint. *See, e.g.*, *Powertech Tech., Inc. v. Tessera, Inc.*, No. 10-CV-945, 2012 WL 1746848 (N.D. Cal. May 16, 2012); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-CV-671, 2011 WL 3206686 (N.D. Cal. July 27, 2011); *PB Farradyne, Inc. v. Peterson*, No. 05-CV-3447, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006). As discussed above, this is an important distinction because "[i]t is unreasonable to expect a party to detail affirmative defenses which depend on the nature of the infringement claims when such claims are not detailed in the complaint or counterclaim." *Barnes & Noble*, 849 F. Supp. 2d at 929. Infineon filed this retaliatory action and has resisted providing the details of its contentions at every turn. It would therefore be unfair to require Volterra to provide additional factual content in its response to Infineon's Complaint.

Finally, *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-6263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) and *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) are distinguishable in that the motions to strike and dismiss in those cases did not arise after the plaintiff's repeated refusal to provide information regarding its claims, as Infineon has done in this case. For example, Infineon attempted to "hedge its bets" in its infringement contentions by "articulating a second [infringement] theory that is wholly contingent on the position that might be taken by Defendant." Dkt. No. 132 at 6. Infineon's motion is yet another improper attempt to force Volterra to articulate its defenses ***before*** Infineon has explained the basis for its claims. As set forth in *Vistan* and *ASUSTeK*, the better approach is to allow additional disclosures through

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC

- 14 -

25373\3500369.5

the Patent Local Rules, especially where, as here, the defendant's ability to respond is restricted by the plaintiff's failure to provide detailed information about the basis of its claims.

### B. If the Court Grants Infineon's Motion, Volterra Requests Leave to Amend Its Answer, Affirmative Defenses, and Counterclaims.

To the extent the Court is inclined to grant Infineon's motion, Volterra requests leave to amend its Answer, Affirmative Defenses, and Counterclaims. Leave to amend is "freely given when doing so would not prejudice the other party." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979). As noted above, Infineon is not requesting here that its motion be granted without leave to amend. *See* Dkt. No. 172-1 (Infineon's Proposed Order).

## VI. CONCLUSION

For the foregoing reasons, Infineon's motion should be denied.

Dated: January 17, 2013                              FARELLA BRAUN + MARTEL LLP


By: */s/ Jeffrey M. Fisher*
       Jeffrey M. Fisher

Attorneys for Defendant
VOLTERRA SEMICONDUCTOR CORPORATION

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA's OPP RE MTN TO DISMISS
AND MTS / Case No. CV 11-06239 MMC          - 15 -

25373\3500369.5