UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINEON TECHNOLOGIES,<br><br>        Plaintiff(s),<br><br>    v.<br><br>VOLTERRA SEMICONDUCTOR,<br><br>        Defendant(s). | No. C 11-06239 MMC (DMR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE, AND STAYING DISCOVERY**<br><br>*Public Version* |

Defendant Volterra Semiconductor Corporation moves to strike Plaintiff Infineon Technologies AG's Second Amended Infringement Contentions ("SAICs"), and to stay further discovery pending Plaintiff's provision of infringement contentions that comply with the Court's Local Rules. The court held a hearing on January 24, 2013. For the following reasons, the court grants the motion in part and denies it in part, and grants Plaintiff leave to file Third Amended Infringement Contentions. The court also stays discovery until 14 days after Plaintiff produces infringement contentions that conform to the Court Rules or the court resolves any related motions, whichever is later.

**I. Background**

Plaintiff filed this patent infringement suit on January 21, 2010 and amended its complaint on May 18, 2012. [Docket Nos. 1 (Compl.), 86 (Am. Compl.).] On September 10, 2012, Judge Chesney granted in part and denied in part Defendant's motion to dismiss the Amended Complaint.

[Docket No. 125.] In that order, she held that Plaintiff could bring direct infringement claims only based upon Defendant's products specifically named in the Amended Complaint. [Docket No. 125 at 4-5.] On September 26, 2012, Plaintiff filed its Second Amended Complaint, which alleges, *inter alia*, direct infringement pursuant to 35 U.S.C. § 271(a) of U.S. Patent No. 5,945,730 ("the '730 Patent") by Defendant's following products: VT237WFQ, VT238AWFQ, VT239WFQ, VT271SFQ, VT1156SFQ, VT1157SFQ, VT1165SFQ, VT1175SFQ, VT1185SFQ, VT1188SFQ, VT1189SFQ, VT1195SFQ, VT1195-001SFQ, VT1196SFQ, and VT1198SFQ. (2d Am. Compl. ¶¶ 18-25.)

On June 4, 2012, Plaintiff served its Initial Infringement Contentions ("IICs") on Defendant. [*See* Docket No. 96 at 1.] Defendant moved to strike the IICs and stay discovery on July 6, 2012. [Docket No. 96.] Three days later, Plaintiff filed a motion to strike Defendant's motion to strike, along with a motion to shorten time to hear its motion. [Docket Nos. 98, 99.] Judge Chesney referred these motions to the undersigned on July 11, 2012. [Docket No. 101.] This court denied Defendant's motion without prejudice and Plaintiff's motions as moot on July 16, 2012, and ordered the parties to meet and confer in the courthouse to resolve their infringement contention disputes. [Docket No. 103.] The court also ordered Plaintiff to serve revised infringement contentions by August 6, 2012 and granted Defendant until August 13, 2012 to challenge the revised version. [Docket No. 103.]

After Plaintiff served its Amended Infringement Contentions ("AICs"), Defendant renewed its motion to strike and presented four arguments: (1) that the AICs did not sufficiently specify which of Defendant's products, in addition to the fifteen that it named in the AICs, allegedly infringe on Plaintiff's patents; (2) that the AICs impermissibly contained a single claim chart (the "AIC Chart") -- for Defendant's VT1195SFQ product -- to represent fifteen allegedly infringing products; (3) that the AIC Chart "remain[ed] entirely vague and unclear with respect to what specifically it is in the structure of the VT1195SFQ that [Plaintiff] claims meets critical claim elements"; and (4) that the AICs did not provide "the specifics" with respect to the doctrine of equivalents. [Docket No. 107 at 7-8 (emphasis removed).] Defendant also requested that the court stay discovery, including Defendant's deadline for submitting invalidity contentions, until Plaintiff produced infringement contentions that comply with the Court rules. [Docket No. 107 at 9.]

2

On October 9, 2012, the court granted in part and denied in part Defendant's motion. The court deemed Defendant's first argument moot and did not address it. [Docket No. 134 at 2 n.2.] Jumping to Defendant's third argument, the court held that the AIC Chart did not meet the specificity mandated by Patent Local Rule 3-1(c), because Plaintiff had not taken a specific position on its infringement theories. [Docket No. 134 at 4-6.] The court did not reach the Defendant's second argument because it already had found the AIC Chart not in accordance with law. [Docket No. 134 at 6 n.4.] With respect to Defendant's fourth argument, the court found Plaintiff's doctrine of equivalents contentions to conform with the Patent Local Rules. [Docket No. 134 at 7-8.] The court granted Plaintiff leave to amend its infringement contentions and ordered it to serve Second Amended Infringement Contentions ("SAICs") by November 2, 2012. [Docket No. 134 at 9.] The court also granted Plaintiff leave to amend its doctrine of equivalents agreements to conform to the SAICs. [Docket No. 134 at 8.] The court stayed discovery until 30 days after Plaintiff served its SAICs or the court resolved any related motions, whichever is later. [Docket No. 134 at 9.]

