United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   INFINEON TECHNOLOGIES AG,                    No. C 11-6239 MMC

12            Plaintiff,                          **ORDER GRANTING WITH LEAVE TO
                                                  AMEND PLAINTIFF'S MOTION TO**
13      v.                                        **DISMISS DEFENDANT'S
                                                  COUNTERCLAIMS AND TO STRIKE**
14   VOLTERRA SEMICONDUCTOR                       **DEFENDANT'S AFFIRMATIVE**
     CORPORATION,                                 **DEFENSES**
15
              Defendant.
16   _____/

17

18        Before the Court is plaintiff Infineon Technologies AG's ("Infineon") "Motion to

19   Dismiss Volterra's Counterclaims and Strike Volterra's Affirmative Defenses," filed January

20   3, 2013.  Defendant Volterra Semiconductor Corporation ("Volterra") has filed opposition, to

21   which Infineon has replied.  Having read and considered the papers submitted in support of

22   and in opposition to the motion, the Court hereby GRANTS the motion and rules as

     follows.[1]
23
          1.  Volterra's counterclaims for declaratory judgment of invalidity are, in each
24
     instance, hereby DISMISSED, with leave to amend, for failure to plead "'sufficient factual
25
     matter . . . to state a claim for relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556
26

27
     _____
28        [1] By order filed February 6, 2013, the Court deemed the matter appropriate for
     decision on the parties' respective filings and vacated the hearing scheduled for February
     8, 2013.

1  U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see</u>

2  <u>also</u> <u>Qarbon.com v. eHelp Corp.</u>, 315 F.Supp.2d 1046, 1050-1051 (N.D. Cal 2004)

3  (dismissing counterclaim alleging patent "invalid and void under the provisions of Title 35,

4  United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103, and/or 112"); <u>In re</u>

5  <u>Bill of Lading</u>, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (holding "[Federal Rule of Civil

6  Procedure] Form 18 should be strictly construed as measuring only the sufficiency of

7  allegations of direct infringement").

8          2.   Volterra's counterclaims for declaratory judgment of direct non-infringement are,

9  in each instance, hereby DISMISSED with leave to amend.  Although the Court agrees with

10  Volterra that its counterclaims for declaratory judgment of direct non-infringement are to be

11  evaluated under Form 18, <u>see</u> <u>In re Bill of Lading</u>, 681 F.3d at 1334 (holding direct

12  infringement claims "measured by the specificity required by Form 18"); <u>PageMelding, Inc.</u>,

13  2012 WL 3877686 at *2 (applying Form 18 standard to counterclaim for declaratory

14  judgment of direct non-infringement), Volterra fails to meet even those limited

15  requirements.  <u>See</u> Fed. R. Civ. Pro. Form 18 (identifying, as example of infringing

16  products, "electric motors").

17          3.   Volterra's counterclaims for declaratory judgment of indirect non-infringement

18  are, in each instance, hereby DISMISSED, with leave to amend, for failure to plead

19  sufficient facts to support said claims.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>In re Bill of Lading</u>, 681

20  F.3d at 1336-37 (holding <u>Iqbal</u> and <u>Twombly</u>, not Form 18, govern claims of indirect

21  infringement).  Although the scope of such declaratory relief arguably is defined by the

22  claims as set forth in Infineon's Second Amended Complaint, Volterra bears the burden of

23  proof on its counterclaims, and, accordingly, the Court finds Volterra is required to set forth,

24  in accordance with <u>Iqbal</u> and <u>Twombly</u>, the parameters of its claims.  <u>See</u> <u>PageMelding,</u>

25  <u>Inc. v. ESPN, Inc.</u>, 11-06263, 2012 WL 3877686 at *3 (N.D. Cal. Sept. 6, 2012) (holding

26  defendant must satisfy <u>Iqbal</u> in pleading counterclaim seeking declaration of indirect non-

27  infringement).

28

1         4.  Volterra's First,[2] Second, Third, Fifth, Sixth, Seventh,[3] Eighth, Ninth, and Tenth

2    Affirmative Defenses are hereby STRICKEN, with leave to amend, for failure to provide "fair

3    notice" of the bases of the defenses asserted, see Wyshak v. City Nat. Bank, 607 F.2d 824,

4    827 (9th Cir. 1979) (applying "fair notice" pleading standard of Conley v. Gibson, 355 U.S.

5    41 (1957), to affirmative defenses), and, as the Supreme Court has made clear, fair notice

6    requires more than "'labels and conclusions' or 'a formulaic recitation of . . . elements'" see

7    Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).[4]  To the extent Volterra cites to

8    district court opinions suggesting that by reason of custom or the Patent Local Rules of this

9    district nothing more than a listing of cognizable affirmative defenses will suffice, this Court,

10   in light of the above-cited authority, is not persuaded.  Moreover, to the extent Volterra

11   argues it should not be required to "plead with more specificity because the information is in

12   the plaintiff's hands" (see Opp'n at 6:17-18), such concern can be adequately

13   accommodated by the Court's "grant[ing] leave to [Volterra] to amend its answer at such

14   time as [Volterra] becomes aware of facts tending to show the plausibility of additional

15   affirmative defenses."  See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,

16   718 F. Supp. 2d 1167, 1173 (2010).

17

18       [2] To the extent Infineon challenges Volterra's First Affirmative Defense on the
     ground that non-infringement does not constitute an affirmative defense, Volterra's
19   argument is not persuasive. See 35 U.S.C. § 282  (providing "noninfringement" is a defense
     "in any action involving the validity or infringement of a patent and shall be pleaded");
20   Monsanto Co. v. Scruggs, 459 F.3d 1328, 1334 (Fed. Cir. 2006) (citing 35 U.S.C. § 282;
     holding "affirmative defenses to infringement include noninfringement").
21

22       [3] The parties dispute whether Rule 9(b) of the Federal Rules of Civil Procedure
     applies to the Seventh and Ninth Affirmative Defenses.  Unless and until Volterra files an
23   amended pleading basing such affirmative defenses on fraudulent conduct, the Court need
     not address said dispute.

24       [4] The question of whether Iqbal and Twombly apply to affirmative defenses has not
     been addressed by the Supreme Court or the Ninth Circuit.  The Court is persuaded,
25   however, by the reasoning of those district courts that have held said decisions are
     applicable.  See, e.g., Powertech Tech., Inc. v. Tessera, Inc., 10-0945, 2012 WL 1746848
26   at *4 (N.D. Cal. May 16, 2012) (citing six cases holding Iqbal and Twombly applicable to
     affirmative defenses); Perez v. Gordon & Wong Law Group, P.C., 11-03323, 2012 WL
27   1029425 at *8 (N.D. Cal. Mar. 26, 2012) (citing six cases); Hayne v. Green Ford Sales,
     Inc., 263 F.R.D. 647, 650 (D. Kan. 2009) (citing nine cases).
28

5.  Volterra's Fourth Affirmative Defense is hereby STRICKEN, without leave to amend, for the reason that it alleges a failure of proof.  See Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

6.  Volterra's Amended Answer and Counterclaims shall be filed no later than March 1, 2013.

**IT IS SO ORDERED.**

Dated: February 7, 2013

MAXINE M. CHESNEY
United States District Judge

4