United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INFINEON TECHNOLOGIES AG,

        Plaintiff,

  v.

VOLTERRA SEMICONDUCTOR
CORPORATION,

        Defendant.

_____/

No. C 11-6239 MMC

**ORDER GRANTING WITH LEAVE TO
AMEND PLAINTIFF'S MOTION TO
DISMISS DEFENDANT'S
COUNTERCLAIMS AND TO STRIKE
DEFENDANT'S AFFIRMATIVE
DEFENSES**

Before the Court is plaintiff Infineon Technologies AG's ("Infineon") "Motion to

Dismiss Volterra's Counterclaims and Strike Volterra's Affirmative Defenses," filed January

3, 2013.  Defendant Volterra Semiconductor Corporation ("Volterra") has filed opposition, to

which Infineon has replied.  Having read and considered the papers submitted in support of

and in opposition to the motion, the Court hereby GRANTS the motion and rules as

follows.[1]

    1.  Volterra's counterclaims for declaratory judgment of invalidity are, in each

instance, hereby DISMISSED, with leave to amend, for failure to plead "'sufficient factual

matter . . . to state a claim for relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556

_____

[1] By order filed February 6, 2013, the Court deemed the matter appropriate for
decision on the parties' respective filings and vacated the hearing scheduled for February
8, 2013.

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Qarbon.com v. eHelp Corp., 315 F.Supp.2d 1046, 1050-1051 (N.D. Cal 2004) (dismissing counterclaim alleging patent "invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103, and/or 112"); In re Bill of Lading, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (holding "[Federal Rule of Civil Procedure] Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement").

2. Volterra's counterclaims for declaratory judgment of direct non-infringement are, in each instance, hereby DISMISSED with leave to amend. Although the Court agrees with Volterra that its counterclaims for declaratory judgment of direct non-infringement are to be evaluated under Form 18, see In re Bill of Lading, 681 F.3d at 1334 (holding direct infringement claims "measured by the specificity required by Form 18"); PageMelding, Inc., 2012 WL 3877686 at *2 (applying Form 18 standard to counterclaim for declaratory judgment of direct non-infringement), Volterra fails to meet even those limited requirements. See Fed. R. Civ. Pro. Form 18 (identifying, as example of infringing products, "electric motors").

3. Volterra's counterclaims for declaratory judgment of indirect non-infringement are, in each instance, hereby DISMISSED, with leave to amend, for failure to plead sufficient facts to support said claims. See Iqbal, 556 U.S. at 678; In re Bill of Lading, 681 F.3d at 1336-37 (holding Iqbal and Twombly, not Form 18, govern claims of indirect infringement). Although the scope of such declaratory relief arguably is defined by the claims as set forth in Infineon's Second Amended Complaint, Volterra bears the burden of proof on its counterclaims, and, accordingly, the Court finds Volterra is required to set forth, in accordance with Iqbal and Twombly, the parameters of its claims. See PageMelding, Inc. v. ESPN, Inc., 11-06263, 2012 WL 3877686 at *3 (N.D. Cal. Sept. 6, 2012) (holding defendant must satisfy Iqbal in pleading counterclaim seeking declaration of indirect non-infringement).

2

4.  Volterra's First,[2] Second, Third, Fifth, Sixth, Seventh,[3] Eighth, Ninth, and Tenth Affirmative Defenses are hereby STRICKEN, with leave to amend, for failure to provide "fair notice" of the bases of the defenses asserted, see Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979) (applying "fair notice" pleading standard of Conley v. Gibson, 355 U.S. 41 (1957), to affirmative defenses), and, as the Supreme Court has made clear, fair notice requires more than "'labels and conclusions' or 'a formulaic recitation of . . . elements'" see Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).[4]  To the extent Volterra cites to district court opinions suggesting that by reason of custom or the Patent Local Rules of this district nothing more than a listing of cognizable affirmative defenses will suffice, this Court, in light of the above-cited authority, is not persuaded.  Moreover, to the extent Volterra argues it should not be required to "plead with more specificity because the information is in the plaintiff's hands" (see Opp'n at 6:17-18), such concern can be adequately accommodated by the Court's "grant[ing] leave to [Volterra] to amend its answer at such time as [Volterra] becomes aware of facts tending to show the plausibility of additional affirmative defenses."  See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (2010).

---

[2] To the extent Infineon challenges Volterra's First Affirmative Defense on the ground that non-infringement does not constitute an affirmative defense, Volterra's argument is not persuasive. See 35 U.S.C. § 282  (providing "noninfringement" is a defense "in any action involving the validity or infringement of a patent and shall be pleaded"); Monsanto Co. v. Scruggs, 459 F.3d 1328, 1334 (Fed. Cir. 2006) (citing 35 U.S.C. § 282; holding "affirmative defenses to infringement include noninfringement").

[3] The parties dispute whether Rule 9(b) of the Federal Rules of Civil Procedure applies to the Seventh and Ninth Affirmative Defenses.  Unless and until Volterra files an amended pleading basing such affirmative defenses on fraudulent conduct, the Court need not address said dispute.

[4] The question of whether Iqbal and Twombly apply to affirmative defenses has not been addressed by the Supreme Court or the Ninth Circuit.  The Court is persuaded, however, by the reasoning of those district courts that have held said decisions are applicable.  See, e.g., Powertech Tech., Inc. v. Tessera, Inc., 10-0945, 2012 WL 1746848 at *4 (N.D. Cal. May 16, 2012) (citing six cases holding Iqbal and Twombly applicable to affirmative defenses); Perez v. Gordon & Wong Law Group, P.C., 11-03323, 2012 WL 1029425 at *8 (N.D. Cal. Mar. 26, 2012) (citing six cases); Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009) (citing nine cases).

1    5.  Volterra's Fourth Affirmative Defense is hereby STRICKEN, without leave to

2  amend, for the reason that it alleges a failure of proof.  See Zivkovic v. S. California Edison

3  Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has

4  not met its burden of proof is not an affirmative defense.").

5    6.  Volterra's Amended Answer and Counterclaims shall be filed no later than March

6  1, 2013.

7    **IT IS SO ORDERED.**

8  Dated: February 7, 2013

9                                                    MAXINE M. CHESNEY
                                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4