1  James W. Morando (State Bar No. 087896)
    jmorando@fbm.com
2  Jeffrey M. Fisher (State Bar No. 155284)
    jfisher@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Attorneys for Defendant
   VOLTERRA SEMICONDUCTOR
7  CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| INFINEON TECHNOLOGIES AG, a German corporation, | Case No. CV 11-06239 MMC |
|---|---|
| Plaintiff, | **DEFENDANT VOLTERRA SEMICONDUCTOR CORPORATION'S OPPOSITION TO PLAINTIFF INFINEON'S SECOND MOTION TO DISMISS VOLTERRA'S COUNTERCLAIMS AND STRIKE VOLTERRA'S AFFIRMATIVE DEFENSES** |
| vs. | |
| VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation, | |
| Defendant. | Date:    April 19, 2013<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 7, 19th Floor<br>Judge:   Honorable Maxine M. Chesney |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

# Memorandum of Points and Authorities

## Table of Contents

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ISSUES TO BE DECIDED | | 2 |
| III. | PROCEDURAL HISTORY | | 2 |
| IV. | LEGAL STANDARDS | | 4 |
| V. | ARGUMENT | | 5 |
| | A. | Volterra's Invalidity Counterclaim and Affirmative Defense Are Sufficient And Comply with the Court's Order | 5 |
| | B. | Volterra's Indirect Non-Infringement Counterclaims and Affirmative Defense Also Comply with the Court's Order | 8 |
| | C. | Volterra's Fifth Affirmative Defense Is Proper Because the Same Basic Facts Support Each of Volterra's Equitable Defenses | 10 |
| | D. | Volterra Sufficiently Pleaded Its Prosecution History Estoppel Defense | 14 |
| | E. | If the Court Grants Any Part of Infineon's Motion, It Should Grant Volterra Leave To Amend Because It Would Not Cause Any Prejudice to Infineon | 15 |
| VI. | CONCLUSION | | 16 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- i -

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) ........................................................................... 11

*Ansari v. Electric Document Processing, Inc.*,
  2013 WL 664676 (N.D. Cal. Feb. 22, 2013) ...................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 1, 4, 5

*Barnes & Noble, Inc. v. LSI Corp.*,
  849 F. Supp. 2d 925 (N.D. Cal. 2012) ........................................................ 4, 7, 14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 4, 6

*Bender v. LG Elecs. U.S.A., Inc.*,
  2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ..................................................... 16

*Cleversafe. Inc. v. Amplidata, Inc.*,
  2011 WL 6379300 (N.D. Ill. Dec. 20, 2011) ....................................................... 7

*De Forest Radio Tel. Co. v. United States*,
  273 U.S. 236 (1927) .......................................................................................... 13

*Diamond State Ins. Co. v. Marin Mountain Bikes, Inc.*,
  2012 WL 6680259 (N.D. Cal. Dec. 21, 2012) ................................................... 15

*Elan Pharma International Ltd. v. Lupin Ltd.*,
  2010 WL 1372316 (D.N.J. Mar. 31, 2010) ....................................................... 6, 9

*Iconfind, Inc. v. Google, Inc.*,
  2011 WL 4505779 (E.D. Cal. Aug. 2, 2011) ................................................. 7, 8, 9

*J & J Sports Prods., Inc. v. Mendoza-Govan*,
  2011 WL 1544886, at *7 (N.D. Cal. Apr. 25, 2011) .......................................... 10

*Levi Strauss & Co. v. Shilon*,
  121 F.3d 1309 (9th Cir. 1997) ........................................................................... 11

*Lucent Techs. Inc. v. Gateway, Inc.*,
  470 F. Supp. 2d 1187 (S.D. Cal. 2007) .............................................................. 11

*Lynch v. Cont'l Grp., Inc.*,
  2013 WL 166226 (S.D. Fla. Jan. 15, 2013) ....................................................... 10

*McKesson Information Solutions LLC v. Trizetto Grp., Inc.*,
  426 F. Supp. 2d 203 (D. Del. 2006) ................................................................... 11

*NL Industries, Inc. v. Kaplan*,
  792 F.2d 896 (9th Cir. 1986) ............................................................................... 4

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC                - ii -

*PB Farradyne, Inc. v. Peterson*,
   2006 WL 132182 (N.D. Cal. Jan. 17, 2006) ................................................................. 5

*Pfizer Inc. v. Apotex Inc.*,
   726 F. Supp. 2d 921 (N.D. Ill. 2010) ............................................................... 6, 7, 9

*Proctor & Gamble Co. v. Team Techs., Inc.*,
   2012 WL 6001753 (S.D. Ohio Nov. 30, 2012) ................................................................. 7

*Qarbon.com Inc. v. eHelp Corp.*,
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) ........................................................ 3, 4, 5, 6, 15

*STMicroelectronics, Inc. v. Sandisk Corp.*,
   2006 WL 1624534 (E.D. Tex. June 12, 2006) ............................................................... 12

*Teirstein v. AGA Med. Corp.*,
   2009 WL 704138 (E.D. Tex. Mar. 16, 2009) ................................................................. 6

