**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10
11    INFINEON TECHNOLOGIES,                    No. C-11-06239 DMR
12            Plaintiff,                        **ORDER RE JOINT DISCOVERY**
                                                **LETTER DATED MARCH 29, 2013**
13        v.                                    **[DOCKET NO. 223]**
14    VOLTERRA SEMICONDUCTOR,
15            Defendant.
      _____/
16

17        Before the court is the March 29, 2013 joint discovery letter ("Letter") filed by Plaintiff

18    Infineon Technologies AG ("Infineon AG") and Defendant Volterra Semiconductor Corp.

19    ("Defendant").  [Docket No. 223.]  Defendant seeks documents as well as depositions pursuant to

20    Federal Rule of Civil Procedure 30(b)(6) from Plaintiff and nonparty Infineon Technologies North

21    America Corp. ("Infineon NA").  For the reasons stated below, as well as at the April 18, 2013

22    hearing, Defendant's motion to compel is granted in part.

23                                    **I.  BACKGROUND**

24        On December 11, 2012, the court ruled that Plaintiff must seek leave of the court to add

25    additional model numbers to its infringement contentions.  Order Denying Defendant's Motion to

26    Strike [Docket No. 162] at 6.  The court stated that "if at a future date Plaintiff seeks to amend its

27    infringement contentions to include other Volterra products other than the fifteen already specified,

28

**United States District Court**
For the Northern District of California

1  Plaintiff will need to show that it could not have discovered those models when it served its initial

2  infringement contentions absent discovery." *Id.*

3          On February 14, 2013, Plaintiff sought leave of the court to add three additional model

4  numbers (the "Additional Model Numbers") to its infringement contentions.  Motion for Leave to

5  Amend Infringement Contentions ("Motion for Leave to Amend") [Docket No. 199] at 8.  Plaintiff's

6  position is that it did not identify the Additional Model Numbers until its counsel conducted an

7  Internet search in January 2013.  *Id.* at 11, Letter at 2.

8                              **II.  DEPOSITION NOTICES**

9          On March 11, 2013, Defendant served Rule 30(b)(6) deposition notices on Plaintiff and

10  Infineon NA.  The notices aim to discover evidence regarding whether Plaintiff was aware of or

11  could have discovered the Additional Model Numbers sooner.  The deposition notices to Plaintiff

12  and Infineon NA are identical.  They each list four subject matters and two document requests.

13  Letter Ex. A at 4, 12.  The four subject matters are:

14          1.  The company's knowledge of the Additional Model Numbers;

15          2.  The identity of persons who have the knowledge regarding the foregoing subject matter

16              and the identity of all documents which refer to the company's knowledge of the above;

17          3.  "The identity of any other Defendant products of which [the company is] aware that are

18              'integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground

19              pins and two or more switching node pins' but are not identified by model number in

20              Infineon AG's Third Amended Infringement Contentions"; and

21          4.  The identity of persons who have the knowledge regarding the foregoing subject matter

22              and the identity of all documents which refer to the company's knowledge of the above.

23  *Id.* at 4-5, 12-13.  The two document requests ask for the following:

24          1.  All documents relating to the company's knowledge of the Additional Model Numbers;

25          2.  All documents which mention or refer to "any other Defendant products which are

26              'integrated power fcQFN (flip-chip quad flat no-lead) products with two or more ground

27              pins and two or more switching node pins' but are not identified by model number in

28              Infineon AG's Third Amended Infringement Contentions."

2

*Id.* at 7, 17.  Thus, broadly speaking, Defendant seeks each entity's documents and knowledge regarding (1) the Additional Model Numbers and (2) any other relevant products not listed by model number in Plaintiff's infringement contentions ("Other Unlisted Model Numbers").

Plaintiff raises three main objections to the discovery requests:

1. They are overbroad because they are not limited to the Additional Model Numbers that Plaintiff seeks to add to the case, in that they seek discovery on the Other Unlisted Model Numbers;

2. They seek discovery regarding nonparty Infineon NA's knowledge of the Additional Model Numbers and Other Unlisted Model Numbers, and the separate knowledge of a party's corporate affiliate should not be imputed onto the party for purposes of denying a party leave to amend infringement contents;

3. They seek documents and testimony that are covered by the attorney-client privilege

Letter at 6.  As discussed below, Plaintiff has already produced some responsive documents culled from the search of a database of documents produced in a related case before the Hon. Joseph C. Spero.  Plaintiff has also offered additional documents and testimony from both Plaintiff and Infineon NA, but made the offer subject to conditions that Defendant rejected.

Defendant requests that this court order Plaintiff and Infineon NA to "produce promptly their documents reflecting knowledge or awareness of the [Additional Model Numbers] and the [Other Unlisted Model Numbers], including all such documents from the litigation database in the action pending before Judge Spero."  Letter at 11.  Defendant also requests that it be allowed to depose Plaintiff and Infineon NA witnesses with respect to those entities' knowledge of the Additional Model Numbers and the Other Unlisted Model Numbers.

