1  James W. Morando (State Bar No. 087896)
   jmorando@fbm.com
2  Jeffrey M. Fisher (State Bar No. 155284)
   jfisher@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Defendant
   VOLTERRA SEMICONDUCTOR
7  CORPORATION

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  INFINEON TECHNOLOGIES AG, a          Case No. CV 11-06239 MMC (DMR)
    German corporation,
13                                        **[REDACTED] DEFENDANT VOLTERRA
                      Plaintiff,          SEMICONDUCTOR CORPORATION'S
14                                        RENEWED NOTICE OF MOTION AND
          vs.                             MOTION TO STRIKE INFINEON'S
15                                        THIRD AMENDED INFRINGEMENT
    VOLTERRA SEMICONDUCTOR               CONTENTIONS AND TO CONTINUE
16  CORPORATION, a Delaware corporation,  STAY OF, OR LIMIT DISCOVERY**
17                    Defendant.          Date:    June 27, 2013
                                          Time:    11:00 a.m.
18                                        Dept.:   Courtroom 4, 3rd Floor
                                          Judge:   Honorable Donna M. Ryu
19

20                                        **FILED PARTIALLY UNDER SEAL**

21
                                          **CONTAINS HIGHLY CONFIDENTIAL
22                                          INFORMATION**

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REDACTED VOLTERRA'S RENEWED
MTN TO STRIKE TAICS Case No. CV 11-
06239 MMC (DMR)

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

25373\3686753.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED .................................................. 5

III.  FACTUAL AND PROCEDURAL BACKGROUND............................................ 5

IV.   ARGUMENT ..................................................................................................... 8

    A.    Infineon's Claim Chart For The VT1195SFQ Once Again Fails To Specifically Identify The Structure(s) That It Contends Meet The "Metal Conductors," "In Contact With" And "Bumps" Limitations. ..................... 8

        1.    Infineon's TAICs Fail To Explicitly State What It Has Represented To The Court And Volterra – That It Is Claiming That The "Metal Conductors" Limitations In Claim 1 Are Met By Only A Single Metal Layer And Not A Combination Of Layers ..................................... 8

        2.    Infineon's Literal Infringement Contentions Fail To Identify Which Of Two Specific Layer That It Contends Meet The "Metal Conductors" Limitations In Claim 1 ................................................. 9

            a.    The Ambiguity That Infineon Refuses To Clarify Is Important For Purposes Of Claims Construction and Summary Judgment Of Non-Infringement ................................... 10

            b.    The TAICs Contain Multiple Inconsistent Statements As To Which Specific Layer In The VT1195SFQ Meet The "Metal Conductors" Limitations ..................................................... 11

                (1)    Infineon's Addition of the Phrase "Under the Bumps" Fails to Clarify Infineon's Contentions.............. 12

                (2)    Infineon's New Mocked Up "Illustration" Also Fails to Clarify Infineon's Contentions ..................................... 13

        3.    Infineon's DOE Contentions As To Claim 1 Remain Inadequate and Unclear ................................................................................ 17

    B.    Infineon's Claim Chart For The VT1195SFQ Fails To Comply With Patent L.R. 3-1 With Respect To The Asserted Dependent Claims Of The '730 Patent.......................................................................................................... 19

        1.    Infineon's Literal Infringement Contentions as to the Dependent Claims Remain Inadequate and Unclear................................... 19

        2.    Infineon's DOE Contentions As To Dependent Claims 2-5 Are Also Inadequate And Unclear .................................................... 21

    C.    Infineon's Infringement Contentions Improperly Add Three Additional Products Without Leave Of Court.................................................................. 21

    D.    Infineon's Infringement Contentions Should Be Stricken As To All Products Other Than The VT1195SQF, Which Is The Only Product As To Which It Has Provided A Claim Chart. ............................................................ 22

    E.    Infineon Should Not Be Granted Leave To Amend Its Infringement Contentions A Fifth Time. ...................................................................... 24

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE TAICS
Case No. CV 11-06239 MMC (DMR)

- i -

CONTAINS HIGHLY CONFIDENTIAL INFORMATION

25373\3686753.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**
**(continued)**

Page

F.    The Court Should Continue to Stay Discovery As To Volterra Unless And Until Infineon Complies With Its Obligations Under The Patent Local Rules .................................................................................................................. 25

V.    CONCLUSION ........................................................................................................ 25

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- ii -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

25373\3686753.1

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Bender v. Freescale Semiconductor, Inc.*,
   No. C 09-1156 PHJ, 2010 WL 1689465 (N.D. Cal., Apr. 26, 2010)......................................22

*Bender v. Maxim Integrated Prods., Inc.*,
   No. C 09-01152 SI, 2010 WL 1135762 (N.D. Cal., Mar. 22, 2010) .....................................22

*Renesas Technology Corp. v. Nanya Technology Corp.*,
   No. C 03-05709 JF(HRL), 2004 WL 2600466 (N.D. Cal., Nov. 10, 2004) ..........................22

*Renesas Technology Corp. v. Nanya Technology Corp.*,
   No. C 03-05709 JF(HRL), 2005 WL 2000926 (N.D. Cal., Aug. 18, 2005) ..........................22

*Shared Memory Graphics LLC v. Apple, Inc.*,
   812 F. Supp. 2d 1022 (N.D. Cal. 2010) ...............................................................................11

## LOCAL COURT RULES

Patent Local Rule 3-1 ............................................................................................................passim

Patent Local Rule 3-6 ..................................................................................................................24

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS Case No. CV 11-06239 MMC (DMR)

- iii -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1

**NOTICE OF MOTION AND MOTION**

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

**NOTICE IS HEREBY GIVEN** that on June 27, 2013, at 11:00 a.m. or on such other

4

date and time as the matter may be heard, in Courtroom 4, 3rd Floor, of the Oakland Division of

5

the above-entitled Court, located at 1301 Clay Street, Oakland, California, 94612, before the

6

Honorable Donna M. Ryu, Defendant Volterra Semiconductor Corporation ("Volterra") will, and

7

hereby does, move the Court to strike Plaintiff Infineon Technologies AG's ("Infineon") deficient

8

Third Amended Infringement Contentions and without leave to amend pursuant to Patent Local

9

Rule 3-1 and to maintain in place the stay of all discovery by Infineon.  In the event the Court

10

does not strike Infineon's Infringement Contentions in their entirety and without leave to amend,

11

Volterra seeks entry of the following Orders or such other relief as the Court deems appropriate to

12

address Plaintiff's continued failure to comply with Patent Local Rule 3-1:

13

(1) striking Infineon's Claim Chart and assertions of infringement regarding the

14

VT1195SFQ product for continuing to fail to specifically identify what structures in the

15

VT1195SFQ meet each limitation of each asserted claim of the '730 Patent;

16

(2) striking any assertion in Infineon's Third Amended Infringement Contentions that any

17

product other than the one product for which it has provided a claim chart (*i.e.*, the VT1195SFQ)

18

allegedly infringes the asserted claims of the '730 Patent and precluding and limiting Infineon

19

from taking discovery on any other product;

20

(3) striking reference to the VT1626SFQ, VT1656SFQ and VT1676SFQ, which Infineon

21

has added to its Third Amended Infringement Contentions without having been granted leave of

22

Court; and

23

(4) maintaining in place the stay of discovery in this action by Infineon as well as

24

Volterra's deadline to serve its Patent Local Rule Invalidity Contentions unless and until Infineon

25

has provided adequate Infringement Contentions which fully comply with this Court's Local

26

Patent Rules.

