1 | James W. Morando (State Bar No. 087896)
jmorando@fbm.com
2 | Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
3 | Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
4 | San Francisco, CA 94104
Telephone: (415) 954-4400
5 | Facsimile: (415) 954-4480

6 | Attorneys for Defendant
VOLTERRA SEMICONDUCTOR
7 | CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV 11-06239 MMC (DMR)<br><br>**DECLARATION OF JEFFREY M. FISHER IN SUPPORT OF DEFENDANT VOLTERRA SEMICONDUCTOR CORPORATION'S RENEWED MOTION TO STRIKE INFINEON'S THIRD AMENDED INFRINGEMENT CONTENTIONS AND TO CONTINUE STAY OF, OR LIMIT DISCOVERY**<br><br>Date: June 27, 2013<br>Time: 11:00 a.m.<br>Dept.: Courtroom 4, 3rd Floor<br>Judge: Honorable Donna M. Ryu |

JMF DECLARATION ISO RENEWED MTN TO STRIKE 3rd AMENDED IC/ CASE #CV 11-06239 MMC (DMR)

25373\3680102.1

I, Jeffrey M. Fisher, declare the following:

1. I am licensed to practice law in the State of California and am a partner at the law firm of Farella Braun & Martel LLP, attorneys for Defendant Volterra Semiconductor Corporation ("Volterra"). I have personal knowledge of the matters set forth below and if called and sworn as a witness, I could and would competently testify to the facts set forth herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of proceedings before Magistrate Judge Ryu in this matter on January 24, 2013.

3. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Infineon Technologies AG's Third Amended Disclosure of Asserted Claims and Infringement Contentions ("TAICs"), including Appendix A and Exhibits A through F thereto, which Infineon served on February 14, 2013. **FILED UNDER SEAL.**

4. Attached hereto as **Exhibit C** is a true and correct copy of United States Patent No. 5,945,730, titled "Semiconductor Power Device," issued to Thierry Sicard, et al., dated August 31, 1999.

5. After studying the TAICs and discussing them with our client, we made significant efforts to meet and confer with Infineon's counsel in an effort to resolve or at least narrow the disputes relating to the deficiencies in Infineon's TAICs. In connection with these efforts, I first sent a very detailed letter to address the deficiencies in the TAICs, most of which were in the prior version of Infineon's infringement contentions. Attached hereto as **Exhibit D** is a true and correct copy of that letter which I sent to Plaintiff's counsel, David G. Wille and Jeffery D. Baxter, dated February 28, 2013. **FILED UNDER SEAL.**

6. Thereafter, counsel for the parties exchanged nine additional letters to meet and confer about the disputes which are attached as Exhibits E – M hereto and described below. In addition, on March 6, 2013, I spoke with Infineon's counsel, Jeffery Baxter, in a further effort to meet and confer concerning the deficiencies in Infineon's TAICs. Unfortunately, these letters and the telephone call were unsuccessful to resolve the disputes relating to the TAICs related to this motion.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JMF DECLARATION ISO RENEWED MTN TO
STRIKE 3rd AMENDED IC/ CASE #CV 11-06239
MMC (DMR)

- 1 -

25373\3680102.1

7. For example, during the course of my call with Mr. Baxter, I explained in particular why Volterra believed that Infineon's infringement contentions remained deficient and ambiguous, including why Infineon's use of the term "4th conductive metal layer" was ambiguous and unclear. I asked Mr. Baxter why Infineon would not simply use the terms "RDL" or "UBM" to identify the "metal conductors" if that is what Infineon was contending is the "metal conductors." Mr. Baxter stated that Infineon would not use those terms because it believed them to be ambiguous, though he could not explain why, even though Infineon had previously used the term "RDL" in its initial infringement contentions and even though Infineon continues to use the term "UBM" in its TAICs (as I pointed out to him during the call). I further asked Mr. Baxter to explain what I believe to be inconsistencies in the position that Infineon appeared to take at the January 24, 2013 hearing and in its meet and confer communications, i.e., that the "metal conductors" are the singular, top-most RDL or UBM layer and not some other layer or some combination of layers in the VT1195SFQ. Specifically, I asked Mr. Baxter to address the statements made on pages 15, 22-23, 28 and 36 of Infineon's claim chart that suggest that the "metal conductors" are something other than the singular, top-most layer in the VT1195SFQ (the RDL or UBM). These statements are quoted in Volterra's prior motion to strike and in several of our meet and confer letters, but Infineon had repeatedly ignored addressing them or explaining how these statements can be reconciled with Infineon's apparent position. Mr. Baxter was unable to explain these inconsistencies during our call. Though I asked him to please address them in a letter, when I received Mr. Baxter's letter the following day (Exhibit I hereto), this letter still failed to explain these inconsistencies. Nor did Mr. Baxter's letter provide resolutions that Volterra found satisfactory resolutions to any other issue that was in dispute.

