# EXHIBIT A

TO THE DECLARATION OF JEFFREY M. FISHER IN SUPPORT OF DEFENDANT VOLTERRA SEMICONDUCTOR CORPORATION'S RENEWED MOTION TO STRIKE INFINEON'S THIRD AMENDED INFRINGEMENT CONTENTIONS AND TO CONTINUE STAY OF, OR LIMIT DISCOVERY

<u>INFINEON TECHNOLOGIES vs. VOLTERRA</u>
CASE NO. CV 11-06239 MMC (DMR)

```
                              PAGES 1 - 15

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE DONNA RYU, MAGISTRATE, JUDGE


   INFINEON TECHNOLOGIES,    )
                             )
             PLAINTIFF,      )   NO. C-11-6239 MMC (DMR)
                             )
      VS.                    )   THURSDAY, JANUARY 24, 2013
                             )
   VOLTERRA SEMICONDUCTOR    )   OAKLAND, CALIFORNIA
   CORPORATION,              )
                             )   MOTION HEARING
             DEFENDANT.      )
   _____)


              REPORTER'S TRANSCRIPT OF PROCEEDINGS

   APPEARANCES:

   FOR PLAINTIFF:         BAKER BOTTS L.L.P.
                          2001 ROSS AVENUE
                          DALLAS, TEXAS 75201
                      BY: JEFFERY D. BAXTER, ESQUIRE


   FOR DEFENDANT:         FARELLA BRAUN + MARTEL
                          235 MONTGOMERY STREET
                          SAN FRANCISCO, CALIFORNIA 94104
                      BY: JAMES W. MORANDO, ESQUIRE
                          JEFFREY M. FISHER, ESQUIRE, ESQUIRE



   REPORTED BY:           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                          OFFICIAL COURT REPORTER

       TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION



 DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930
```

Page 2

1 THURSDAY, JANUARY 24, 2013                               11:41 A.M.

2                       P R O C E E D I N G S

3          THE CLERK: CALLING CIVIL 11-6239 INFINEON

4 TECHNOLOGIES AG VERSUS VOLTERRA SEMICONDUCTOR CORPORATION.

5     COUNSEL, CAN YOU PLEASE COME FORWARD AND STATE YOUR

6 APPEARANCES FOR THE COURT.

7          MR. MORANDO: GOOD MORNING, YOUR HONOR.

8     JAMES MORANDO AND JEFF FISHER FROM FARELLA BRAUN & MARTEL

9 ON BEHALF OF THE DEFENDANT VOLTERRA SEMICONDUCTOR.

10         THE COURT: GOOD MORNING MR. MORANDO AND MR. FISHER.

11         MR. BAXTER: GOOD MORNING, YOUR HONOR.

12    JEFF BAXTER FROM BAKER BOTTS ON BEHALF OF THE PLAINTIFF

13 INFINEON.

14         THE COURT: GOOD MORNING, MR. BAXTER.

15    COUNSEL, PLEASE STAY UP AT THE PODIUM. WE WOULD LIKE YOU

16 TO ARGUE FROM THE PODIUM SO OUR COURT REPORTER CAN HEAR YOU

17 CLEARLY.

18    ALL RIGHT. THIS IS DEFENDANT'S MOTION TO STRIKE THE

19 SECOND AMENDED INFRINGEMENT CONTENTIONS.

20    SO, MR. BAXTER, I HAVE SOME QUESTIONS.

21    DOES INFINEON CONCEDE THAT THERE ARE MULTIPLE METAL LAYERS

22 IN THE ACCUSED PRODUCT VT1195SFQ? IN MY REVIEW OF THE RECORD,

23 IT LOOKS LIKE THERE'S AT LEAST M1, M2, M3, AND AN RDL.

24    DO YOU CONCEDE THAT THAT'S TRUE?

25         MR. BAXTER: WE AGREE THAT THERE ARE FOUR METAL
   DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1  LAYERS.  WE DON'T AGREE WITH THE LABELS THAT THE DEFENDANT HAS

