DAVID G. WILLE (*Pro Hac Vice*)
(TX Bar No. 00785250)
JEFFERY D. BAXTER (*Pro Hac Vice*)
(TX Bar No. 24006816)
AARON DAVIDSON *(Pro Hac Vice)*
(TX Bar No. 24007080)
SAMIR A. BHAVSAR *(Pro Hac Vice)*
(TX Bar No. 00798065)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201
Telephone: (214) 953-6791
Facsimile: (214) 661-4791
E-mail: david.wille@bakerbotts.com
E-mail: jeff.baxter@bakerbotts.com

STEPHEN E. TAYLOR (SBN 058452)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com.

Attorneys for Plaintiff Infineon Technologies AG

EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
ANNE CAPPELLA (Bar No. 181402)
anne.cappella@weil.com
JUSTIN M. LEE (Bar No. 268310)
justin.m.lee@weil.com
BLAKE R. DAVIS (Bar No. 294360)
blake.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JAMES W. MORANDO (Bar No. 087896)
jmorando@fbm.com
JEFFREY M. FISHER (Bar No. 155284)
jfisher@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
Volterra Semiconductor Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

INFINEON TECHNOLOGIES AG,,

Plaintiff,

v.

VOLTERRA SEMICONDUCTOR CORPORATION,

Defendant.

Case No. CV-11-6239 (MMC)

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING USE OF DISCOVERY MATERIALS FROM CASE NO. 3:08-CV-05129-JCS (DKT. NO 76)**

Plaintiff Infineon Technologies, AG ("Infineon") and Defendant Volterra Semiconductor Corporation ("Volterra") (collectively "the Parties") have conferred by and through their counsel and, subject to the Court's approval, HEREBY STIPULATE AS FOLLOWS:

WHEREAS, the Parties in the above-captioned case are also parties to the case captioned *Volterra Semiconductor Corporation v. Primarion, Inc. et al.*, United States District Court, Northern District of California, Case No. C 08-05129 (CRB) ("*Volterra v. Primarion*") and are represented by the same counsel in these matters;

WHEREAS, a Stipulated Protective Order was previously entered in the *Volterra v. Primarion* case on May 5, 2009 (Docket No. 76) (the "Protective Order");

WHEREAS, on September 11, 2012, Judge Spero entered an order (Docket No. 1820) adding the following language to the Protective Order: "Nothing in this Order shall be constructed to forbid the disclosure of any Protected Material during discovery in case 3:11-cv-6239-MMC (DMR), if so ordered by any judge in that case";

WHEREAS, for administrative convenience, the parties agree that certain materials from the *Volterra v. Primarion* case may be used in this case without requiring the re-production of those materials; and

WHEREAS, the parties agree that this agreement is not intended in any way to alter the scope of discovery appropriate for this action;

In view of the foregoing, the Parties STIPULATE:

1. The Protective Order entered in the *Volterra v. Primarion* case shall not bar the parties in this case from use of the following categories of material subject to the corresponding confidentiality protections provided in the Stipulated Protective Order entered in this case on July 17, 2012 (Docket No. 104):
   - requests for production of documents and responses;
   - interrogatories and responses;
   - requests for admissions and responses;

- document productions and privilege logs;[1]
- technical (non-damages) expert reports, declarations, depositions and testimony;
- briefing, hearing transcripts, findings of facts, and orders related to claim construction, infringement/noninfringement, validity/invalidity, including for preliminary injunction, motions for summary judgment/partial summary judgment;
- pleadings (including exhibits and attachments);
- testimony (including deposition testimony, trial testimony, affidavits and declarations);
- trial transcripts, demonstratives and exhibits; and
- exhibits, attachments, appendices and other referenced materials in the above.

2. Neither party shall be required to re-produce materials that are the subject of Paragraph 1 in this lawsuit.

3. By entering into this Stipulation, neither side is waiving any objections to the discoverability, relevance, or admissibility of any of the materials that are the subject of Paragraph 1.

4. By entering into this Stipulation, neither side is waiving the right to request to add additional materials to Paragraph 1.

5. Finally, the parties agree that this Stipulation does not allow the parties to seek, obtain, or use information beyond that which would otherwise be relevant and discoverable in this action (including, e.g., that it does not permit the use of discovery or information about or relating to products other than those timely and properly accused in Infineon's infringement contentions), and does not excuse

---

[1] The parties acknowledge that certain documents produced in the *Volterra v. Primarion* case may be subject to third party confidentiality obligations. Insofar as a party wishes to use in this case any document that was produced in the *Volterra v. Primarion* case that contains or appears to contain third party confidential information, that party shall notify the producing party of its desire to use that material so that the producing party can seek the consent of the third party as appropriate.

2
STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY MATERIALS
CASE NO. CV-11-6239 (MMC)

either side from complying with its discovery obligations in this case. The parties further agree that this Stipulation does not reflect an agreement that all relevant discovery that should have been provided in the *Volterra v. Primarion* case was produced or that the discovery that was requested or provided in the *Volterra v. Primarion* case was proper or relevant.

IT IS SO STIPULATED.

Dated: April 8, 2014                    Respectfully submitted,

                                             BAKER BOTTS L.L.P

                                             By:     */s/ David G. Wille*
                                                        David G. Wille

                                             Attorneys for Plaintiff
                                             INFINEON TECHNOLOGIES AG

//
//
//
//
//
//
//

Dated: April 8, 2014                   Respectfully submitted,

                                       WEIL, GOTSHAL & MANGES, LLP


                                       By:   /s/ Sonal N. Mehta
                                                 Sonal N. Mehta

                                       Attorneys for Defendant
                                       VOLTERRA SEMICONDUCTOR CORPORATION


### [PROPOSED] ORDER

Pursuant to the above Stipulation, and good cause appearing therefore,

IT IS SO ORDERED.

DATED:  April 10, 2014                 _____
                                       HONORABLE MAXINE M. CHESNEY
                                       SENIOR DISTRICT JUDGE