| | |
|---|---|
| EDWARD R. REINES (Bar No. 135960) | DAVID G. WILLE (Pro Hac Vice) (TX Bar No. 08945388) |
| edward.reines@weil.com | |
| SONAL N. MEHTA (Bar No. 222086) | JEFFERY D. BAXTER (Pro Hac Vice) (TX Bar No. 24006816) |
| sonal.mehta@weil.com | |
| ANNE CAPPELLA (Bar No. 181402) | AARON DAVIDSON (Pro Hac Vice) (TX Bar No. 24007080) |
| anne.cappella@weil.com | |
| JUSTIN M. LEE (Bar No. 268310) | SAMIR A. BHAVSAR (Pro Hac Vice) (TX Bar No. 00798065) |
| justin.m.lee@weil.com | |
| BLAKE R. DAVIS (Bar No. 294360) | BAKER BOTTS L.L.P. |
| blake.davis@weil.com | 2001 Ross Avenue |
| WEIL, GOTSHAL & MANGES LLP | Dallas, TX 75201 |
| Silicon Valley Office | Telephone: (214) 953-6791 |
| 201 Redwood Shores Parkway | Facsimile: (214) 661-4791 |
| Redwood Shores, CA 94065 | E-mail: david.wille@bakerbotts.com |
| Telephone: (650) 802-3000 | E-mail: jeff.baxter@bakerbotts.com |
| Facsimile: (650) 802-3100 | E-mail: aaron.davidson@bakerbotts.com |
| | E-mail: samir.bhavsar@bakerbotts.com |
| Attorneys for Defendant | |
| Volterra Semiconductor Corporation | STEPHEN E. TAYLOR (SBN 058452) |
| | JONATHAN A. PATCHEN (SBN 237346) |
| | CHRISTOPHER A. WIMMER (SBN 263275) |
| | TAYLOR & COMPANY LAW OFFICES, LLP |
| | One Ferry Building, Suite 355 |
| | San Francisco, California 94111 |
| | Telephone: (415) 788-8200 |
| | Facsimile: (415) 788-8208 |
| | E-mail: staylor@tcolaw.com |
| | E-mail: jpatchen@tcolaw.com |
| | E-mail: cwimmer@tcolaw.com |
| | |
| | Attorneys for Plaintiff Infineon Technologies AG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, | Case No. CV-11-6239 (MMC) |
| Plaintiff, | |
| vs. | **STIPULATION AND [PROPOSED] ORDER AMENDING PROTECTIVE ORDER** |
| VOLTERRA SEMICONDUCTOR CORPORATION, | |
| Defendant. | |
| | Hon. Maxine M. Chesney |

1   WHEREAS the Court entered a Stipulated Protective Order on July 17, 2012 (D.I. 104);

2   WHEREAS the parties wish to amend the Stipulated Protective Order to provide additional specificity as to the procedure and timeline for designating materials and addressing requests for access to designated material to ensure that the designation of protected materials does not unnecessarily encumber or retard the case development process;

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES that, subject to the approval of the Court, the following provisions shall be added to the Stipulated Protective Order:

5.2 . . .

(d) Any designation of Protected Material shall specify which party's confidential information is disclosed. For production documents (i.e., a party's documents produced in response to a discovery request), that identification need not be affixed to each specific document but shall be provided simultaneously with the production (e.g., by cover letter accompanying a document production).

7.5 **Requests for Access to Designated Materials.** A party that has designated Protected Material shall substantively respond to any reasonable request as to the scope of a designation, request for redaction, or request for re- or de-designation of Protected Material within two (2) business days. Any request for access to designated materials under this paragraph shall be made in good faith, and not to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties.

| | | |
|---|---|---|
| 1 | Dated: April 8, 2014 | WEIL, GOTSHAL & MANGES LLP |

By: _____/s/ Sonal N. Mehta_____
Sonal N. Mehta
*Attorneys for Defendant Volterra Semiconductor Corporation*

Dated: April 8, 2014        BAKER BOTTS L.L.P.

By: _____/s/ Aaron Davidson_____
David G. Wille
Aaron Davidson
*Attorneys for Plaintiff Infineon Technologies AG*

## **ATTESTATION OF E-FILER**

In compliance with Local Rule 5-1(i), the undersigned ECF user whose identification and password are being used to file this document, hereby attests that all signatories have concurred in the filing of this document.

Dated:  April 8, 2014        /s/ *Sonal N. Mehta*
Sonal N. Mehta

# ~~[PROPOSED]~~ ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that the following provisions shall be added to the Stipulated Protective Order in this matter:

5.2 . . .

    (d)    Any designation of Protected Material shall specify which party's confidential information is disclosed. For production documents (i.e., a party's documents produced in response to a discovery request), that identification need not be affixed to each specific document but shall be provided simultaneously with the production (e.g., by cover letter accompanying a document production).

7.5    **Requests for Access to Designated Materials.**  A party that has designated Protected Material shall substantively respond to any reasonable request as to the scope of a designation, request for redaction, or request for re- or de-designation of Protected Material within two (2) business days. Any request for access to designated materials under this paragraph shall be made in good faith, and not to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties.

**IT IS SO ORDERED.**

Date: April 10, 2014

_____
THE HONORABLE MAXINE M. CHESNEY