Plaintiff appealed this court's order to Judge Chesney on October 12, 2012. [Docket No. 137.] On November 8, 2012, Judge Chesney sustained in part and overruled in part Plaintiff's objections. [Docket No. 150.] She overruled Plaintiff's objection to the ruling that the AIC Chart did not meet the specificity mandated by Patent Local Rule 3-1(c). [Docket No. 150 at 2.] However, because Plaintiff's Second Amended Complaint encompasses numerous products, Judge Chesney sustained Plaintiff's objection to this court's finding moot Defendant's argument that the AICs failed to comply with Patent Local Rule 3-1(b)'s requirement that infringement contentions specify which of Defendant's products allegedly infringe Plaintiff's claims. [Docket No. 150 at 2.] She then referred this argument back to the undersigned for consideration in the first instance. [Docket No. 150 at 2.]

On December 12, 2012, this court ruled that the AICs sufficiently specified Defendant's allegedly infringing products in accordance with Patent Local Rule 3-1(b). [Docket No. 162 at 4-5.] Nevertheless, the court held that if Plaintiff seeks to amend its infringement contentions to include Volterra products other than the 15 already specified, Plaintiff will need to demonstrate good cause. [Docket No. 162 at 5.]

Plaintiff served Defendant with its SAICs on November 2, 2012. (*See* Morando Decl. Ex. D (SAICs), Dec. 20, 2012.) Defendant now moves the court to strike Plaintiff's SAICs and to continue the stay of discovery. [Docket No. 165.] Defendant presents two arguments against Plaintiff's SAICs. It first contends that Plaintiff's claim chart (the "SAIC Chart") and assertions of infringement regarding the VT1195SFQ product "fail[] to specifically identify what structures in the VT1195SFQ meet each limitation of each asserted claim of the '730 Patent." (Mot. Strike i.) Defendant also asserts that the court should strike any assertion in the SAICs that any product other than that for which Plaintiff has provided a claim chart – the VT1195SFQ – infringes upon the '730 Patent, and should preclude Plaintiff from taking discovery regarding any other product. (Mot. Strike i.) Defendant also asks the court to continue the stay of discovery, including Defendant's deadline for serving invalidity contentions, until Plaintiff provides adequate infringement contentions. (Mot. Strike i.)

## II. The Claim Chart's Compliance with Patent Local Rule 3-1

### A. Applicable Law

The Court's Patent Local Rules aim to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. 09-1152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (citation and quotation marks omitted). Specifically, Patent Local Rule 3-1 is a discovery device that sets forth the standards for disclosing asserted claims and infringement contentions. It "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (citation and quotation marks omitted); *accord Bender v. Freescale Semiconductor, Inc.*, No. 09-1156 PHJ (MEJ), 2010 WL 1689465, at *2 (N.D. Cal. Apr. 26, 2010). The Rule requires that infringement contentions present "'each claim of each patent in suit that is allegedly infringed by each opposing party' and identify for each asserted claim 'each accused apparatus, product, device, process, method, act or instrumentality ("Accused Instrumentality") . . . of which the party is aware.'" *Bender*, 2010 WL 1689465, at *2 (ellipses in original) (quoting N.D. Cal. Patent L.R. 3-

1(a), (b)). Pursuant to subsection (c), the infringement contentions also must contain "a 'chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality.'" *Id.* (quoting N.D. Cal. Patent L.R. 3-1(c)); *accord Shared Memory Graphics, LLC v. Apple, Inc.*, No. 10-2475 MMC (JSC), 2011 WL 3878388, at *5 (N.D. Cal. Sept. 2, 2011); *Bender*, 2010 WL 1135762, at *2 (holding that, under Patent Local Rule 3-1(c), plaintiff must "compare an accused product to its patents on a claim by claim, element by element basis for . . . defendant's products") (citation and quotation marks omitted); *Intertrust Techs. Corp.*, 2003 WL 23120174, at *2 (same). Taken together, Patent Local Rule 3-1 mandates that a plaintiff's infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement" and "to raise a reasonable inference that all accused products infringe." *Shared Memory Graphics, LLC*, 2011 WL 3878388, at *4 (citations and quotation marks omitted); *accord Shared Memory Graphics, LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citing *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 203 F.3d 981, 986 (Fed. Cir. 2000)).