*Tompkins v. Central Laborers' Pension Fund*,
   2009 WL 3836893 (C.D. Ill. Nov. 16, 2009) ............................................................... 10

*Winbond Elecs. Corp. v. ITC*,
   262 F.3d 1363 (Fed. Cir. 2001) ........................................................................ 11, 13

*Wyshak v. City National Bank*,
   607 F.2d 824 (9th Cir. 1979) ............................................................................ 4, 15

**FEDERAL STATUTES**

35 U.S.C. §§ 101, 102, 103, 112 ................................................................................ 5

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P.
   8(a) ............................................................................................................ 6
   9(b) ................................................................................................... 2, 12, 14
   10(b) .................................................................................................. 10, 12, 13
   12(b)(6) ....................................................................................................... 4
   12(f) .......................................................................................................... 4

Patent L.R.
   3-1 ................................................................................................. 1, 7, 9, 16
   3-3(a) ......................................................................................................... 6
   4-1 ......................................................................................................... 7, 9

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

I. **INTRODUCTION**

Volterra Semiconductor Corporation's ("Volterra's") amended counterclaims and affirmative defenses (Dkt. 203) provide plaintiff Infineon Technologies AG ("Infineon") fair notice of Volterra's defenses and counterclaims and fully comply with the Court's February 7, 2013 Order. In that Order, the Court found that Volterra's initial affirmative defenses and counterclaims did not "plead 'sufficient factual matter.'" (Dkt. 198 at 1, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) In response to the Court's Order, Volterra added factual allegations supporting each defense and counterclaim. Neither the Court's Order nor case law require anything more.

Despite Volterra's amendments, Infineon has again moved to strike and/or dismiss certain of Volterra's defenses and counterclaims and has raised new arguments regarding what Volterra must plead,[1] *including that Volterra must identify specific prior art references and non-infringement arguments in its defenses and counterclaims*. The Court should deny Infineon's motion because it is unsupported by case law and is an attempt to circumvent this District's Patent Local Rules and Magistrate Judge Ryu's orders staying discovery as to Volterra in this action, including the deadline for Volterra to serve its invalidity contentions, due to Infineon's failure to provide adequate infringement contentions pursuant to Patent L.R. 3-1. Indeed, Infineon recently served its *third* amended infringement contentions, which inexplicably remain deficient, notwithstanding Magistrate Judge Ryu's multiple prior orders setting forth in detail the information Infineon is required to provide in its infringement contentions. (*See, e.g.*, Dkt. 209, Volterra's motion to strike Infineon's third amended infringement contentions; Dkt. 132, October 3, 2012 Order finding Infineon's Amended Infringement Contentions deficient and staying discovery as to Volterra, including the deadline for Volterra to serve its invalidity contentions; and Dkt. 193, January 28, 2013 Order finding Infineon's Second Amended Infringement Contentions deficient and again staying discovery as to Volterra, including the deadline for

---

[1] In light of the amendments Volterra made in response to the Court's February 7, 2013 Order, Infineon no longer challenges the sufficiency of Volterra's direct non-infringement counterclaims and affirmative defense or its limitation on damages and license/exhaustion affirmative defenses.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC         - 1 -

Volterra to serve its invalidity contentions). As Infineon apparently remains unwilling or unable to provide adequate infringement contentions, which would trigger Volterra's obligation to provide invalidity contentions and lift the stay of discovery as to Volterra, Infineon is now seeking to sidestep Magistrate Judge Ryu's Orders and the Patent Local Rules by forcing Volterra to prematurely prepare and set forth specific invalidity and non-infringement theories in its affirmative defenses and declaratory judgment counterclaims. Indeed, Infineon goes so far as to argue that Volterra must disclose specific prior art references and non-infringement arguments, even though Infineon identifies no case supporting such a request. (Dkt. 217 at 6, 10.)

Infineon's attacks on the sufficiency of Volterra's equitable defenses, including laches, unclean hands, equitable estoppel and waiver, as well as its attack on the sufficiency of Volterra's prosecution history affirmative defense are similarly misplaced. In each instance, Volterra has amended its answer to plead additional factual matter, as the Court required in its February 7, 2013 Order. Infineon's argument that Volterra's affirmative defenses must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b) is merely a re-hash of the argument Infineon made in its first motion to dismiss and strike. (*See* Dkt. 172 at 10–11.) The Court expressly declined to address that argument in its February 7, 2013 Order (Dkt. 198 at 3 n.3), and Infineon's improper request that the Court reconsider this ruling should be rejected.

Infineon's Motion should be denied. If for any reason the Court disagrees, Volterra should of course be afforded leave to amend to correct any deficiencies in its answer and counterclaims.