## III. DISCUSSION

### A.  Discovery Regarding Other Unlisted Model Numbers

Plaintiff contends that Defendant's discovery requests regarding the Other Unlisted Model Numbers are overbroad because they "seek[] discovery on model numbers that Plaintiff might seek leave to add at some point in the future" and "[e]ven assuming arguendo that such discovery would be relevant in the future if Plaintiff actually seeks leave to add any such model numbers, it is certainly not relevant to any issue in the case now."  Letter at 5.  The court has previously stated that "if at a future date Plaintiff seeks to amend its infringement contentions to include other Volterra

**United States District Court**

For the Northern District of California

1 | products other than the fifteen already specified, Plaintiff will need to show that it could not have

2 | discovered *those models* when it served its initial infringement contentions absent discovery."

3 | Order Denying Defendant's Motion to Strike at 6 (emphasis added).  The court agrees that discovery

4 | into the Other Unlisted Model Numbers is inappropriate at this time.  Plaintiff has not attempted to

5 | put additional models at issue beyond the three models that are the subject of Plaintiff's motion to

6 | amend the infringement contentions.  Any other models are beyond the scope of claims in this case,

7 | and information about them is therefore irrelevant and beyond the scope of discovery.

8 | **B.  Scope of Document Discovery**

9 | Defendant's discovery requests seek documents from Plaintiff and Infineon NA regarding

10 | the Additional Model Numbers and the Other Unlisted Model Numbers.  The latter, as discussed

11 | above, is not an appropriate topic for discovery at this time.

12 | Plaintiff, Infineon NA, and Defendant are parties to a patent case pending before Judge

13 | Spero.  *See Volterra Semiconductor Corporation v. Primarion, Inc. et al.*, Case No. 08-CV-5129-

14 | JCS (N.D. Cal.).  In *Primarion*, Plaintiff and Infineon NA produced nearly six million pages of

15 | documents to Defendant (the "Litigation Database").  Letter at 4.  Defendant and Plaintiff agree that

16 | the Litigation Database may contain documents responsive to the discovery requests currently at

17 | issue:

18 | Because [Plaintiff and Infineon NA were] under Court Order in [*Primarion*] to produce all
documents in their possession relating to Volterra or Volterra's products, this database would
19 | necessarily contain documents showing the knowledge about the existence of the three products
at least as of 2010 and 2011 (the time period of Infineon's document production in that action.)

20 | *Id.* at 9 (Defendant's description of Litigation Database).  *See also id.* at 4 (describing Plaintiff's

21 | search for relevant documents in the Litigation Database).  The parties also agree that any search for

22 | documents responsive to the current discovery requests should begin with the documents already in

23 | the Litigation Database.  Letter at 8 ("As a starting point for the sought discovery and to minimize

24 | any burden on Infineon, Volterra requested that Infineon search the [Litigation Database].").

25 | Defendant requested that Plaintiff search the Litigation Database for documents relating to

26 | both Plaintiff and Infineon NA's knowledge and awareness of both the Additional Model Numbers

27 |

28 |

1 and the Other Unlisted Model Numbers. *Id.* at 11.  Plaintiff did perform a search of the Litigation

2 Database, but not to the extent that Defendant requested.

3       As discussed above, this court has already held that discovery into the Other Unlisted Model

4 Numbers is not appropriate.   However, limiting the search for responsive documents to Plaintiff

5 only, and to the Litigation Database, is too restrictive.  Plaintiff is therefore ordered to search the

6 Litigation Database to produce all documents involving Plaintiff and/or Infineon N.A. that mention

7 any of the Additional Model Numbers.  Because the Litigation Database does not cover all the

8 relevant dates, Plaintiff and Defendant are ordered to meet and confer regarding a search for and

9 production of documents that may be responsive to the discovery requests but that may not be

10 captured by the Litigation Database.

11 **C.  Scope of 30(b)(6) Deposition**

12        Plaintiff and Infineon NA are ordered to produce witnesses for deposition, subject to the

13 conditions on the subject matter discussed above.  The issue of whether Infineon N.A.'s knowledge

14 should be imputed to Plaintiff is not currently before this court.  However, the court finds that

15 information relating to Infineon N.A.'s knowledge of the three additional models is relevant for

16 purposes of discovery.

17 **D.  Motion for Leave to Amend and Motion to Strike Dismissed Without Prejudice**

18        Previously, this court vacated the briefing schedule on Defendant's Motion to Strike

19 Infineon's Third Amended Infringement Contentions [Docket No. 209] and Plaintiff's Motion for

20 Leave to Amend its Infringement Contentions [Docket No. 199], and ordered parties to file

21 oppositions to the Motion to Strike and Motion for Leave to Amend within one week after the court

22 issues an order on this Letter.  *See* Order Vacating Hearing Date dated March 20, 2013 [Docket No.

23 219] and Order Vacating Hearing Date [Docket No. 220].

24        Because the Motion for Leave to Amend and the Motion to Strike may be contingent on the

25 discovery at issue in this order, both motions are dismissed without prejudice.   The parties are

26 directed to meet and confer regarding new briefing schedules for the Motion to Strike and Motion

27 for Leave to Amend and whether the motions will be filed separately, and to file a stipulation and

28 proposed order by **April 24, 2013**.

IT IS SO ORDERED.


Dated:  April 22, 2013

_____
DONNA M. RYU
United States Magistrate Judge