27

This Motion is based on this Notice of Motion and Motion, the accompanying

28

Memorandum of Points and Authorities, the accompanying Declarations of Jeffrey M. Fisher and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS Case No. CV 11-06239 MMC (DMR)

- iv -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   Dr. David Lidsky, the pleadings and papers on file with the Court in this action and such other

2   materials and arguments as may be presented to the Court at the time of the hearing.

3   Dated: May 23, 2013                    FARELLA BRAUN + MARTEL LLP

4

5                                          By:    /s/ Jeffrey M. Fisher
                                                  Jeffrey M. Fisher
6
                                           Attorneys for Defendant
7                                          VOLTERRA SEMICONDUCTOR
                                           CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)         - v -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

I.      **INTRODUCTION**

At the January 24, 2013 hearing on Volterra's Motion to Strike Infineon's Second Amended Infringement Contentions ("SAICs"), the Court indicated that it was giving Infineon "one more chance" to amend its contentions to comply with Patent L.R. 3-1.  Infineon's Third Amended Infringement Contentions ("TAICs"), however, inexplicably still fail to crystallize Infineon's contentions and do not comply with the requirements of Patent L.R. 3-1 or the Court's Orders of October 3, 2012 and January 28, 2013, addressing the deficiencies of Infineon's multiple, prior contentions in critical respects.

As to the single Claim Chart that Infineon provides for the VT1195SFQ, Infineon's TAICs are still *vague and unclear* with respect to the specific structure(s) found in the VT1195SFQ Infineon is contending meets the critical "first" and "second" "metal conductors," "in contact with" and "bumps" claim limitations.  As Infineon stated in its initial infringement contentions and admitted at the January 24, 2013 hearing, the VT1195SFQ power switch product has a number of separate and distinct metal layers: ███████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████  *See* Paragraphs 4-6 of the supporting Declaration of Dr. David Lidsky (hereinafter, "Lidsky Decl.") An image of the structure of the VT1195SFQ which shows each of ██████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Rather than including, using or referencing this image of the VT1195SFQ in the TAICs, Infineon has continued in its efforts to obfuscate. Specifically, it remains unclear from the TAICs whether Infineon contends that the "metal conductors" limitations are met by either: ███████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████  The ambiguity could easily be eliminated and Infineon's contentions made clear by the addition of explicit and unambiguous statements in the contentions, but Infineon refuses to do so.  Not only do the TAICs fail to make an unambiguous statement to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

1   identify which of these two different layers it contends meet the "metal conductors" limitation, but

2   they contain multiple confusing and internally inconsistent statements which leave open the

3   question of which metal layer(s) in the VT1195SFQ Infineon contends meets the "metal

4   conductors" limitations.  This distinction is very important with respect to the ultimate issue of

5   infringement in this case and with respect to what claim terms of the asserted patents may need to

6   be construed by the Court.  This is the exact purpose for Patent LR 3-1's requirement for the

7   patentee to "crystallize" its contentions with specificity.

8       A second significant deficiency with the TAICs is that they also fail to explicitly confirm

9   that with respect to its literal infringement contentions, Infineon is contending that the "metal

10  conductors" limitations are met by only a single metal layer and **not** a combination of layers.  At

11  the January 24, 2013 hearing, Infineon's counsel conceded that Infineon was contending that the

12  "metal conductors" are a singular layer of metal and was not contending they are met by a

13  combination of layers.  *See* 1/24/13 Hr'g Tr. at 3:11-17, attached as Exhibit A to the Declaration

14  of Jeffrey M. Fisher In Support of Volterra's Renewed Motion to Strike Infineon's Third

15  Amended Infringement Contentions (hereinafter, "Fisher Decl.").  However, Infineon failed to

16  amend its contentions in the TAICs to make this clear.  In meet and confer correspondence,

17  Infineon has since conceded this and suggested that it would be willing to further amend its

18  contentions to make this explicit.  On April 26, 2013, after the Court's admonition during the

19  April 18, 2013 hearing that the parties should continue to meet and confer to attempt to resolve

20  disputes relating to this Motion[1], Infineon provided proposed revised infringement contentions to

21  Volterra that clarify that the "metal conductors" are not a combination of layers.  *See* Fisher

22  Decl., Ex. P at 13, 27.  If the Court is inclined to allow Infineon to amend its contentions,

23  Infineon should be required to clearly so state.

24      The TAICs are further deficient because they fail to clearly articulate Infineon's

25  contentions under the doctrine of equivalents ("DOE") with respect to claim 1 in that they fail to

26  clearly articulate Infineon's contentions as to what structure(s) Infineon is contending in the

27

28  _____

[1] Volterra filed its initial Motion to Strike the TAICs on March 7, 2013.  *See* Dkt. No. 226.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1  VT1195SFQ are the "metal conductors" and "bumps" under the DOE, and fail to provide an

2  element-by-element explanation of **why and how** the doctrine applies with respect to its

3  contentions under the DOE, as the Court has required.  *See* 10/3/12 Order, Dkt. No. 132 at 7.

4        As to the asserted dependent claims 2-8, the TAICs are also deficient in that they fail to

5  clearly identify the specific structure(s) Infineon is contending constitute the "metal conductors"

6  and "bumps" for purposes of its literal infringement contentions with respect to each of the

7  dependent claims.  Indeed, Infineon continues to fail to make its contentions as to the dependent

8  claims clear by again confusingly continuing to include and rely upon the same ambiguous and

9  unclear top-down images purporting to describe some unidentified "metal layer" as the "metal

10  conductors" which the Court has already found to be obfuscating.[2]

11        Infineon's DOE contentions as to dependent claims 2-5[3] are also deficient in that they do

12  not explain what Infineon's DOE contentions are with respect to **any** of these dependent claims.

13  The TAICs instead include a conclusory reference that the "metal conductors" and "bumps"

14  limitations in each of these dependent claims are met "both literally and under the doctrine of

15  equivalents" (*see* Fisher Decl., Ex. B, Appendix A, pp. 56, 58, 60 and 62 (claims 2-5)) without

16  any further discussion or analysis.  This is plainly insufficient.