8. Attached hereto as **Exhibit E** is a true and correct copy of a letter from Plaintiff's counsel, Jeffery Baxter to Jeffrey M. Fisher, dated March 1, 2013. **FILED UNDER SEAL.**

9. Attached hereto as **Exhibit F** is a true and correct copy of a letter from Jeffrey M. Fisher to Plaintiff's counsel, Jeffery Baxter, dated March 4, 2013. **FILED UNDER SEAL.**

10. Attached hereto as **Exhibit G** is a true and correct copy of a letter from Plaintiff's counsel, Jeffery Baxter to Jeffrey M. Fisher, dated March 5, 2013. **FILED UNDER SEAL.**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JMF DECLARATION ISO RENEWED MTN TO STRIKE 3rd AMENDED IC/ CASE #CV 11-06239 MMC (DMR) - 2 -

25373\3680102.1

11. Attached hereto as **Exhibit H** is a true and correct copy of a letter from Jeffrey M. Fisher to Plaintiff's counsel, Jeffery Baxter, dated March 6, 2013. **FILED UNDER SEAL.**

12. Attached hereto as **Exhibit I** is a true and correct copy of a letter from Plaintiff's counsel, Jeffery Baxter to Jeffrey M. Fisher, dated March 7, 2013. **FILED UNDER SEAL.**

13. Attached hereto as **Exhibit J** is a true and correct copy of a letter from Plaintiff's counsel, Jeffery Baxter to Jeffrey M. Fisher, dated March 8, 2013. **FILED UNDER SEAL.**

14. Attached hereto as **Exhibit K** is a true and correct copy of a letter from Jeffrey M. Fisher to Plaintiff's counsel, Jeffery Baxter, dated March 11, 2013. **FILED UNDER SEAL.**

15. Attached hereto as **Exhibit L** is a true and correct copy of a letter from Plaintiff's counsel, Jeffery Baxter to Jeffrey M. Fisher, dated March 13, 2013. **FILED UNDER SEAL.**

16. Attached hereto as **Exhibit M** is a true and correct copy of a letter from Jeffrey M. Fisher to Plaintiff's counsel, Jeffery Baxter, dated March 18, 2013. **FILED UNDER SEAL.**

17. Following the April 18, 2013 hearing, we again attempted to meet and confer with Infineon's counsel concerning the sufficiency of the TAICs. Specifically, on April 22, 2013, I sent an email to Infineon's counsel stating that:

> Also, with respect to Volterra's Motion to Strike, Magistrate Judge Ryu reiterated during the April 18 hearing her prior order that the parties meet and confer with respect to Infineon's Third Amended Infringement Contentions (TAICs). During the prior meet and confer discussions, while Infineon had refused to respond to a number of the issues we raised, you had indicated that Infineon would at least be willing to make some certain additional changes to the TAICs. I would suggest we start there. Is Infineon still willing to make at least some changes to the contentions? If so, which one(s)? Please let us know Infineon's present position and we can then respond.

18. A true and correct copy of my April 22, 2013 email to Infineon's counsel is attached hereto as **Exhibit N**. **FILED UNDER SEAL.**

19. Infineon's counsel indicated in response to my email that Infineon was willing to make certain amendments to the TAICs to resolve certain (but not the most significant) of the problems we had pointed out with the TAICs. A true and correct copy of an email string dated

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JMF DECLARATION ISO RENEWED MTN TO
STRIKE 3rd AMENDED IC/ CASE #CV 11-06239
MMC (DMR)

- 3 -

25373\3680102.1

May 17, 2013 reflecting further efforts to meet and confer concerning the TAICs is attached hereto as **Exhibit O**. **FILED UNDER SEAL.**

20. Although Infineon's counsel was willing to make certain amendments to the TAICs, they once again refused to address – or even respond to – the most significant problems with the TAICs. Specifically, Infineon has repeatedly refused to address its failure to clarify what it is contending are the "metal conductors" by referencing the actual cross section of the VT1195SFQ and has also repeatedly refused to address the multiple inconsistent statements included in the TAICs. By way of example, we have asked Infineon's counsel no less than seven (7) times to address what are a number of inconsistent statements in the TAICs concerning what Infineon is contending are the "metal conductors" and "bumps." *See* ¶ 7 above (3/6/13 meet and confer); 2/28/13 letter, Ex. D at 2-5; 3/4/13 letter, Ex. F at 2; 3/6/13 letter, Ex. H at 2-3; 3/11/13 letter, Ex. K at 1, 3; 3/18/13 letter, Ex. M at 1; my 5/9/13 email contained in Ex. O. We have also repeatedly asked that Infineon explain why it believes the terms "RDL" and "UBM" are ambiguous, particularly given that Infineon used them in its initial infringement contentions and is continuing to use the term "UBM" in the TAICs. *See* ¶ 7 above (3/6/13 meet and confer); 3/11/13 letter, Ex. K at 2; 3/18/13 letter, Ex. M at 2. Infineon has simply ignored these inquiries.

21. A true and correct copy of Infineon's proposed amendments to Appendix A of the TAICs are attached hereto as **Exhibit P**. **FILED UNDER SEAL.**

22. Attached hereto as **Exhibit Q** is a true and correct copy of excerpts from the trial transcript in the proceeding before Judge Spero, Volterra Semiconductor Corporation v. Primarion, Inc. et al., Case 3:08-cv-05129-JCS, dated May 17, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of May, 2013, in San Francisco, CA.

*/s/ Jeffrey M. Fisher*
Jeffrey M. Fisher

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JMF DECLARATION ISO RENEWED MTN TO STRIKE 3rd AMENDED IC/ CASE #CV 11-06239 MMC (DMR)

- 4 -

25373\3680102.1