2  APPLIED TO THOSE FOUR METAL LAYERS.

3          THE COURT:  OKAY, BUT THERE ARE FOUR METAL LAYERS?

4          MR. BAXTER:  YES.

5          THE COURT:  IN THAT ACCUSED PRODUCT?

6          MR. BAXTER:  YES.

7          THE COURT:  WHAT PREVENTS INFINEON FROM CLEARLY AND

8  UNAMBIGUOUSLY IDENTIFYING THE PRECISE LAYER OR LAYERS THAT

9  COMPRISE THE LIMITATION IN CLAIM 1 THAT STARTS "PLURALITY OF

10 FIRST METAL CONDUCTORS"?

11         MR. BAXTER:  WE THINK WE HAVE DONE THAT, YOUR HONOR.

12 WE ARE ALLEGING THAT THE METAL CONDUCTOR IS THE TOP METAL

13 LAYER UNDER THE BUMP.

14         THE COURT:  WHICH ONE IS THAT?

15         MR. BAXTER:  THE TOP ONE UNDER THE BUMP.

16         THE COURT:  SO JUST ONE METAL LAYER OF THESE FOUR?

17         MR. BAXTER:  YES, YOUR HONOR.

18     I HAVE A SLIDE I CAN PASS UP THAT MAY HELP.

19         THE COURT:  IS IT IN YOUR SUBMISSIONS?

20         MR. BAXTER:  NO.

21         THE COURT:  WHY ISN'T IT IN YOUR SUBMISSIONS?

22         MR. BAXTER:  WELL, IT'S AN ILLUSTRATION OF THE

23 DESCRIPTION OF THE DEVICE THAT THE DEFENDANT PROVIDED IN THE

24 REPLY BRIEF.

25         THE COURT:  YOUR -- LET ME PUT IT THIS WAY.  YOUR

1  CURRENT INFRINGEMENT CONTENTIONS DO NOT UNAMBIGUOUSLY IDENTIFY
2  ONE LAYER AS THE LAYER IN THE ACCUSED PRODUCT THAT YOU THINK
3  IS WHERE THE LIMITATION IS INFRINGED.
4      MR. BAXTER:  WE BELIEVE THE PICTURES IN OUR DEVICE
5  IDENTIFY THAT TOP METAL LAYER UNDER THE BUMPS.
6      THE COURT:  I AM JUST TELLING YOU, IN REVIEWING YOUR
7  CONTENTIONS THEY ARE INSUFFICIENT BECAUSE IT APPEARS THAT
8  YOU'RE CONCEDING THERE IS MORE THAN ONE LAYER AND YOU CAN
9  SPECIFICALLY IDENTIFY -- BECAUSE I THINK YOU ARE TRYING TO DO
10 THAT NOW.  SO I THINK THERE'S -- YOU ARE CONCEDING THERE IS A
11 WAY TO DO THAT WITH WORDS IN YOUR CHART.
12   IF YOU ARE SAYING THAT THE LIMITATION IN CLAIM 1 IS
13 LOCATED IN THE LAYER -- THE ONE LAYER THAT IS DIRECTLY IN
14 CONTACT WITH THE BUMPS, THEN, MR. MORANDO, WOULD YOU AGREE
15 THAT THAT IS SUFFICIENT?
16     MR. MORANDO:  IF THEY IDENTIFY WHAT THEY ARE TALKING
17 ABOUT SPECIFICALLY BY REFERENCE TO THE STRUCTURE, YES.
18     THE COURT:  WELL --
19     MR. MORANDO:  THEY MAKE CLEAR THEY ARE NOT TALKING
20 ABOUT A COMBINATION OF METAL LAYERS, FOR EXAMPLE.
21     THE COURT:  I AGREE.
22   WHAT I AM HEARING MR. BAXTER SAY IS THAT THEIR CONTENTION
23 IS THERE'S ONE LAYER FOR THEIR DIRECT INFRINGEMENT THEORY, AND
24 THAT THAT LAYER, THERE MAY BE A DIFFERENCE ON WHAT THEY WANT
25 TO LABEL IT, MAYBE THEY DON'T WANT TO CALL IT M1, THEY CAN