### B. Discussion

The SAIC Chart, which identifies the limitations for Claims 1-8 of the '730 Patent in the VT1195SFQ, does not comply with Patent Local Rule 3-1(c). In particular, the portions of the SAIC Chart that set forth the alleged infringement of Claim 1,[1] (Morando Decl. Ex. D App. A at 4-53,

---

[1] Claim 1 of the '730 Patent consists of the following:
1. A semiconductor power device comprising: first and second semiconductor regions,
   a plurality of first metal conductors coupled to the first semiconductor region, each of the plurality of first metal conductors having at least one bump in contact therewith,
   a plurality of second metal conductors coupled to the second semiconductor region, each of the plurality of second metal conductors having at least one bump in contact therewith, and
   a frame formed of high conductivity material, the frame comprising a plurality of first connection portions for connecting to the at least one bumps of the first metal conductors and a plurality of second connection portions for connecting to the at least one bumps of the second metal conductors, the frame providing external connections to the semiconductor regions of the device.
(Morando Decl. Ex. A ('730 Patent) at 9, Dec. 20, 2012.)

1 Dec. 20, 2012), do not specify which metal layer or layers[2] in the accused product allegedly match
2 up with certain claim limitations. For example, in mapping the accused product to the Claim 1
3 limitations that describe "a plurality of first [and second] metal conductors to the first [and second]
4 semiconductor region," Plaintiff references a birds-eye image of the VT1195SFQ, which Plaintiff
5 asserts "shows *a* metal layer." (*See* Morando Decl. Ex. D App. A at 11-12, 23-24 (emphasis added).)
6 This birds-eye perspective does not allow the viewer to discern whether the image depicts one or
7 multiple layers, let alone which specific layer(s) are shown. Even if Defendant could determine that
8 the image shows multiple layers, (*see* Lindsky Decl. ¶¶ 6, 7), Defendant still is entitled to know
9 which layer or layers allegedly infringe Plaintiff's patent.

10 In this case, Plaintiff knows more than it is showing. As Plaintiff recognized in its own IICs,
11 (*see* Morando Decl. Ex. B App. A at 6), as well as at oral argument, the VT1195SFQ has *multiple*
12 metal layers. To use Volterra's terminology, these include [[
13                                                                           ]]. (Lindsky Decl. ¶ 4, Dec. 20,
14 2012.) Plaintiff does not specify which metal layer or layers in the accused product allegedly map to
15 the "plurality of metal conductors" limitation in Claim 1 of the '730 patent. Nor does Plaintiff
16 reference a cross-section image of the VT1195SFQ that clearly shows the existence of multiple and
17 distinct metal layers, even though Plaintiff has such an image, and relied on it in the past, (*see*
18 Morando Decl. Ex. B App. A at 6). As a result, the SAICs do not put Defendant on fair notice of
19 the alleged location of these claims limitations in the accused instrumentality. The Patent Local
20 Rules do not tolerate this kind of obfuscation. *Bender*, 2010 WL 1689465, at *2; *accord Shared*
21 *Memory Graphics, LLC*, 2011 WL 3878388, at *5; *Bender*, 2010 WL 1135762, at *2; *Intertrust*
22 *Techs. Corp.*, 2003 WL 23120174, at *2.

23 Plaintiff's failure to specify which metal layer(s) in the VT1195SFQ comprise "a plurality of
24 first [and second] metal conductors to the first [and second] semiconductor region" renders other
25 portions of its SAICs defective. When the SAIC Chart maps "each of the plurality of first [and
26 second] metal conductors having at least one bump in contact therewith," (*see* Morando Decl. Ex. D

---

28 [2] During the motion hearing, Plaintiff conceded that the VT1195SFQ has [[   ]] metal layers.