II. **ISSUES TO BE DECIDED**

1. Whether the Court should deny Infineon's motion to strike and dismiss several of Volterra's affirmative defenses and counterclaims;

2. If not, whether the Court should grant Volterra leave to amend its affirmative defenses and counterclaims.

III. **PROCEDURAL HISTORY**

In its first motion to strike, Infineon argued that Volterra failed to plead "factual allegations" supporting its counterclaims and affirmative defenses, which "deprive[d] Infineon of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 2 -

the fair notice of the bases for Volterra's counterclaims and affirmative defenses." (Dkt. 172 at 12.) After briefing on that motion, the Court found that Volterra had not pleaded sufficient "factual matter" supporting its invalidity counterclaims and affirmative defense. (Dkt. 198 ¶ 1, citing *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050–51 (N.D. Cal. 2004).) The Court also found that Volterra had not identified the non-infringing products sufficiently to support its direct non-infringement counterclaims and affirmative defense (*id.* ¶ 2); had not delineated "the parameters of its" indirect non-infringement claims (*id.* ¶ 3); and had failed to provide "fair notice" of several of its affirmative defenses (*id.* ¶ 4). The Court also struck without leave to amend Volterra's "no attorneys fees" defense. (*Id.* ¶ 5.)

In compliance with the Court's Order, and in response to the arguments in Infineon's first motion to dismiss and strike, Volterra amended its answer and counterclaims by adding factual allegations in support of each counterclaim and defense. In particular, to support and define its non-infringement and invalidity counterclaims, Volterra's Amended Answer and Counterclaims now identify the category of non-infringing products ("fcQFN" or "flip-chip quad flat no-lead" chips) identified in Infineon's complaint and list fifteen non-infringing products by name. (Dkt. 203 at 39.) In addition, whereas Volterra's initial Answer and Counterclaims simply alleged that the patents-in-suit failed to comply with "one or more of the requirements" of Sections 101, 102, 103 and/or 112 of the Patent Act, Volterra now identifies specific statutory sections and/or subsections and alleges that the asserted patents are "not new or novel in light of the prior art"; "lack patentable subject matter"; "are obvious in light of the prior art"; and are indefinite because they "fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions." (*Id.* at 40.)

Volterra also added numerous factual allegations to its affirmative defenses. For example, Volterra now supports its prosecution history estoppel defense by alleging that the applicants for the asserted patents made "statements [] during the prosecution of the patents-in-suit or related applications" that bar Infineon's "proposed claim constructions" and its ability to prove infringement. (*Id.* at 36.) To support its equitable defenses of laches, equitable estoppel, unclean hands, and waiver, Volterra now alleges that Infineon "delayed filing this action for an

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 3 -

unreasonably long and inexcusable period of time to the detriment of Volterra and its customers." (*Id.* at 37.) Volterra further alleges that Infineon delayed filing suit despite its knowledge of Volterra through its longstanding "interest[] in acquiring Volterra" and its study of "Volterra's products and technology for many years." (*Id.*)

Volterra's amendments comply with the Court's Order because Volterra now provides "fair notice" of and pleads sufficient factual matter supporting its counterclaims and defenses. Nonetheless, Infineon again moves to dismiss and strike certain of Volterra's counterclaims and affirmative defenses. As noted above, Infineon no longer challenges Volterra's direct non-infringement counterclaims and affirmative defenses or its limitation on damages and license/exhaustion defenses.

## IV. LEGAL STANDARDS

Counterclaims are sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if they allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require "heightened fact pleading of specifics." *Id.* "Plausibility" under *Twombly* does not mean "probability." *Id.* at 556. Furthermore, in analyzing this motion to dismiss, the court must accept as true all factual allegations in Volterra's amended answer and must construe the facts in the light most favorable to Volterra. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). This Court has held that the standard for motions to dismiss counterclaims also applies to motions to strike affirmative defenses under Rule 12(f). (Dkt. 198 at 3 n.4.)

Courts in the Northern District have recognized that there is a tension between the Rule 8 pleading standards and the District's Patent Local Rules: "there is much uncertainty as to the applicability of *Twombly* and *Iqbal* to patent litigation generally, at least where, as here, the local rules prescribe a detailed process requiring prompt disclosure of specific bases for claims and defenses." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012). Motions to dismiss or strike may be particular inappropriate where they "depend on the nature of the infringement claims when such claims are not detailed in the complaint[.]" *Id.*

When courts grant motions to strike or to dismiss, it is well-settled that leave to amend

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 4 -

should be "freely given when doing so would not prejudice the other party." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

V. **ARGUMENT**

Volterra's amended counterclaims and affirmative defenses comply with the Court's February 7, 2013 Order and the Federal Rules of Civil Procedure. The Court should reject Infineon's demands for more, including its wholly unsupported contention that Volterra be required to plead particular prior art references in its invalidity counterclaims and affirmative defense and/or cite specific claim elements in its non-infringement counterclaims and defense.