17        Further, though the TAICs reference eighteen products,[4] Infineon once again only

---

[2] Infineon's proposed revised infringement contentions now purport to clarify that the "metal conductors" for purposes of the dependent claims are the same "metal conductors" allegedly identified in claim 1.  *See* Fisher Decl., Ex. P at 58, 61, 64, 67, 73, 75, 77.  The problem with this limited proposed amendment, of course, is that Infineon has not clearly identified what it is contending are the "metal conductors" in claim 1.

[3] These are the only dependent claims as to which the TAICs make any assertion based on the DOE in the claim chart provided.  In meet and confer communications, however, Infineon has subsequently claimed that it is now also asserting the DOE as to dependent claims 6-8.  *See* 3/5/13 Baxter letter, Fisher Decl., Ex. G at 7.  Given that the DOE is not even mentioned in the claim chart as to these claims in the TAICs (or in any of Infineon's prior infringement contentions), Volterra seeks an order that Infineon be precluded from asserting the DOE as to these dependent claims.  Infineon's attempt to add DOE contentions in its proposed revised infringement contentions should be rejected.

[4] The TAICs improperly have added three additional new products, though Infineon has not obtained leave of Court to do so and despite the Court's Order of December 11, 2012, preventing them from doing so without leave (Dkt. No. 162).  As discussed at page 22 below, the reference to these additional products (the VT1626, VT1656 and VT1676) should not be permitted unless and until the Court grants Infineon's motion for leave to amend.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 3 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   provides a claim chart for one accused product (the VT1195SFQ), suggesting that this is

2   sufficient because it is supposedly "representative" of each of the other referenced products by

3   contending that "[t]he Accused Products are Volterra's integrated power fcQFN (flip chip quad

4   flat no-lead) products with two or more ground pins and two or more switching node pins."  This

5   is factually unsupportable and impermissible.  It is Infineon's burden to show that the one product

6   charted (the VT1195SFQ) is in fact representative of each of the other referenced products with

7   respect to *each* limitation of the claims.  Infineon has not done so.  While Infineon relies on

8   materials that show that the Volterra products that it references may all be similar with respect

9   *one* portion of the structure of the VT1195SFQ – the flip chip QFN ("fcQFN" package) --

10  Infineon is required to show that the remaining structures of the representative product it relies on

11  relevant to *each* claim limitation is the same in each of the other products that it has not provided

12  a claim chart for.  Infineon has not shown that the relevant structures in the VT1195SFQ other

13  than the package are "representative" of all of the other products for all claim limitations.  ████

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████

18  ██████████████  and therefore tie directly to key claim limitations including the "metal

19  conductors," "in contact with" and "bumps" limitations in independent claim 1 and the limitations

20  of dependent claims 2-8, which include additional limitations relating to the structure and

21  arrangement of the "metal conductors" and/or how the "bumps" are connected to the "metal

22  conductors."  Infineon's submission of only a single claim chart for the VT1195SFQ is therefore

23  inadequate, and should not be permitted.

24      Volterra submits that the Court should now strike Infineon's TAICs in their entirety and

25  should do so without leave to amend.  To the extent the Court is inclined to permit Infineon a

26  *fifth* opportunity to comply with its Patent Local Rule obligations, the Court should order that

27  Infineon cannot accuse any product other than the VT1195SFQ and limit discovery in the case to

28  just that product.  The Court should further order that, with respect to the VT1195SFQ, Infineon

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 4 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   must clearly and specifically identify "where each limitation of each asserted claim" is found

2   within the VT1195SFQ and specifically identify which of the multiple layers of the VT1195SFQ

3   Infineon contends meet the "metal conductors," "in contact with" and "bumps" limitations.

## II.    STATEMENT OF ISSUES TO BE DECIDED

5        1.      Whether Infineon's February 14, 2013 Third Amended Infringement Contentions

6   once again fail to comply with Patent Local Rule 3-1 and should therefore be stricken in their

7   entirety or other appropriate relief granted given Infineon's failure to comply.

8        2.      Whether the stay of discovery from Volterra (including the deadline for service of

9   Volterra's Invalidity Contentions) should be maintained unless and until Infineon fully complies

10  with Patent Local Rule 3-1.

## III.   FACTUAL AND PROCEDURAL BACKGROUND

12       In its prior motions to strike, Volterra has described in detail the background relating to

13  Infineon's prior deficient infringement contentions as to U.S. Patent No. 5,945,730 (the "Sicard

14  Patent" or "'730 Patent").  Fisher Decl., Ex. C.  *See* Dkt. Nos. 111 at 14-22; 176 at 8-19.  There

15  can be no doubt here that the Court has put Infineon on notice of what is required to comply with

16  the Patent Local Rules.  Specifically, in its October 3, 2012 Order relating to Infineon's

17  Amended Infringement Contentions, the Court determined that Infineon's attempt to allege

18  "contingent" infringement contentions as to the "metal conductors," "in contact with" and

19  "bumps" limitations was improper, stating that "***Plaintiff reverse-engineered the accused***

20  ***product and presumably knows whether the allegedly infringing portion has one metal layer***

21  ***or multiple metal layers. It must now take a specific position on its theory of infringement, as***

22  ***is required by Rule 3-1***."  10/3/12 Order at 6 (emphasis added).

23       Infineon's SAICs, however, remained vague and unclear with respect to what specifically

24  it is in the structure of the VT1195SFQ that Infineon was contending met the "metal

25  conductors," "in contact with" and "bumps" claim limitations.  At the January 24, 2013 hearing

26  on Volterra's Motion to Strike the SAICs, the Court stated:

27       THE COURT: So, Mr. Baxter, I have some questions. Does Infineon concede that there
     are multiple metal layers in the accused product VT1195SFQ?  In my review of the record, it

28   looks like there's at least M1, M2, M3, and an RDL. Do you concede that that's true?

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                    - 5 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

MR. BAXTER:  We agree that there are four metal layers.  We don't agree with the labels that the Defendant has applied to those four metal layers.

THE COURT:  Okay, but there are four metal layers?

MR. BAXTER:  Yes.

THE COURT:  In that accused product?

MR. BAXTER:  Yes.

THE COURT:  What prevents Infineon from clearly and unambiguously identifying the precise layer or layers that comprise the limitation in claim 1 that starts "plurality of first metal conductors"?