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

Page 5

1  CALL IT SOMETHING DIFFERENT, BUT THAT IS ONE LAYER.  IT'S NOT

2  ONE LAYER THAT CONSISTS POTENTIALLY OF FOUR LAYERS, CORRECT?

3           MR. MORANDO:  PRESUMABLY IF WHAT HE'S SAYING TODAY IS

4  CORRECT, HE'S REFERENCING WHAT -- THEY HAD PREVIOUSLY USED

5  THIS LABEL RDL.  THAT WOULD BE THE ONE THAT IS IN CONTACT WITH

6  BUMPS --

7           THE COURT:  SO --

8           MR. MORANDO:  -- I BELIEVE IS WHAT HE IS TALKING

9  ABOUT.

10          THE COURT:  OKAY.

11     MR. BAXTER, MY RULING IS THAT AS CURRENTLY STATED, THESE

12 ARE INSUFFICIENT BECAUSE I THINK THEY ARE VAGUE AND THEY

13 CONTINUE TO MASK THE ACTUAL ARGUMENT THAT YOU ARE TRYING TO

14 MAKE HERE.

15     SO, IF -- I AM GOING TO GIVE YOU ANOTHER CHANCE.  IF

16 INFINEON CAN CLEARLY STATE THAT IN THE VT1195SFQ, THE

17 PLURALITY OF FIRST METAL CONDUCTORS MEANS THE FIRST METAL

18 LAYER THAT'S DIRECTLY IN CONTACT WITH THE BUMPS, AND YOU CAN

19 GIVE IT A NAME OR NOT AS LONG AS IT IS VERY CLEAR YOU ARE

20 TALKING ABOUT ONE METAL LAYER AND NOT POTENTIALLY MULTIPLE

21 METAL LAYERS, THEN I THINK I WOULD LIKELY RULE THAT TO BE

22 SUFFICIENT.  I THINK THAT THAT WOULD CLEARLY STATE YOUR THEORY

23 OF DIRECT INFRINGEMENT.

24      YOU THEN PROBABLY NEED TO AMEND YOUR DOCTRINE OF

25 EQUIVALENTS CHART, BUT THERE YOU CAN HAVE ANY NUMBER OF

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1  POSSIBLE THEORIES. IT MIGHT BE IF IT'S NOT THAT ONE LAYER,
2  THEN WE ARGUE THAT LAYERS ONE AND TWO ARE SUFFICIENT UNDER THE
3  DOE, OR LAYERS ONE, TWO AND THREE, OR YOU CAN STATE DIFFERENT
4  THEORIES UNDER THE DOCTRINE OF EQUIVALENTS. BUT FOR YOUR
5  DIRECT INFRINGEMENT, I THINK YOU NEED TO BE CLEARER THAN YOU
6  HAVE BEEN IN THE PAST TWO ROUNDS.
7       ANY QUESTIONS ABOUT MY RULING?
8           MR. BAXTER: NO. I UNDERSTAND. YOUR HONOR.
9           THE COURT: OKAY.
10      NOW, THAT RULING WHICH REQUIRES YOU TO IDENTIFY WITH
11 SPECIFICITY THE ONE METAL LAYER THAT YOU ARE SAYING INFRINGES
12 THE PARTICULAR LIMIT IS GOING TO PLAY OUT IN THE OTHER PARTS
13 OF CLAIM 1. SO THE PLURALITY OF SECOND METAL CONDUCTORS, AND
14 THEN THE FIRST AND SECOND METAL CONDUCTORS THAT ARE IN CONTACT
15 WITH BUMPS.
16      SO IT IS THE SAME RULING BASICALLY OVER AND OVER AGAIN
17 JUST AS IT WAS IN THE LAST ORDER.
18      DO YOU UNDERSTAND WHAT I AM SAYING?
19          MR. BAXTER: THAT YOUR RULING FOR THE FIRST METAL
20 CONDUCTORS ALSO APPLIES TO THE SECOND METAL CONDUCTORS.
21          THE COURT: I HAVE THE EXACT SAME PROBLEM THAT I JUST
22 ARTICULATED WITH THE OTHER ASPECTS OF CLAIM 1. SO, YOU WOULD
23 NEED TO SPECIFY THAT ONE METAL LAYER WITH RESPECT TO THE OTHER
24 PARTS OF THE CLAIM 1 THAT ARE AT ISSUE IN TODAY'S RULING -- OR
25 TODAY'S MOTION.