App. A at 15-20, 26-32), it is unclear which metal layer or combination of layers qualifies as the respective metal conductors. Similarly, Plaintiff states in its doctrine of equivalents contentions that "[i]f [Defendant] argues that *the identified metal layer* does not literally meet this limitation [a plurality of first [and second] metal conductors to the first [and second] semiconductor region] . . . , [Plaintiff] contends that it would meet the . . . limitation . . . under the doctrine of equivalents." (Morando Decl. Ex. D App. A at 14, 26 (emphasis added).) It is unclear how Defendant could argue that "the identified metal layer" does not literally meet the limitation when Plaintiff has not identified the precise metal layer(s) in the first instance. The problem again arises when Plaintiff crafts doctrine of equivalents contentions premised on Defendant's arguing that "the bumps are not literally 'in contact' with *the plurality of first* [*and second*] *metal conductors*." (Morando Decl. Ex. D App. A at 21-22, 34 (emphasis added).) Because Plaintiff has not specifically identified which metal layer(s) in the VT1195SQF correspond to the respective metal conductors, Defendant could never posit this argument.[3]

Rule 3-1 requires a patent plaintiff to forthrightly set forth the specifics of its infringement contentions. Plaintiff knows that more than one metal layer exists. Plaintiff's vague reference to "a metal layer" masks the exact substance of its allegations and does not "'crystallize [Plaintiff's] theories of the case,'" as Rule 3-1 commands. *Network Caching Tech., LLC*, 2003 WL 21699799, at *4 (quoting *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)). Under Rule 3-1(c), Plaintiff may not craft its infringement contentions "without *specifically* identifying what in the device satisfies the limitation." *Shared Memory Graphics, LLC*, 2011 WL 3878388, at *6 (emphasis added) (citation omitted). It must "identify[] *specifically* where each limitation of each asserted claim is found within" the VT1195SFQ, N.D. Cal. Patent L.R. 3-1(c) (emphasis added), which necessitates a level of detail that reverse engineering or its equivalent would provide. *Rambus, Inc. v. NVIDIA Corp.*, No. 08-3343 SI, slip op. at 10 (N.D. Cal. Aug. 24, 2011); *see*

---

[3] Contrary to Defendant's implication, the court did not find Plaintiff's doctrine of equivalents contentions in its AICs "vague and unclear." (Mot. Strike 16 n.9.) The court held that "Plaintiff's invocation of the doctrine of equivalents for several limitations of Claim 1 of the '730 patent comport with case law and the Patent Local Rules," and denied Defendant's motion to strike them. [Docket No. 134 at 7-8.]

*Implicit Networks, Inc. v. HP Co.*, No. 10-3746 SI, 2011 WL 3954809, at *3 (N.D. Cal. Sept. 7, 2011); *Network Caching Tech., LLC*, 2003 WL 21699799, at *4. Plaintiff reverse-engineered the VT1195SFQ and presumably knows -- and now must state -- which metal layer(s) allegedly correspond to the claim limitations. Because the SAIC Chart does not comply with Rule 3-1, the court finds it deficient and grants Plaintiff leave to amend.[4]

### III. Discovery

Courts generally stay a patent defendant's discovery obligations "[u]ntil [the] plaintiff meets the burden of providing infringement contentions compliant with Patent L.R. 3-1." *Bender*, 2010 WL 1135762, at *2; *see Shared Memory Graphics, LLC*, 2011 WL 3878388, at *7 (citation omitted). Accordingly, the court stays discovery from Defendant, including service of invalidity contentions, until 14 days after Plaintiff serves its revised infringement contentions or the court resolves any related motions, whichever is later.

### IV. Conclusion

For the reasons provided above, the court grants in part and denies in part Defendant's motion. The court finds Plaintiff's Second Amended Infringement Contentions' claim chart deficient and grants Plaintiff leave to amend. The court also grants Plaintiff leave to amend any part of the Second Amended Infringement Contentions so that it conforms to any revised claim chart it may submit. Any amendments must be made solely to bring Plaintiff's infringement contentions into accordance with this order.[5] Plaintiff shall serve Defendant with its Third Amended Infringement Contentions by no later than February 14, 2013. Defendant shall file any motion challenging the Third Amended Infringement Contentions by March 7, 2013. The court stays discovery until 14

---

[4] The SAICs are also defective to the extent that the remaining disputed claims are all dependent upon Claim 1. Because Plaintiff's SAIC Chart for the VT1195SFQ is not in accordance with law, the court does not reach the issue of whether the chart also is representative of the other products identified in the Second Amended Complaint.

[5] In the October 3, 2012 order and this order, the court has granted Plaintiff leave to amend its doctrine of equivalents contentions only for the purpose of purging them of the flaws resulting from the defects within its literal infringement contentions. [*See* Docket No. 134 at 8.] If Plaintiff presents doctrine of equivalents contentions in its Third Amended Infringement Contentions, they may not depart from those in its AICs, save for modifications made pursuant to these two rulings.

days after Plaintiff serves its Third Amended Infringement Contentions or the court resolves any related motions, whichever is later.

IT IS SO ORDERED.

Dated: January 28, 2013



_____
DONNA M. RYU
United States Magistrate Judge