### A. Volterra's Invalidity Counterclaim and Affirmative Defense Are Sufficient And Comply with the Court's Order

As discussed above, in response to the Court's February 7, 2013 Order, Volterra amended its invalidity counterclaim and affirmative defense and now pleads elements and factual matter sufficient to put Infineon on notice of Volterra's defenses and claims. Nothing more is required. In its February 7, 2013 Order, the Court dismissed Volterra's invalidity counterclaim, stating that it failed to "plead sufficient factual matter." (Dkt. 198 at 1, quoting *Iqbal*, 556 U.S. at 678.) In support of its holding, the Court cited *Qarbon.com Inc. v. eHelp Corp.*, which dismissed an invalidity counterclaim that "simply plead[ed] the citation" by alluding to "35 U.S.C. §§ 101, 102, 103, and/or 112." *Qarbon.com*, 315 F. Supp. 2d at 1050–51 (quoted at Dkt. 198 ¶ 1). This is what Volterra had alleged in its ***initial*** counterclaim, which the Court determined to be insufficient. In its amended invalidity counterclaims, however, Volterra has identified specific statutory sections and/or subsections and included factual allegations describing why Infineon's patents are invalid under these provisions: the patents "lack patentable subject matter"; are "not novel in light of the prior art"; are "obvious in light of the prior art"; and are indefinite for failure "to provide an adequate written description" or to "enable one of skill in the art to make" the alleged inventions). (Dkt. 203 ¶¶ 133, 140, 147, 154.) Neither *Qarbon* nor the Court's Order require more. Indeed, *Qarbon* and *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006), upon which Infineon also relies, simply hold that a party cannot "plead a statute" in an invalidity counterclaim. *See PB Farradyne*, 2006 WL 132182, at *2–3 (finding insufficient

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 5 -

declaratory relief complaint for invalidity that alleged patents invalid "for failure to meet one or more of the requirements of [the Patent Act], including the requirements of sections 102, 103, 112 and/or other applicable statutes."); *Qarbon*, 315 F. Supp. 2d at 1050–51 (same). As set forth above, in response to the Court's February 7, 2013 Order, Volterra's amended counterclaims now provide *specific factual bases* to support its allegations and tie them to *specific sections and/or subsections* of the patent act.

Infineon nonetheless complains that Volterra's amended counterclaims are insufficient because Volterra "does not identify even one example of [] prior art" in its invalidity counterclaims. (Dkt. 217 at 6.) Notably, Infineon does not cite a single case requiring a counterclaimant to identify prior art in the counterclaim itself, and in fact, other courts have expressly rejected such a requirement in light of their local rules requiring that invalidity contentions provide such details. For example, in *Teirstein v. AGA Med. Corp.*, the court rejected the plaintiff's argument that the defendant's answer was deficient for failing to "list any prior art that would invalidate" the patent-in-suit. 2009 WL 704138, at *3 (E.D. Tex. Mar. 16, 2009) (quoting plaintiff's motion). The court held that "neither *Twombly*, nor Rule 8 require such assertions" and that "a counterclaim for a declaratory judgment of invalidity . . . will be sufficient under Rule 8 without detailing every facet of the factual assertions regarding invalidating prior art." *Id.* Other courts have similarly pointed to patent local rules in permitting pleadings that had even less factual support than Volterra's does here. *See, e.g.*, *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 938 (N.D. Ill. 2010) ("[L]ocal patent rules requiring similar disclosures militate against dismissal of counterclaims for failure to meet the pleading requirements of Rule 8(a)."); *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, 2010 WL 1372316, at *5 (D.N.J. Mar. 31, 2010) ("This motion [to strike and dismiss] suggests a factual disclosure that the Federal Circuit does not require, and a disclosure that, if required here, would make [the patent local rules] superfluous.").

As in *Teirstein* and *Elan*, Infineon's demand here would undermine the purpose of this District's Patent Local Rules, which require invalidity contentions that identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Patent L.R. 3-3(a). Infineon's demand for additional information at this point is particularly misplaced considering

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC     - 6 -

that Infineon has not yet even identified which claims are at issue for three of the four patents-in-suit, proceedings as to which have been stayed at Infineon's request. "It is unreasonable to expect a party to detail affirmative defenses which depend on the nature of the infringement claims when such claims are not detailed in the complaint[.]" *Barnes & Noble*, 849 F. Supp. 2d at 929. This District's Patent Local Rules require both parties to provide more detailed information regarding their claims and defenses and, as this Court has recognized before in addressing the sufficiency of Infineon's Complaint, the Rules should be allowed to serve their function. (Dkt. 125 at 4 n.3 (refusing to require Infineon to provide additional details supporting its infringement allegations in its complaint and citing Patent L.R. 3-1, 4-1).) Indeed, as discussed above, Infineon's request seeks to circumvent Magistrate Judge Ryu's multiple orders finding that successive rounds of Infineon's infringement contentions have been deficient and staying discovery as to Volterra, including the deadline for Volterra to provide its invalidity contentions, until such time as Infineon provides adequate infringement contentions. (*See* Dkt. 132, 193.)