MR. BAXTER:  We think we have done that, your Honor. **We are alleging that the metal conductor is the top metal layer under the bump.**

*THE COURT:  Which one is that?*

*MR. BAXTER:  The top one under the bump.*

*THE COURT:  So just one metal layer of these four?*

*MR. BAXTER:  Yes, your Honor.*

\*\*\*\*

*THE COURT:  Mr. Baxter, my ruling is that as currently stated, these are insufficient because I think they are vague and they continue to mask the actual argument that you are trying to make here.  [¶] So, if -- I am going to give you another chance.  If Infineon can clearly state that in the VT1195SFQ, the plurality of first metal conductors means the first metal layer that's directly in contact with the bumps, and you can give it a name or not <u>as long as it is very clear you are talking about one metal layer and not potentially multiple metal layers, then I think I would likely rule that to be sufficient.  I think that that would clearly state your theory of direct infringement. You then probably need to amend your doctrine of equivalents chart, but there you can have any number of  possible theories.  It might be if it's not that one layer, then we argue that layers one and two are sufficient under the DOE, or layers one, two and three, or you can state different  theories under the doctrine of quivalents.</u> But for your  direct infringement, I think you need to be clearer than you  have been in the past two rounds. Any questions about my ruling?*

*MR. BAXTER:  No.  I understand.  Your Honor.*

1/24/13 Hr'g Tr., Fisher Decl., Ex. A at 2:20-3:17 and 5:11-6:8 (emphasis added).  The Court

concluded the hearing by stating that it was going to give Infineon "one more chance to amend."

*Id.* at 8:10-11.  In its January 28, 2013 Order, the Court found the SAICs deficient, stating that

"Defendant … is entitled to know which layer or layers allegedly infringe Plaintiff's patent.  In

this case, Plaintiff knows more than it is showing," that "[t]he Patent Local Rules do not tolerate

this kind of obfuscation" and that "Plaintiff knows that more than one metal layer exists.

Plaintiff's vague reference to "a metal layer" masks the exact substance of its allegations and

does not "'crystallize [Plaintiff's] theories of the case,'" as Rule 3-1 commands…. ***Plaintiff***

***reverse-engineered the VT1195SFQ and presumably knows -- and now must state -- which***

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 6 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   *metal layer(s) allegedly correspond to the claim limitations*." 1/28/13 Order, Dkt. No. 193 at 5-

2   8 (emphasis added) (citations and footnotes omitted).[5]

3          On February 14, 2013, Infineon served its TAICs. As with its prior infringement conten-

4   tions, Infineon included a claim chart as to only one product (the VT1195SFQ) which was vague

5   and unclear with respect to what specifically it is in the structure of the VT1195SFQ that Infineon

6   claims meets the "first" and "second" "metal conductors," "in contact with" and "bumps" claim

7   limitations. Infineon in fact made only limited changes to its claim chart as to these limitations

8   and did not make *any* changes to its contentions concerning the DOE, notwithstanding the Court's

9   comments that Infineon would "probably need to amend [its] doctrine of equivalents chart." *See*

10  1/24/13 Hr'g Tr., Fisher Decl., Ex. A at 5:24-25. Nor did Infineon make any changes to its claim

11  chart with respect to the dependent claims. Infineon's TAICs, its claim chart (Appendix A), and

12  all supporting exhibits, are attached collectively to the Fisher Decl. as Exhibit B. Despite the

13  parties' efforts to meet and confer prior to Volterra's initial filing of this Motion on March 7,

14  2013 (*see* Fisher Decl., Exs. D-I, ¶¶ 5-7), they were unable to resolve their disputes concerning

15  the adequacy of the TAICs prior to the deadline for Volterra to file this motion. At the hearing on

16  April 18, 2013, the Court again instructed that the parties attempt to meet and confer concerning

17  Infineon's TAICs, which Volterra attempted to do. *See* Fisher Decl., Ex. N. Although Infineon's

18  counsel subsequently indicated that they were willing to make certain minor amendments to the

19  TAICs and has now provided proposed revised infringement contentions that address certain

20  minor deficiencies with the TAICs (Fisher Decl., Ex. P), Infineon continues to refuse to address –

21  or even respond to – the most significant problems with the TAICs. Specifically, Infineon has

22  repeatedly refused to address its failure to clarify what it is contending are the "metal conductors"

23  by referencing the actual cross section of the VT1195SFQ and has also repeatedly refused to

24  address the multiple inconsistent statements included in the TAICs. Infineon's counsel has in fact

25  refused to address *no less than seven (7) times* the number of inconsistent statements in the

26  TAICs concerning what Infineon is contending are the "metal conductors" and "bumps." *See*

27  ―――――――――――――――

28  [5] Because the SAICs were determined to be deficient, the Court did not reach the issue of
    whether the chart is also "representative" of other accused products. 1/28/13 Order at 8 n.4.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                 - 7 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1    Fisher Decl. ¶ 20.  Infineon's counsel has also repeatedly refused to explain why it believes the

2    terms "RDL" and "UBM" are ambiguous, particularly given that Infineon used them in its initial

3    infringement contentions and is continuing to use the term "UBM" in the TAICs.  Fisher Decl. ¶¶

4    7, 20 and Exs. K, M.  Volterra was therefore constrained to file this renewed motion.

5    **IV.    ARGUMENT**

6            **A.    Infineon's Claim Chart For The VT1195SFQ Once Again Fails To
                     Specifically Identify The Structure(s) That It Contends Meet The "Metal
7                    Conductors," "In Contact With" And "Bumps" Limitations.**

8                    1.    Infineon's TAICs Fail To Explicitly State What It Has Represented To
                          The Court And Volterra – That It Is Claiming That The "Metal
9                         Conductors" Limitations In Claim 1 Are Met By Only A Single Metal
                          Layer And Not A Combination Of Layers.
10

11           In prior versions of Infineon's infringement contentions, Infineon failed to make clear

12   whether with respect to its literal infringement contentions it was contending that the "metal

13   conductors" limitations were met by only a single metal layer and not a combination of layers.  At

14   the January 24, 2013 hearing, Infineon's counsel conceded that Infineon was contending that the

15   "metal conductors" are a singular layer of metal and was not contending they are meant to be a

16   combination of layers.  *See* 1/24/13 Hr'g Tr., Fisher Decl., Ex. A at 3:11-17.  Nevertheless, in the

17   TAICs, Infineon did not amend the language to make this clear.  In meet and confer discussions

18   since the TAICs were filed and in its proposed revised infringement contentions, Infineon has

19   stated that it wanted to now further amend its contentions to make this clear, but even then has

20   proposed further ambiguous language.[6]  If the Court is inclined to grant Infineon further leave to

21   do what it should have done long ago, Volterra submits that the language of any further

22
     ─────────────────────────
23   [6] Specifically, Infineon's proposed amended infringement contentions provide that "[t]he 'metal
     conductors' are the top metal layer under the bumps, which is the 4th conductive metal layer in
24   the VT1195SFQ.  The 'metal conductors' are not a combination of the 3rd and 4th conductive
     metal layers."  *See* Proposed Amendment, Fisher Decl., Ex. P at 13, 27.  This is unclear and
25   ambiguous because the term "4th conductive metal layer" is not a term with any understood
     meaning in the context of Infineon's contentions.  Lidsky Decl. ¶ 13.  Moreover, as discussed
26   below, other statements in the TAICs - which Infineon has repeatedly refused to address - are
     flatly inconsistent with this proposed amendment in that they suggest that the "metal conductors"
27   are something other than the "top metal layer under the bumps," which Infineon had identified as
     ███████ in its initial infringement contentions.
28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE                          - 8 -
TAICS / Case No. CV 11-06239 MMC (DMR)

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

amendment should be made crystal clear.  Volterra proposes that Infineon should be required to amend its contentions to make a statement such as this:

> Infineon contends that the "metal conductors" limitations are met in the VT1195SFQ by a singular layer of metal and does not contend that these limitations are met by a combination of layers.