1 THERE ISN'T ANOTHER RULING; IT'S THE SAME, ESSENTIALLY THE
2 SAME PROBLEM THAT I AM SEEING. SO IF YOU FIX THAT PROBLEM IN
3 ALL OF THOSE PLACES, THEN YOU'VE ADDRESSED THE ISSUE.
4 MR. BAXTER: OKAY, YOUR HONOR.
5 THE COURT: OKAY.
6 MR. MORANDO: YOUR HONOR, I WOULD JUST ALSO ADD THAT
7 THIS IS -- ALSO PLAYS OUT WITH RESPECT TO THE DEPENDENT CLAIMS
8 AS WELL. SO --
9 THE COURT: WELL, WE HAVEN'T EVEN GOTTEN THERE. I
10 HAVEN'T SEEN ANY ARGUMENT ON THE DEPENDENT CLAIMS. QUITE
11 FRANKLY, FOLKS, THIS CASE NEEDS TO GET UP OFF THE GROUND. SO
12 ON THE NEXT ROUND, IF THERE'S PROBLEMS WITH SUFFICIENCY, THEN
13 STATE THEM ALL. I DON'T WANT TO DO THIS PIECEMEAL.
14 BUT WE HAVE BEEN STUCK IN THIS PIECEMEAL PATTERN FOR A
15 NUMBER OF REASONS. WE DON'T NEED TO GO INTO THEM, BUT I AM
16 NOT GOING TO BE OKAY, MR. MORANDO, JUST AS FAIR WARNING, IF
17 THE NEXT TIME YOU FILE SOME MOTION TO STRIKE BUT YOU DON'T
18 ADDRESS EVERYTHING, ADDRESS EVERYTHING, OKAY, THAT YOU THINK
19 MIGHT BE AN ISSUE SO THAT I CAN DEAL WITH IT IN ONE FELL
20 SWOOP.
21 MR. MORANDO: UNDERSTOOD.
22 THE COURT: OF COURSE, THE PARTIES WOULD HAVE TO MEET
23 AND CONFER BEFORE YOU FILED ANY SUCH MOTION, RIGHT?
24 UNDERSTOOD?
25 MR. MORANDO: YES, WE WILL DO SO, YOUR HONOR.
DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1            THE COURT:  OKAY.  NOW, LET ME PLAY THIS OUT A LITTLE
2   BIT FURTHER.
3       AS I SAID, I THINK MY RULING TODAY MAY REQUIRE YOU TO
4   AMEND YOUR DOCTRINE OF EQUIVALENTS CONTENTIONS ACCORDINGLY.
5   AND I DON'T KNOW, BUT I SUSPECT THAT THIS RULING MAY AFFECT
6   THE ARGUMENTS AND ANALYSIS ON THE QUESTION OF WHETHER THE
7   CHART FOR THE VT1195SFQ IS REPRESENTATIVE OF THE OTHER
8   NONCHARTED PRODUCTS BECAUSE -- OBVIOUSLY YOU SHOULD BE
9   PREPARED TO ADDRESS THAT AS WELL.
10      WHAT I AM PROPOSING TO DO IS GIVE YOU ONE MORE CHANCE TO
11  AMEND.  I WILL GIVE YOU ONE WEEK BECAUSE THIS IS A FAIRLY EASY
12  FIX THAT EVERYONE HAS BEEN DEALING WITH, I THINK, FOR A WHILE.
13  SO JANUARY 31ST, 2013.
14      IS THERE ANYTHING -- CAN YOU MEET THAT DEADLINE OR DO YOU
15  HAVE ANY ARGUMENT ON THE DEADLINE?
16           MR. BAXTER:  NO.  I THINK WE CAN MEET THAT DEADLINE.
17           THE COURT:  OKAY.
18      NOW, I CANNOT RULE ON THE QUESTION OF REPRESENTATIVENESS
19  AT THIS POINT BECAUSE WE STILL HAVE A DEFECTIVE CHART.  BUT
20  THAT QUESTION MAY SOON BE RIPE IF WE GET SUFFICIENT
21  INFRINGEMENT CONTENTIONS ON RECORD.  I WILL THEN BE ABLE TO
22  LOOK AT THE QUESTION OF REPRESENTATION.  SO I WANT TO GIVE YOU
23  SOME GUIDANCE ON THIS IN THE INTEREST OF EFFICIENCY.
24      I WANT TO MAKE CLEAR THAT I AM NOT MAKING RULINGS AT THIS
25  POINT BECAUSE -- AND I DON'T WANT ARGUMENT BECAUSE IT IS NOT