In support of its attempt to circumvent the Patent Local Rules, Infineon cites three out-of-district cases, none of which are applicable here. In *Proctor & Gamble Co. v. Team Techs., Inc.*, 2012 WL 6001753, at *1 (S.D. Ohio Nov. 30, 2012), the court granted a motion to strike an invalidity defense that merely stated that the patents were "'invalid' and 'unenforceable due to lack of candor.'" *Id.* Similarly, the court in *Cleversafe. Inc. v. Amplidata, Inc.*, 2011 WL 6379300, at *1 (N.D. Ill. Dec. 20, 2011), rejected an invalidity counterclaim because it did "not state any facts supporting why [the] Asserted Patents are invalid" and did not rely on "any certain statutory provision."[2] Volterra's invalidity counterclaims and defense, in contrast, identify four specific statutes and state facts supporting invalidity. *Iconfind, Inc. v. Google, Inc.*, 2011 WL 4505779 (E.D. Cal. Aug. 2, 2011), which Infineon cites at page 6 of its motion, is also inapposite because the defendant in that case had previously moved for judgment on the pleadings arguing that the asserted patent claimed unpatentable subject matter. *See id.* at Dkt. 30. Considering the

---

[2] The *Cleversafe* court also refused to rely on *Pfizer* because, it reasoned, "an invalidity counterclaim with *no* factual support cannot state a plausible claim for relief." *Id.* at *2 (emphasis added). As discussed above, that does not describe Volterra's counterclaims here.

Volterra's Opp. to Second Mot. to Dismiss & Strike / Case No. CV 11-06239 MMC   - 7 -

briefing on that issue, there was no reason that the defendant could not have identified the basis for its invalidity counterclaim and affirmative defense in its answer. Additionally, *Iconfind* is distinguishable because the Eastern District of California has not enacted patent local rules that require disclosure of prior art references in invalidity contentions.

Were the Court to order that parties accused of infringement are required to identify specific prior art references in their answers and before their Patent Local Rule invalidity contentions were due, it would significantly change patent law practice in this District and fly in the face of the schedule set forth in the District's Patent Local Rules.[3] This is particularly important in this retaliatory case considering that Infineon has been unable to provide sufficient infringement contentions as to the '730 patent, and as to the other three patents-in-suit, proceedings have been stayed at Infineon's request and Infineon has therefore not provided any infringement contentions or even identified the asserted claims. Volterra has pleaded sufficient facts supporting its invalidity counterclaims and defense to put Infineon on notice of the claims and defense, and Infineon's motion should therefore be denied.

### B. Volterra's Indirect Non-Infringement Counterclaims and Affirmative Defense Also Comply with the Court's Order

Volterra also complied with the Court's Order regarding its indirect non-infringement counterclaims and defense.[4] In its order dismissing Volterra's original counterclaims, the Court held that although the scope of Volterra's claims "arguably is defined by the claims" in Infineon's complaint, Volterra nonetheless had to "set forth . . . the parameters of its claims." (Dkt. 198 at 2.) In response, Volterra added numerous factual allegations to its amended non-infringement counterclaims and defense to define the scope of its non-infringement allegations. For example,

---

[3] Infineon has itself argued that the Court should not displace the Patent Local Rules by requiring parties to disclose detailed information in their pleadings. In opposing Volterra's motion to dismiss the first amended complaint, Infineon argued that the motion amounted to an "end-run around the Patent Local Rules" that would render the disclosures required by the rules "largely superfluous." (Dkt. 92 at 7.)

[4] As noted above, Infineon no longer challenges the sufficiency of Volterra's direct non-infringement allegations. *See* Infineon's Proposed Order, Dkt. 217-1 at 1:8–9 (addressing only indirect infringement counterclaim).

Volterra identified the products for which it seeks a declaration of non-infringement: "any integrated power fcQFN (flip-hip quad flat no-lead) products with two or more ground pins and two or more switching node pins," which is the category identified in Infineon's complaint. (Dkt. 203 ¶ 130.) Volterra also included a list of 15 specific products. *Id.* The amendment therefore now states "the parameters" of Volterra's non-infringement counterclaims and affirmative defense.[5]

Infineon complains that "Volterra does not address the elements of inducement or the elements of contributory infringement," and that "Volterra does not even identify a single limitation in a single asserted claim that it asserts its products do not meet." (Dkt. 217 at 10.) But no case suggests that Volterra must address claim elements to state a non-infringement counterclaim, and both the *Pfizer* and *Elan* courts approved non-infringement counterclaims that did nothing more than identify the non-infringing products, as Volterra has done. *Pfizer*, 726 F. Supp. 2d at 937; *Elan*, 2010 WL 1372316, at *1. Infineon's approach would turn the Patent Local Rules on their head, requiring Volterra to plead specific non-infringement defenses in its Answer and Counterclaims ***before*** Infineon has provided sufficient infringement contentions as to the '730 patent and ***before*** Infineon has provided any infringement contentions or even identified the asserted claims of the other three patents-in-suit. Indeed, in its February 7, 2012 Order granting in part and denying in part Volterra's motion to dismiss the first amended complaint, the Court held that it was not necessary for Infineon to match up the asserted claims with "specific circuitry" within the accused products because such information "is more appropriately addressed in the course of discovery conducted under the Patent Local Rules." (Dkt. 125 at 4 n.3 (citing P.L.R. 3-1, 4-1).) Requiring Volterra to plead specific non-infringement arguments before Infineon has produced adequate infringement contentions would be manifestly unfair. It is also wholly unsupported, as Infineon fails to cite a single case requiring such factual allegations. The Court should therefore deny Infineon's motion because Volterra has sufficiently pleaded its non-

---

[5] Although Infineon argues that Volterra does not allege "any facts" in its non-infringement counterclaims and defense, Infineon's motion ironically complains about the facts Volterra *does* allege, including that Infineon has been unable to provide satisfactory infringement contentions. Dkt. 217 at 10 n.2.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC        - 9 -

infringement counterclaims and affirmative defense.