> 2.    Infineon's Literal Infringement Contentions Fail To Identify Which Of Two Specific Layer That It Contends Meet The "Metal Conductors" Limitations In Claim 1

Notwithstanding the Court's Orders and the Court's clear directives at the January 24, 2013 hearing, in its TAICs, Infineon continues to attempt to "hedge its bets" and obfuscate its position with respect to the "metal conductors," "in contact with" and "bumps" limitations.  As Infineon stated in its initial infringement contentions and admitted at the January 24, 2013 hearing, the VT1195SFQ power switch product has a number of separate and distinct metal layers:

*See* Lidsky Decl. ¶¶ 4-6.

*See* Infineon's Initial Infringement Contentions, Dkt. No. 168 at Appendix A, p. 6.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 9 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1    In its TAICs, Infineon again fails to include, use or reference this image of the

2    VT1195SFQ, almost assuredly because this would make it obvious that it is failing to make its

3    contentions clear.  Instead, Infineon has continued in its efforts to obfuscate and not take a clear

4    position as to which specific layer in the VT1195SFQ that it contends meets the "metal

5    conductors" limitations.  Specifically, it remains unclear whether Infineon contends that the

6    "metal conductors" limitations are met by either: ██████████████████████████

7    ███████████████████████████████████████████████████████

8    ███████████████████████████████████████████

9    ██████████████████████████████████████  *See* Lidsky

10   Decl. ¶¶ 3, 7-16.  To do so is obviously a very simple matter.  The ambiguity could be easily be

11   eliminated and Infineon's contentions made clear by, for example, referencing the actual cross

12   section of the VT1195SFQ from Infineon's initial infringement contentions and/or by the

13   addition of an explicit and unambiguous statement in the contentions.  Thus, if Infineon is

14   contending that it is ████████ in the VT1195SFQ it could either point to ████████

15   ████████ in its initial infringement contentions or simply state in the contentions:

16   ██████████████████████████████████████████

17   ██████████████████████████████████████████████

18

19   Alternatively, if it is contending that it is ████████ it could simply either unambiguously

20   point to ██████████████ in its initial infringement contentions or state:

21   ██████████████████████████████████████████████

22   ████████████████████████████████████████

23   Instead, the TAICs do not make unambiguous statements to identify which of these  two

24   different layers it contends meet the "metal conductors" limitation.

25                  a.      The Ambiguity That Infineon Refuses To Clarify Is Important For
                           Purposes Of Claims Construction and Summary Judgment Of
26                         Non-Infringement.

27   The ambiguity between which of these two layers that Infineon claims meet the "metal

28   conductors" limitations is very important with respect to the ultimate issue of infringement in

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                           - 10 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   this case and with respect to what claim terms may need to be construed by the Court.

2   Independent Claim 1 of '730 Patent requires that the "metal conductors" be "in contact" with the

3   "bumps." Thus, if Infineon contends that the "metal conductors" are ███ this will focus the

4   issue on non-infringement on the "in contact" limitations since ████████████████████

5   ████████████████████ On the other hand, if Infineon claims that the

6   "metal conductors" limitations are met by ████████████████████████

7   █████████████████ the "metal conductors" limitations will be the focus, since

8   the '730 Patent describes the "metal conductors" as being the second metal layer that is part of

9   the "chip" or "die" and derides using any additional metal layers – ████████████ – as an

10  "expensive process" that "increases the complexity and cycle time of the manufacturing process"

11  which can be avoided by using the invention described and claimed in the patent. *See, e.g.,*

12  Sicard Patent, Fisher Decl., Ex. C at 1:48-55; 4:67-5:3. Accordingly, having clarity with respect

13  to Infineon's contentions on this issue is critical here to focus the claim terms which should be

14  the focus of the claims construction needed and the issues that will become the focus of a motion

15  for summary judgment of noninfringement which will result in dismissal of this retaliatory case.

16  This is the exact purpose for Rule 3-1's requirement for the patentee to "crystallize" its

17  contentions with specificity. *See Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d

18  1022, 1024-25 (N.D. Cal. 2010).

19              b.      The TAICs Contain Multiple Inconsistent Statements As To
                        Which Specific Layer In The VT1195SFQ Meet The "Metal
20                      Conductors" Limitations.

21      Infineon's TAICs contain multiple confusing and ***internally inconsistent statements***

22  which leave open the question of which metal layer in the VT1195SFQ Infineon contends meets

23  the "metal conductors" limitations. *See* Lidsky Decl. ¶¶ 3, 7-16. For example, Infineon

24  continues to include and rely upon ***the same ambiguous and unclear top-down images***

25  ***purporting to describe some unidentified "metal layer" as the "metal conductors" which the***

26  ***Court has already found to be obfuscating***. *See* Lidsky Decl. ¶¶ 8-11. Moreover, Infineon has

27  left unchanged the same language which creates inherent inconsistencies as to whether Infineon

28  is contending ████████████████████████████████████████████

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 11 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1  ██████████████████████ that meets the "metal conductors" limitations.  It therefore

2  remains unclear which specific metal layer (or perhaps combination of layers) of the structure of

3  the VT1195SFQ Infineon is contending is the plurality of "first" and "second" "metal

4  conductors" and also which specific structure(s) satisfies the "in contact" and "bumps"

5  limitations for purposes of its literal infringement contentions.

6           Specifically, despite requesting additional time from the Court at the last hearing to

7  change its infringement contentions, in the TAICs, Infineon made ***only two changes*** with respect

8  to the key "metal conductors," "in contact with" and "bumps" limitations, which are:

9      •  the addition of the phrase "under the bumps" in call-out boxes next to the top-down
10        images purporting to show the "metal conductors" on pages 11-12 and 24-25 of the claim
          chart (Fisher Decl., Ex. B, Appendix A), and
11

12     •  the addition of a new mocked up purported "illustration" of a cross-section of the
          VT1195SFQ found at pages 13 (purporting to show the "plurality of first metal
13        conductors") and 26 (purporting to show the "plurality of second metal conductors") of
          the claim chart.  *Id.*  This "illustration" is reproduced below:



Neither of these changes makes Infineon's position clear.

                    (1)     Infineon's Addition of the Phrase "Under the Bumps" Fails
                            to Clarify Infineon's Contentions.