1  RIPE.  BECAUSE YOUR REPRESENTATION ARGUMENTS MAY CHANGE AS A
2  RESULT OF TODAY'S RULINGS.  I JUST AM CONCERNED THAT WE KEEP
3  KICKING THIS CAN DOWN THE ROAD, SO I WANT TO GIVE YOU WHATEVER
4  THOUGHTS I CAN SO THAT THE NEXT ROUND WILL BE MORE PRODUCTIVE.
5        HERE IS THE BASIC CONCEPT, AS I SEE IT.  UNDER OUR LOCAL
6  RULES, THE PLAINTIFF WOULD BE ALLOWED TO SUBMIT ONE CHART FOR
7  MULTIPLE ACCUSED PRODUCTS IF PLAINTIFF CAN DEMONSTRATE THAT
8  THE ACCUSED PRODUCT FOR WHICH IT HAS PROVIDED A CLAIM CHART IS
9  REPRESENTATIVE OF THE OTHER ACCUSED PRODUCTS.  AND THAT IS,
10 THAT THE ACCUSED PRODUCTS SHARE THE SAME OR SUBSTANTIALLY THE
11 SAME INFRINGING ELEMENTS.
12       THE IDEA IS, IF THAT'S TRUE, WHY WOULD WE MAKE YOU
13 GENERATE A BUNCH OF DUPLICATIVE CHARTS IF WE ARE TALKING ABOUT
14 THE SAME INFRINGEMENT THEORY FOR PRODUCTS THAT ARE
15 SUBSTANTIALLY THE SAME.
16       SO, PLAINTIFF WOULD NEED TO MAKE A SHOWING FROM WHICH I
17 COULD MAKE A RULING THAT THE OTHER PRODUCTS ARE ESSENTIALLY
18 THE SAME WITH RESPECT TO THE INFRINGEMENT CONTENTIONS.
19       I HAVE TO TELL YOU THAT IN LOOKING AT THE
20 REPRESENTATIVENESS ARGUMENTS THAT WERE BEFORE ME THAT I
21 COULDN'T RULE ON TODAY, THE PARTIES WERE COMPLETELY OPAQUE.
22 IT WAS VERY HARD TO UNDERSTAND WHAT ANYBODY WAS ARGUING.
23       MR. BAXTER, FOR EXAMPLE, I COULDN'T TELL WHETHER INFINEON
24 IS ARGUING THAT THE CLAIM CHART THAT WAS PROVIDED IS
25 REPRESENTATIVE OF THE OTHER 14 ACCUSED PRODUCTS ON ANYTHING