### C. Volterra's Fifth Affirmative Defense Is Proper Because the Same Basic Facts Support Each of Volterra's Equitable Defenses

Much of Infineon's Motion is focused on its complaint that Volterra should have listed and pleaded its affirmative defenses of equitable estoppel, laches, unclean hands, and waiver as separate affirmative defenses under Federal Rule of Civil Procedure 10(b). (Dkt. 217 at 12–18.) Contrary to Infineon's suggestion, Rule 10(b) does not require that each of these defenses be pleaded separately. Rule 10(b) in fact only provides that "*[i]f doing so would promote clarity*, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." (Emphasis added.) Given that each of these equitable defenses relates to the same basic set of facts, separating each defense is not necessary under Rule 10(b) as it would not promote clarity and would serve only to lengthen Volterra's Answer. Indeed, courts have held that, with respect to complaints, it is not necessary to plead claims separately if they rely on the same basic facts. *See Tompkins v. Cent. Laborers' Pension Fund*, 2009 WL 3836893, at *4 (C.D. Ill. Nov. 16, 2009) (refusing to dismiss a complaint under Rule 10(b) even though it "combine[d] two legal theories for each transaction"); *see also id.* at *4 n.8 (citing cases to the same effect). The same rationale applies to Volterra's equitable defenses here.[6]

Infineon ignores the paragraph of factual allegations contained in Volterra's fifth affirmative defense, which alleges that:

> Infineon delayed filing this action for an unreasonably long and inexcusable period of time to the detriment of Volterra and its

---

[6] Cases cited by Infineon do not hold otherwise. For example, at page 12 of its Motion, Infineon cites *Lynch v. Cont'l Grp., Inc.*, which was an employer retaliation case, not a patent case. Moreover, the court in that case struck the defendant's equitable defenses for failure to "allege facts" supporting the defenses, not because they were combined under a single heading in the pleading. 2013 WL 166226, at *4 (S.D. Fla. Jan. 15, 2013). Nor does *J & J Sports Prods., Inc. v. Mendoza-Govan*, cited at page 12 of the Motion, apply here. In that case, the defendant's answer read: "defendant respectfully reserves her rights to amend, supplement or state additional affirmative defenses, if the factual bases for stating such additional defenses are obtained in discovery." *J & J Sports*, 2011 WL 1544886, at *7 (N.D. Cal. Apr. 25, 2011). No such language appears in Volterra's counterclaims or affirmative defenses.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 10 -

> customers. Infineon did not file this action until January 2010 even though (i) Infineon has been interested in acquiring Volterra and has been studying Volterra and its products and technology for many years, and (ii) as a result of the introduction of copycat products by Infineon and its subsidiaries that have already been determined to infringe two of Volterra's patents, Volterra filed an action currently pending in the Northern District of California against Infineon and its subsidiaries in November 2008 ("the Volterra action"). Infineon nonetheless waited until January 2010 to bring this action, and only did so after it acquired the '730 patent to retaliate against Volterra for bringing the Volterra action. Moreover, upon information and belief, Infineon improperly used information it learned from discovery in the Volterra action that was subject to a provision in a protective order entered by the Court in that action which prohibited its use except in connection with that action for purposes of bringing and prosecuting this action against Volterra. (Dkt. 203 at 37.)

Volterra listed its equitable defenses together (as is common in patent actions) because their elements are similar and overlapping and, therefore, the facts supporting them are also similar and overlapping. For example, courts have found that waiver has "three elements that closely resemble those of equitable estoppel: '1) the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer; (2) the alleged infringer relied on that statement or conduct; and (3) the alleged infringer would, therefore, be materially prejudiced if the patentee is allowed to proceed with its claim.'" *Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1187, 1193 (S.D. Cal. 2007) (quoting *Winbond Elecs. Corp. v. ITC*, 262 F.3d 1363, 1374 (Fed. Cir. 2001); *accord McKesson Info. Solutions LLC v. Trizetto Grp., Inc.*, 426 F. Supp. 2d 203, 211 n.10 (D. Del. 2006) ("The theories of waiver and acquiescence require proof of the same or similar elements required by the estoppel defense.")

Infineon's delay in filing suit also supports Volterra's laches and unclean hands defenses. To allege a laches defense, a party must show "neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028–29 (Fed. Cir. 1992) (en banc). Unclean hands requires a showing that "the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997). Because similar facts support each of these equitable defenses, and because the defenses share

similar elements, pleading them separately would be redundant and would not help to "promote clarity" under Rule 10(b).