           The first change to the TAICs, the addition of the phrase "under the bumps" in the call-

out boxes accompanying the top-down images on pages 11-12 and 24-25 of the claim chart, does

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                    - 12 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   not clarify Infineon's contentions.  Infineon has already admitted that these top-down images

2   show multiple layers of metal.  As the Court stated in its January 28, 2013 Order:  "This birds-

3   eye perspective does not allow the viewer to discern whether the image depicts one or multiple

4   layers, let alone which specific layer(s) are shown.  Even if Defendant could determine that the

5   image shows multiple layers, Defendant still is entitled to know which layer or layers allegedly

6   infringe Plaintiff's patent."  Dkt. No. 193 at 6:6-9, citation omitted.   Thus, the reference to some

7   otherwise unidentified layer in the VT1195SFQ "under the bumps" does not provide clarity,

8   since *all of the layers of metal in the VT1195SFQ are "under the bumps."*

9

10

11

12

13

14

15

16                    (2)      Infineon's New Mocked Up "Illustration" Also Fails to
                               Clarify Infineon's Contentions.
17

18          The second and only other change made with respect to this key claim limitation in the

19   TAICs is the addition of the purported "illustration" added on pages 13 and 26 of the claim chart

20   and some accompanying text.  Specifically, Infineon states that:

21

22

23

24

25          In the first instance, this is improper in that it does not set forth *Infineon's contentions*

26   regarding the VT1195SFQ as Patent L.R. 3-1 requires.  Instead, Infineon's statement is that this

27   is an illustration of what "Volterra describes" as the structure of the VT1195SFQ.  There is no

28   basis for this intentional obfuscation.  Patent L.R. 3-1 requires that Infineon set forth *its own*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                - 13 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   ***contentions*** as to the specific structure in the VT1195SFQ it contends are the "metal

2   conductors."  This is of course the entire purpose of infringement contentions.

3          Moreover, the addition of this "illustration" and the accompanying language does not

4   clarify what Infineon's contentions are and indeed is itself internally inconsistent.  First, Infineon

5   merely relies on circular language, stating that "those pictures" (referring to the otherwise

6   ambiguous images on the preceding pages which as noted above reflect multiple layers) "show

7   the metal layer under the bumps."  As noted above, however, there are multiple metal layers

8   "under the bumps"

9   

10         Moreover, the "illustration" on page 13 of Infineon's Claim Chart

11   

12   

13   

14   

15   

16   

17   

18   

19   

20   

21   

22   

23   

24   

25   

26   

27   

28               *See* Lidsky Trial Test'y, Fisher Decl., Ex. Q at 1098:1-6.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 14 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1  ██████████████████████████    ████████████████████

2  ██████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ██████████████████████████████████████████████

6  ██████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████

8  ████████████████████████████████████████████

9        There are several other portions of the TAICs which create similar ambiguity.  While the

10  comments of Infineon's counsel at the January 24, 2013 hearing and in its meet and confer

11  letters suggest (but do not explicitly state) that Infineon is contending that ██████████████

12  ██████████████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████

16  █  ██████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████

18  ██████████████████████████████████████████████████████

19  █  ███████████████████████████████████████████████████

20  ███████████████████████████████████████████████

21  █  ███████████████████████████████████████████████████

22  ██████████████████████████████████████████████████████

23  ██████████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ██████████████████████████████████████████████

26  _____

27  [8] Apparently conceding its "illustration" was flawed, Infineon's proposed revised infringement
   contentions remove the "with vias" language from its mocked up illustration.  *See* Fisher Decl.,
28  Ex. P at 13, 27.  It remains unclear why Infineon will not simply refer to ***the actual image*** of the
   VT1195SFQ that was included in its initial infringement contentions.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)          - 15 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   Each of these statements are internally inconsistent and cannot be reconciled with the

2   suggestion that Infineon is contending ████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ████████████████████████   Volterra has asked Infineon no less than seven (7) times to

10  explain how these statements – which were also addressed in Volterra's prior motion to strike --

11  can be reconciled with Infineon's apparent position, but Infineon refuses to respond to these

12  repeated requests.  *See* Fisher Decl., Exs. D-N; ¶¶ 7, 19-20.  The simple fact is that these

13  statements are contradictory and cannot be reconciled, but have remained in the infringement

14  contentions because Infineon continues to try to "hedge its bets" as to its contentions.

15  Volterra believes that at this point the Court should strike Infineon's infringement

16  contentions in their entirety.  If the Court is inclined to provide Infineon with yet another chance,

17  however, Infineon should be ordered to amend it contentions to make its position as to which

18  layer in the VT1195SFQ meets the "metal conductors" limitations crystal clear.  Thus, Infineon

19  should be required to make an explicit statement in its contentions such as either of the following

20  depending upon its position:

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████

25  Infineon must then also be required to amend the statements on pages 15, 22-23, 28 and

26  36 of the claim chart to be consistent with whatever position Infineon is taking.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 16 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

3.      Infineon's DOE Contentions As To Claim 1 Remain Inadequate and Unclear.

Infineon's DOE contentions as to claim 1 are also insufficient.  In its DOE contentions with respect to the "metal conductors" limitations, Infineon contends that:



See Fisher Decl., Ex. B, Appendix A, p. 15 (emphasis added); *see also id.,* p. 28 ("plurality of second metal conductors").  In its DOE contentions with respect to the "bumps" limitation, Infineon contends that:

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 17 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

*See id.,* pp. 22-23 (emphasis added); *see also id.,* p. 36 ("bumps" in contact with "plurality of second metal conductors").

Given the ambiguities and inconsistencies with respect to what Infineon is contending are the "metal conductors" (discussed above) and the inconsistencies that pervade Infineon's descriptions of the "metal conductors" and "bumps," it is impossible to tell what Infineon is claiming for purposes of its DOE contentions.

The answers to each of these questions are unclear.

Moreover, once Infineon has clarified what its contentions are, Infineon must then provide an element-by-element explanation of *why* and *how* the doctrine applies. *See* 10/3/12 Order at 7.

While the Court indicated that Infineon could provide different theories under the DOE at the January 24, 2013 hearing,[9] the Court has ordered repeatedly that Infineon *must clearly identify what those theories are*, including how and why the DOE applies to each theory. Infineon has plainly failed to do so.