1  BEYOND CLAIM 1. I COULDN'T TELL BECAUSE YOU DIDN'T PUT IN
2  YOUR PAPERS AND I COULDN'T TELL FROM THE SUBMISSIONS. SO ARE
3  YOU ABLE TO TELL ME THAT TODAY?
4              MR. BAXTER: YES. WE BELIEVE THAT THE 1195 IS
5  REPRESENTATIVE FOR THE OTHER PRODUCTS FOR THE REMAINING
6  CLAIMS.
7              THE COURT: OKAY. SO, IN THIS NEXT ROUND YOU ARE
8  GOING TO HAVE TO PUT SOMETHING IN THE PAPERS THAT ACTUALLY
9  CONVINCE ME OF THAT. THERE WASN'T ANYTHING THAT DISCUSSED IT.
10     SO I COULDN'T TELL WHETHER -- WHAT YOU JUST SAID IS, JUST
11 ON A VERY FUNDAMENTAL BASIS IS WHAT YOU WERE ARGUING.
12     SO AS TO THE DEFENSE, LET ME SAY THAT I ALSO COULDN'T TELL
13 EXACTLY WHAT YOU WERE TRYING TO ARGUE. YOUR ARGUMENTS WERE,
14 AS I SAID, OPAQUE. YOU WERE SEEMING TO SAY THAT THESE
15 PRODUCTS WERE VERY DIFFERENT, BUT YOU DIDN'T EXPLAIN WHETHER
16 THEY WERE DIFFERENT IN WAYS THAT MATTERED TO THIS COURT. THEY
17 HAVE TO BE DIFFERENT WITH RESPECT TO THE INFRINGEMENT
18 CONTENTIONS. THERE MAY BE ALL KINDS OF DIFFERENT THINGS ABOUT
19 THE PRODUCTS THAT AREN'T REALLY AT ISSUE IN THIS CASE.
20     YOU TALKED ABOUT HOW THE PRODUCTS MAY OR MAY NOT BE
21 SIMILAR FOR PACKAGING, BUT YOU DIDN'T EVEN EXPLAIN WHAT THE
22 PACKAGING WAS.
23     I THINK YOU SAID THAT THERE ARE ELEMENTS IN CLAIM 1 THAT
24 GO BEYOND THE PACKAGING, BUT YOU DIDN'T EXPLAIN WHAT THOSE
25 WERE.