Infineon also rehashes the argument from its first motion to dismiss that some of Volterra's equitable defenses (unclean hands and equitable estoppel) must meet the heightened pleading standards set forth in Rule 9(b). (Dkt. 217 at 14–15.) Volterra addressed this issue in opposing Infineon's first motion by pointing out that Rule 9(b) is not applicable to equitable defenses "in every case." (Dkt. 189 at 11.) Volterra continued that, "based on the facts known to it at present, Volterra's unclean hands and equitable estoppel defenses are not based on fraudulent conduct. To the extent the Court determines that Rule 9(b) applies to these defenses, Volterra may allege those facts when ascertained through the discovery process, if necessary." (*Id.* at 12.) Notably, the Court did not find that Rule 9(b) applies to these defenses in its February 7, 2013 Order, as Infineon had suggested, and instead stated that it did not need to address this issue "[u]nless and until Volterra files amended pleadings basing such affirmative defenses on fraudulent conduct …." (Dkt. 198 at 3 n.3.) Infineon's attempt to re-argue this issue now should be rejected.

Infineon's individual arguments as to each of Volterra's equitable defenses also fail. As to equitable estoppel, Infineon argues that Volterra does not adequately allege pre-suit knowledge of the patents-in-suit. Here, pre-suit knowledge of any specific Infineon patents is not required considering the history between the parties and Infineon's numerous attempts to acquire Volterra, as alleged in Volterra's Amended Answer. *See STMicroelectronics, Inc. v. Sandisk Corp.*, 2006 WL 1624534, at *4 (E.D. Tex. June 12, 2006) ("If one party, through inaction or silence, fails to advise the other of its patent, aware that the competitor's products may very well infringe its patent, that patentee has a duty to so disclose.").

As to laches, Infineon acknowledges Volterra's allegation that Infineon's delay in filing suit operated "to the detriment of Volterra and its customers." (Dkt. 203 at 37.) But in the same breath, Infineon argues that Volterra "offers no factual allegations" showing that Infineon's delay injured Volterra. (Dkt. 217 at 15.) Infineon cites no cases for the proposition that Volterra's factual allegations are not sufficient.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC

- 12 -

Infineon's arguments regarding Volterra's unclean hands defense also attempt to hold Volterra's affirmative defenses to a standard not found in any case. As set forth above, Volterra has alleged that Infineon waited until January 2010 to bring this action, and only did so after it acquired the '730 patent to retaliate against Volterra for bringing the Volterra action and that, "upon information and belief, Infineon improperly used information it learned from discovery" in the co-pending action between Volterra and Infineon, which was "subject to a protective order" that prohibited use of the information except in that case. (Dkt. 203 at 37.) Infineon argues that it is not "clear from the facts" whether Infineon's alleged misuse of Volterra's confidential information "rises to the level of egregious conduct." (Dkt. 217 at 16.) Infineon ignores that Volterra merely needs to allege facts establishing that the defense is "plausible." Infineon's "clear from the facts" standard is more appropriate for summary judgment, not a motion to strike.

Finally, in its argument regarding waiver, Infineon cites a non-patent case and ignores the fact that waiver can be established through "[a]ny language" or "any conduct" by the patentee indicating to the accused infringer that the patentee does not intend to enforce its patent. *Winbond Elecs. Corp. v. ITC*, 262 F.3d 1363, 1374 (Fed. Cir. 2001) (quoting *De Forest Radio Tel. Co. v. United States*, 273 U.S. 236 (1927)). Here, Volterra has alleged that Infineon had been "studying Volterra and its products and technology for many years"; that Infineon "has been interested in acquiring Volterra"; that Infineon had an opportunity to allege patent infringement as a counterclaim in the co-pending action between the parties before Judge Spero; and that Infineon nonetheless "delayed filing this action," which operated "to the detriment of Volterra and its customers." (Dkt. 203 at 37.) Volterra has thus alleged sufficient facts to support a waiver defense in compliance with the Court's February 7, 2013 Order.

Simply put, instead of realleging the basic facts that support Volterra's four separate equitable defenses, Volterra combined them. As set forth above, Rule 10(b) only requires that defenses be pleaded separately if it they are based on separate transactions and doing so will "promote clarity." In this case, separating these equitable defenses into separate defenses is not necessary, nor will it "promote clarity." Of course, if the Court disagrees, Volterra should be given leave to amend to separately plead each of these affirmative defenses. This issue was not

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC                - 13 -

addressed in the Court's February 7, 2013 Order, and, as discussed above, the Court did not find in that Order that Rule 9(b)'s particularity requirement applied to any of these affirmative defenses. To preclude Volterra from having an opportunity to amend these defenses would be unfair under these circumstances, particularly given the lack of prejudice to Infineon and that the Court afforded Infineon multiple opportunities to amend its complaint in response to Volterra's prior motions to dismiss. (*See* Dkt. 86, 130; *see also* pages 15–16, below.)