---

[9] *See* 1/24/13 Hr'g Tr., Fisher Decl., Ex. A at 5-6 ("It might be if it's not that one layer, *then we argue that layers one and two are sufficient under the DOE, or layers one, two and three*, or you can state different theories under the doctrine of equivalents.") (emphasis added).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1    Further, Infineon's contentions are deficient in that they use open-ended and unclear

2    language.  Specifically, as discussed above, on page 15 of its claim chart, Infineon uses the

3    phrase ▮▮▮▮ ▮▮▮▮ and on pages 22-23 of its claim chart Infineon uses the phrase ▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮▮ Such open-ended language cannot possibly "crystallize" Infineon's

5    DOE contentions.

6           Infineon has instead once again left Volterra to guess as to what Infineon's present

7    contentions are to hedge its bets down the road, in violation of the Patent Local Rules and the

8    Court's October 3, 2012 and January 28, 2013 Orders.  The TAICs should therefore be stricken.

9    If the Court is not inclined to strike the contentions, Infineon should be ordered to clearly state

10   what structure(s) it is contending are the "metal conductors" and "bumps" under the DOE and

11   then how and why the doctrine applies as to each such contention and to remove from its

12   contentions the ambiguous phrases ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13   on pages 15, 22-23, 28 and 36 of its claim chart.

14         **B.    Infineon's Claim Chart For The VT1195SFQ Fails To Comply With Patent**

15              **L.R. 3-1 With Respect To The Asserted Dependent Claims Of The '730 Patent.**

16              1.    Infineon's Literal Infringement Contentions as to the Dependent Claims

17                    Remain Inadequate and Unclear

18         Infineon's infringement contentions with respect to the dependent claims also remain

19   inadequate.  Claims 2-8 of the '730 Patent (Fisher Decl., Ex. C) include additional limitations

20   relating to structure and arrangement of the "metal conductors" and/or how the "bumps" are

21   connected to the "metal conductors."  For example, claim 2 provides that:  "A semiconductor

22   power device according to claim 1 wherein the plurality of first metal conductors are

23   interdigitated with the plurality of second metal conductors," and Claim 3 provides that:  "A

24   semiconductor power device according to claim 1 wherein each of the plurality of first and

25   second metal conductors are arranged in parallel extending in a first direction."  *Id.*

26         Infineon's failure to clearly identify the specific structure(s) it is contending constitute

27   the "metal conductors" and "bumps" with respect to its allegations as to independent claim 1

28   infects its contentions with respect to each of the dependent claims. ▮▮▮▮▮▮▮▮▮▮▮▮

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 19 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████  This is not at all explained, and the TAICs instead

only provide the evasive and conclusory statement that "portions of the metal layer" meet the

"interdigitated" limitation, without identifying the specific "portion" or the specific "metal

layer."[10]  The disclosure with respect to dependent claims 3 and 4 use the same language and

similarly fail specify which specific portion(s) of which specific layer(s) are being referenced.

Indeed, Infineon continues to fail to make its contentions clear by again confusingly including

and relying upon the same ambiguous and unclear top-down images purporting to describe some

unidentified "metal layer" as the "metal conductors" which the Court has already found to be

obfuscating.  *See, e.g.*, claim chart, Fisher Decl., Ex. B, Appendix A at pp. 56 (claim 2), 58

(claim 3), 60 (claim 4), 63, 65 (claim 5), 67 (claim 6), 68 (claim 7) and 69 (claim 8).

Accordingly, Infineon's literal infringement contentions as to dependent claims 2-8 remain

inadequate.  If the Court is not inclined to strike Infineon's contentions, Infineon should be

ordered to amend its contentions to clearly identify the "portions" of the specific "metal layer"

being referenced.

---

[10] Infineon's TAICs for some reason struck the word "identified" that appeared in its SAICs
when referencing the "metal layer" in connection with the dependent claims of its TAICs.
Infineon's claim chart for claim 2, for example, now reads: ███████████████████████████
██████████████████████████████████████████████████  Fisher Decl., Ex. B, Appendix A at 56
(emphasis added).  It is therefore unclear what "metal layer" is being referenced.  Infineon's
proposed revised amendments to the TAICs purport to correct this problem by clarifying that the
"metal conductors" and "bumps" for the dependent claims are the same as those purportedly
identified for claim 1 (*see* proposed amended IC's, Fisher Decl., Ex. P at 58, 61, 64, 67), but it
does little good to clarify that the "portions of the metal layer" and which "bumps" being
referenced in the dependent claims are the same "portions of the layer" and "bumps" being
referenced in claim 1 given Infineon's failure to clearly identify the "metal conductors" and
"bumps" for purposes of claim 1 and because Infineon relies on top-down images that you have
acknowledged show multiple metal layers in the dependent claims.  The proposed amendment
also completely ignores Infineon's failure to address the ***additional limitations*** in the dependent
claims, i.e., the "interdigitated" limitation of claim 2.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 20 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

2.     Infineon's DOE Contentions As To Dependent Claims 2-5 Are Also
       Inadequate And Unclear

The TAICs also suggest that Infineon is making a contention that certain claim elements of dependent claims 2-5 may be met under the DOE.   However, the TAICs do not at all explain what Infineon's DOE contentions are with respect to any of these dependent claims.  Instead, all that Infineon does in its TAICs is to include a conclusory reference that certain limitations in each of these dependent claims are met "both literally and under the doctrine of equivalents." *See id.,* pp. 56, 58, 60 and 62 (claims 2-5).  Further, as noted above, with respect to claims 2-4, the TAICs further provide the evasive and conclusory statement that "portions of the metal layer" meet the "metal conductors" limitation, without identifying the specific "portion" or the specific "metal layer." [11]  This is plainly insufficient.

If the Court is not inclined to strike Infineon's contentions, the Court should order that Infineon be required to clearly explain its DOE contentions with respect to dependent claims 2-5, including that Infineon identify the specific "portion" and the specific "metal layer" being referenced.  The Court should further order that Infineon cannot now for the first time assert the DOE for dependent claims 6-8 (at least absent leave to amend), for which it has not provided any explanation whatsoever of its contentions.

C.     **Infineon's Infringement Contentions Improperly Add Three Additional Products Without Leave Of Court.**

The TAICs also improperly reference and add three new accused products (the VT1626SFQ, VT1656SFQ and VT1676SFQ) without having been granted leave to amend.  *See* Fisher Decl., Ex. B at 2 (listing Accused Products).  This is improper and in violation of the Court's December 11, 2012 Order, which required that Infineon demonstrate that it could not have discovered the newly named products absent discovery when it served its initial infringement contentions.  *See* Dkt. No. 162 at 4-6. In accordance with the parties' stipulation,

---

[11] For the reasons discussed in footnote 10 above, Infineon's proposal to now identify that the "metal conductors" and "bumps" for purposes of its DOE contentions  are the same as those purportedly identified for claim 1 is insufficient.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 21 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1    the Court ordered that Infineon refile its motion for leave to amend to add these additional

2    products no later than May 23, 2013.  Dkt. No. 234.  Infineon's attempt to add these three

3    additional products should be stricken until such time as Infineon has been permitted to add them

4    to the action.