1      SO FOR -- I AM JUST TRYING TO GIVE YOU SOME INSIGHT INTO

2  HOW THE ARGUMENTS APPEARED TO ME IN CHAMBERS AND HOW I WAS

3  SCRATCHING MY HEAD ON BOTH SIDES.

4      GOING FORWARD, IF YOU WANT TO SAY -- MAKE AN ARGUMENT THAT

5  YOUR CLAIM CHART IS GOOD ENOUGH TO COVER ALL OF THE OTHER

6  PRODUCTS AND ALL THE OTHER CLAIMS, YOU'RE GOING TO HAVE TO

7  REALLY DEMONSTRATE THAT.

8      I DON'T THINK THE CASE LAW SUPPORTS THAT YOU HAVE TO HAVE,

9  AS DEFENSE ARGUED, EXPERT TESTIMONY FOR THAT.  I THINK THERE'S

10  ALL KINDS OF WAYS THAT ONE COULD SUPPORT THAT, BUT YOU STILL

11  HAVE TO SHOW ME WHY I SHOULD ACCEPT THE ONE CHART AS

12  REPRESENTATIVE ON ALL CLAIMS FOR ALL 15 PRODUCTS.

13      AND TO THE DEFENSE, IF YOU THINK IT'S NOT A FAIR CHART,

14  EXPLAIN IT IN PLAIN ENGLISH IN A WAY THAT MAKES CLEAR THAT

15  YOU'RE TALKING ABOUT THINGS THAT MATTER IN THIS CASE.

16      OKAY?

17          MR. MORANDO:  I AGREE.  IT SOUNDS LIKE WE DO NEED TO

18  MAKE IT MORE CLEAR BECAUSE THAT ISN'T OUR POSITION ABOUT

19  REQUIRING EXPERT TESTIMONY.

20      I THINK OUR POSITION WAS, CONSISTENT WITH THE COURT'S

21  EARLIER COMMENTS, THAT IT IS THE PLAINTIFF'S BURDEN TO MAKE A

22  SHOWING AND DEMONSTRATE THAT WITH EVIDENCE OF SOME KIND.  NOT

23  NECESSARILY -- EXPERT DECLARATIONS, AS WAS USED IN THE RENESAS

24  CASE WOULD BE ONE EXAMPLE, BUT WE WERE NOT ARGUING THAT'S THE

25  ONLY WAY YOU COULD DO IT.  IT CERTAINLY, HOWEVER, IS PROBABLY

```
 1   THE EASIEST.
 2        BUT, NEVERTHELESS, I APPRECIATE THAT WE WERE NOT CLEAR.
 3   WE OBVIOUSLY DIDN'T GET OUR POSITION ACROSS TO THE COURT IN A
 4   WAY THAT I WOULD HAVE LIKED.
 5             THE COURT:  THE LAW IS THE LAW.  I DON'T NEED EXTRA
 6   HELP ON THE LAW.  WE HAVE SOME CASES THAT SET FORTH THE
 7   STANDARDS AND DESCRIBE THE DIFFERENT WAYS IN WHICH ONE CAN
 8   MAKE A SHOWING OF REPRESENTATION.
 9        BUT WHAT I AM POINTING OUT TO THE DEFENSE IS THAT I DIDN'T
10   UNDERSTAND YOUR ARGUMENTS.  THEY WERE LIKE READING GREEK,
11   WHICH IS COMMON TO PATENT CASES, BUT THERE ARE PATENT LAWYERS
12   WHO DO A GOOD JOB EXPLAINING, JUDGE, THIS IS WHY THIS DOESN'T
13   WORK FOR ALL THESE OTHER PRODUCTS.  OKAY?
14        SO I WOULD -- IF THAT CONTINUES TO BE A PROBLEM, I AM JUST
15   GIVING YOU A HEAD'S UP THAT I WILL NEED TO BE ABLE TO
16   UNDERSTAND YOUR ARGUMENTS BETTER THAN I DO AT THIS POINT.
17        AS I SAID, I DON'T KNOW IF MY RULING TODAY, WHICH IS
18   FORCING THE PLAINTIFF TO IDENTIFY A SPECIFIC LAYER OR SPECIFIC
19   LAYERS, WHETHER THAT'S GOING TO CHANGE PLAINTIFF'S ANALYSIS ON
20   THE REPRESENTATION ARGUMENT, BUT IF IT DOES, THEN IT DOES.
21   OKAY?
22        SO, THE THIRD AMENDED INFRINGEMENT CONTENTIONS ARE DUE BY
23   JANUARY 31ST.  AND WE WILL GO FROM THERE.  DISCOVERY IS STAYED
24   FOR THAT WEEK.
25             MR. BAXTER:  YOUR HONOR, TWO REQUESTS.  ONE, I
```