### D. Volterra Sufficiently Pleaded Its Prosecution History Estoppel Defense

Volterra's amended prosecution history estoppel defense is also sufficient. As noted in Volterra's amended defense, the applicants made "statements [] during the prosecution of the patents-in-suit or related applications" that may foreclose Infineon's infringement arguments. (Dkt. 203 at 36.) Infineon has not yet identified all the asserted claims in this action as to three of the four patents-in-suit, and it has failed numerous times to provide adequate infringement contentions as to the '730 patent. As one court in the Northern District has held, a patentee's "failure to identify which claims of each patent" have allegedly been infringed "makes it impossible . . . to plead facts supporting this [prosecution history estoppel] defense at this stage of the litigation." *Barnes & Noble,* 849 F. Supp. 2d at 943.

Because Infineon has not yet disclosed which claims it asserts in this action, Volterra is unable to provide more information supporting its prosecution history estoppel defense as to three of the four patents-in-suit, proceedings as to which have been stayed at Infineon's request. Volterra's pleading is nonetheless sufficient to put Infineon on notice that Volterra believes that the applicants made limiting statements during prosecution of the patents-in-suit or related applications. Nothing more is required.

Infineon's argument that Volterra has not identified anything specific in the prosecution history of any one of the four patents once again holds Volterra's answer to a standard that is not supported by any case law. (Dkt. 217 at 18.) Infineon cites no case requiring an accused infringer to identify in an answer specific passages in the prosecution history that support a prosecution history estoppel defense. Requiring such a disclosure before all asserted claims have been identified, before adequate infringement contentions have been provided, and before any

formal claim construction proceedings have commenced under the Patent Local Rules would make no sense. Once again, Infineon's motion turns the Patent Local Rules on their ear. The Court should deny Infineon's motion and allow the Patent Local Rules to serve their function.

### E. If the Court Grants Any Part of Infineon's Motion, It Should Grant Volterra Leave To Amend Because It Would Not Cause Any Prejudice to Infineon

If the Court grants any part of Infineon's motion, it should grant Volterra leave to amend its defenses and counterclaims. "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com*, 315 F. Supp. 2d at 1049 (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)). This case is still in its early stages: Infineon still has not provided adequate infringement contentions; discovery has not yet opened in this case with respect to the '730 patent; and proceedings as to the other three patents-in-suit have been stayed at Infineon's request. Thus, there will be no prejudice to Infineon if the Court grants Volterra leave to amend.

Infineon apparently does not disagree; it makes no argument regarding prejudice in its motion. Instead, it argues that the Court should not grant Volterra leave to amend by relying on a case in which the defendant made ***no effort at all*** to amend three of its defenses in its amended answer and ***did not oppose*** the motion to strike as to seven other defenses. *Ansari v. Elec. Document Processing, Inc.*, 2013 WL 664676, at *5 (N.D. Cal. Feb. 22, 2013). Here, in contrast, Volterra has added factual allegations to each of its counterclaims and defenses in compliance with the Court's February 7, 2013 Order.

The other case that Infineon relies on, *Diamond State Ins. Co. v. Marin Mountain Bikes, Inc.*, 2012 WL 6680259 (N.D. Cal. Dec. 21, 2012), is also distinguishable. There, the defendant "attempted to evade the Court's earlier ruling" dismissing a tort counterclaim by pleading similar facts as a fraud claim, and the parties had apparently engaged in substantial discovery. *Id.* at *13, *17. Here, proceedings have been stayed as three of the four patents-in-suit and discovery has been stayed as to the '730 patent due to Infineon's failure to provide adequate infringement contentions.

Infineon's request that the Court not grant Volterra leave to amend is particularly

1 inappropriate considering that Infineon was allowed leave to amend its complaint in this action
2 twice (*see* Dkt. 139) and has failed four times to provide adequate infringement contentions,
3 despite Magistrate Judge Ryu's multiple Orders detailing what Infineon must do to comply with
4 Patent L.R. 3-1. (*See* Dkt. 132, 193.) As Infineon itself stated in opposing Volterra's motion to
5 dismiss the amended complaint, "Courts in this District generally grant leave to amend 'unless it
6 is clear that the complaint's deficiencies cannot be cured by amendment,' and thus 'any
7 amendment would be futile.'" (Dkt. 92, quoting *Bender v. LG Elecs. U.S.A., Inc.*, 2010 WL
8 889541, at *2 (N.D. Cal. Mar. 11, 2010).) If the Court grants any part of Infineon's motion,
9 Volterra should be allowed to amend its affirmative defenses and counterclaims because doing so
10 would not be futile and would not cause prejudice to Infineon. Infineon has not offered any
11 argument to the contrary.

## VI. CONCLUSION

Volterra's amended counterclaims and affirmative defenses comply with the Court's February 7, 2013 Order and provide Infineon sufficient notice. Infineon's motion should therefore be denied. If the Court disagrees, Volterra should be allowed to amend its answer because doing so is not futile and would not cause any prejudice to Infineon considering the early stage of this case.

Dated: March 29, 2013

FARELLA BRAUN + MARTEL LLP

By: /s/ Jeffrey M. Fisher
    Jeffrey M. Fisher

Attorneys for Defendant
VOLTERRA SEMICONDUCTOR CORPORATION

25373\3600395.6

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Volterra's Opp. to Second Mot. to Dismiss &
Strike / Case No. CV 11-06239 MMC       - 16 -