D.    **Infineon's Infringement Contentions Should Be Stricken As To All Products Other Than The VT1195SQF, Which Is The Only Product As To Which It Has Provided A Claim Chart.**[12]

7         The Court's Patent Local Rules require that Infineon specifically identify and provide a

8    separate Claim Chart for *each and every* product that it accuses of infringement.  Specifically,

9    Patent Local Rule 3-1(c) requires that Infineon provide "[a] chart identifying specifically where

10   each limitation of each asserted claim is found within *each* Accused Instrumentality. . . ."  Thus,

11   the Patent Local Rules on their face require that Infineon provide separate infringement

12   contentions in a chart form for *each* accused product.  Here, however, Infineon has provided a

13   claim chart for *one* product (the VT1195SFQ), seeking to avoid the requirements of the local

14   rules by erroneously claiming that the VT1195SFQ is "representative" of all the (unspecified)

15   products that Infineon accuses.

16        Although some courts have indicated that a patentee may be permitted to provide a claim

17   chart for a truly "representative product," these courts have held patentees to a high burden in

18   proving that the purportedly representative product is truly representative.  *See Bender v.*

19   *Freescale Semiconductor, Inc.*, No. C 09-1156 PHJ, 2010 WL 1689465, at *3 ("Rule 3-1(b) . . .

20   requires Plaintiff to articulate how the accused products share the same, or substantially the

21   same, infringing circuitry with any other product or with the 15 'representative' products.");

22   *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *3; *Renesas*

23   *Tech. Corp. v. Nanya Tech. Corp.*, No. C 03-05709 JF (HRL), 2005 WL 2000926, at *4 (N.D.

24   Cal., Aug. 18, 2005); *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C 03-05709 JF (HRL),

25   2004 WL 2600466, at *3-4 (N.D. Cal., Nov. 10, 2004).  Infineon has not and cannot meet its

26

---

27   [12] The parties have previously briefed this issue, but the Court has deferred ruling on it due to the deficiencies in Infineon's prior infringement contentions.  Infineon's position remains as before

28   – it refuses to provide separate claim charts for the accused products.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)

- 22 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1   burden here, as it has made no showing and cannot show that the one product charted (the

2   VT1195SFQ) is in fact representative of all the accused products with respect to **each** limitation

3   of the claims.  Infineon relies on attorney argument and the erroneous factual assertion that the

4   VT1195SFQ is "representative" of the other products that it references ████████████████████

5   ████████████████████████████████████████████  Fisher Decl., Ex. B,

6   Appendix A, pp. 70-71.  In fact, there are significant differences between the VT1195SFQ

7   product which Infineon provides a claim chart for and other products using the fcQFN package.

8   Lidsky Decl. ¶¶ 17-20.

9        Specifically, ████████████████████████



27   _____

28   [13] The "package" refers to how a semiconductor chip is connected to outside elements, such as a
     printed circuit board.  Lidsky Decl. ¶ 19 n.2.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                - 23 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7 ████████████████████████

8       Infineon's reliance on the VT1195SFQ as a "representative product" and its failure to

9 submit claim charts for each accused device are therefore impermissible.  Accordingly, the Court

10 should strike any assertion in Infineon's TAICs that any product other than the one product for

11 which it has provided a claim chart (the VT1195SFQ) allegedly infringes the asserted claims of

12 the '730 Patent and preclude Infineon from taking discovery on any other product.  *See* Dkt. No.

13 91 at 3 ("Courts in this District will routinely stay discovery until the plaintiff has met its

14 obligations under the [Patent Local] Rule.").  In the alternative, Infineon should be required to

15 provide separate claim charts for each of the accused Volterra products which fully comply with

16 Patent Local Rule 3-1 so as to crystallize Infineon's contentions of infringement as to each

17 separate limitation of each asserted claim in each product and, in the interim, be precluded from

18 taking discovery on any product other than the VT1195SFQ.

19       **E.       Infineon Should Not Be Granted Leave To Amend Its Infringement
               Contentions A Fifth Time.**

20

21       Patent Local Rule 3-6 provides that amendments to infringement contentions are not

22 permitted except upon a timely showing of good cause.  Infineon has not sought leave to amend,

23 has not done so in a timely fashion and cannot possibly show good cause here.  As the Court

24 stated in its October 3, 2012 Order, "Plaintiff reverse-engineered the accused product and

25 presumably knows whether the allegedly infringing portion has one metal layer or multiple metal

26 layers. ***It must now take a specific position on its theory of infringement, as is required by***

27 ***Rule 3-1***." Dkt. No. 132 at 6 (emphasis added).  The Court's January 28, 2013 Order similarly

28 found:  "Plaintiff knows more than it is showing… ***The Patent Rules do not tolerate this kind***

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE
TAICS / Case No. CV 11-06239 MMC (DMR)                - 24 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1

1  *of obfuscation…. Plaintiff reverse-engineered the VT1195SFQ and presumably knows – and*
2  *now must state – which metal layer(s) allegedly correspond to the claim limitations*." Dkt. No.
3  193 at 6, 8 (emphasis added).  Notwithstanding the Court's October 3, 2012 and January 28,
4  2013 Orders, Infineon has repeatedly refused to comply with its Patent Local Rule obligations.
5  At the January 24, 2013 hearing, the Court stated that it was going to give Infineon "one more
6  chance" to comply with the Patent Local Rules.  1/24/13 Hr'g Tr., Fisher Decl., Ex. A at 8:10-
7  11.  Notwithstanding the Court's multiple prior Orders, Infineon has continued to obfuscate and
8  play hide the ball.  Infineon's Infringement Contentions should therefore be stricken in their
9  entirety without leave to amend.

10     **F.    The Court Should Continue to Stay Discovery As To Volterra Unless And**
           **Until Infineon Complies With Its Obligations Under The Patent Local Rules.**
11

12          If the Court is inclined to permit Infineon yet another chance to comply with the Patent
13  Local Rules, it should maintain the current stay on discovery by Infineon.  As the Court has
14  recognized repeatedly, Courts in this District routinely deny patentees any discovery until they
15  have provided sufficient Infringement Contentions.  *See* Dkt. No. 91 at 3; Dkt. No. 132 at 8; Dkt.
16  No. 193 at 8.  Volterra requests that the stay be maintained in place and that Infineon be
17  precluded from taking discovery from Volterra due to its failure to comply with the Patent Local
18  Rules and that Volterra's deadline to serve its Invalidity Contentions continue to be stayed.

19  **V.    CONCLUSION**
20          For the foregoing reasons, Volterra's Motion should be granted.

21  Dated:  May 23, 2013                          FARELLA BRAUN + MARTEL LLP
22
23                                                By:____*/s/ Jeffrey M. Fisher*_____
                                                        Jeffrey M. Fisher
24
25                                                Attorneys for Defendant
                                                  VOLTERRA SEMICONDUCTOR
26                                                CORPORATION
27
28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VOLTERRA'S RENEWED MTN TO STRIKE        - 25 -
TAICS / Case No. CV 11-06239 MMC (DMR)

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION
25373\3686753.1