 1   APPRECIATE THE GUIDANCE ON THE REPRESENTATIVE PRODUCT ISSUE.
 2   IN LIGHT OF YOUR GUIDANCE, I WAS WONDERING IF YOU COULD AFFORD
 3   US A COUPLE MORE WEEKS.  I WILL TRY TO TURN THE AMENDED
 4   INFRINGEMENT CONTENTIONS IN ONE WEEK, BUT IN CASE WE NEED MORE
 5   TIME TO TAKE INTO ACCOUNT YOUR COMMENTS ON THE REPRESENTATIVE
 6   PRODUCT ISSUE, I WOULD LIKE AN ADDITIONAL TWO WEEKS IF THAT'S
 7   OKAY.
 8             THE COURT:  I THINK THAT IS FAIR, MR. MORANDO.
 9             MR. MORANDO:  I HAVE NO PROBLEM WITH THAT.
10             THE COURT:  OKAY.
11      SO WHAT I AM GOING TO DO, JUST TO BE CLEAR, IS JUST SO YOU
12   HAVE TIME TO ABSORB THIS AND MAKE THE BEST CHART THAT YOU CAN,
13   OR CHARTS, WE WILL JUST GIVE YOU THREE WEEKS.  YOU DON'T HAVE
14   TO TURN ANYTHING AROUND BY JANUARY 31ST.  YOUR DEADLINE FOR
15   EVERYTHING WOULD BE....
16             THE CLERK:  FEBRUARY 14TH.
17             THE COURT:  FEBRUARY 14TH, OKAY?
18             MR. BAXTER:  MY SECOND REQUEST WOULD BE THAT THERE BE
19   A DEADLINE FOR THE DEFENDANT TO FILE ANY MOTION TO STRIKE
20   THOSE INFRINGEMENT CONTENTIONS.
21       AND MR. MORANDO CAN SAY WHAT HE THINKS IS REASONABLE, BUT
22   I WAS THINKING SOMETHING AROUND TWO WEEKS AFTER WE SERVE THOSE
23   AMENDED INFRINGEMENT CONTENTIONS.
24             THE COURT:  I THINK IT IS FAIR TO SET A DEADLINE
25   GIVEN HOW THIS HAS PLAYED OUT.
     DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

Page 14

1        MR. MORANDO:  I DON'T HAVE A PROBLEM WITH THAT.  I
2   DID, HOWEVER, MAKE A NOTE HERE THAT THE COURT HAS ORDERED US
3   TO MEET AND CONFER BEFORE FILING ANY FURTHER MOTION.
4        THE COURT:  ABSOLUTELY.
5        MR. MORANDO:  SO WE NEED TO BUILD IN TIME FOR THAT.
6   THAT IS MY POINT.
7        THE COURT:  WHAT IS YOUR PROPOSAL?
8        MR. MORANDO:  I WOULD SAY AT LEAST THREE WEEKS, MAYBE
9   A MONTH, SOMETHING LIKE THAT WOULD PROBABLY GIVE US TIME TO
10  TALK FIRST, AND THEN IF WE CAN'T RESOLVE THINGS, THEN PREPARE
11  THE MOTION.
12       THE COURT:  THREE WEEKS WOULD BE MARCH 7TH, FOUR
13  WEEKS WOULD BE MARCH 14TH.
14     MR. BAXTER, WHAT DO YOU THINK IS APPROPRIATE?
15       MR. BAXTER:  I PREFER MARCH 7TH, YOUR HONOR.
16       THE COURT:  MARCH 7TH I THINK IS FAIR GIVEN THAT
17  EVERYBODY IS PRETTY FAMILIAR WITH THESE AT THIS POINT AND
18  SHOULD BE ABLE TO REVIEW MR. BAXTER'S WORK QUICKLY, AND MEET
19  AND CONFER, AND HOPEFULLY RESOLVE ANY ISSUES BEFORE QUEUING
20  THIS UP AGAIN.  OKAY?
21     SO ANY MOTION TO STRIKE AMENDED INFRINGEMENT CONTENTIONS
22  OR TO CHALLENGE REPRESENTATION OF THOSE KINDS OF THINGS SHALL
23  BE FILED AFTER A THOROUGH MEET AND CONFER BY NO LATER THAN
24  MARCH 7TH.
25     OKAY.  ANYTHING FURTHER?
    DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

1      MR. BAXTER: NO, YOUR HONOR. THANK YOU.

2      THE COURT: ALL RIGHT. THANK YOU BOTH.

3           (PROCEEDINGS CONCLUDED AT 12:02 P.M.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930