UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VOLTERRA SEMICONDUCTOR CORPORATION,

Plaintiff(s),

v.

PRIMARION, INC., ET AL.,

Defendant(s).

_______________________________________/

No. C 08-05129 JCS (LB)

**NOTICE AND ORDER REGARDING SETTLEMENT CONFERENCE**

INFINEON TECHNOLOGIES,

Plaintiff(s),

v.

VOLTERRA SEMICONDUCTER,

Defendant(s).

_______________________________________/

No. C 11-6239 MMC (LB)

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to United States Magistrate Judge Laurel Beeler for settlement purposes.

**A. <u>Time and Location of Settlement Conference</u>**

You are hereby notified that a settlement conference is scheduled for **October 30, 2014**, **at**

UNITED STATES DISTRICT COURT
For the Northern District of California

**1:30 p.m.**, 15th Floor, Courtroom C, Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. Further details about the location are contained in the last section of this order. The parties must notify the Court's chambers immediately at (415) 522-4660 if the case settles before the settlement conference.

If the parties and counsel are not available on that date, or if they believe that a settlement conference would be more productive at a different time, counsel must confer on a new date and then contact courtroom deputy Lashanda Scott **within a week** at 415-522-3140. The parties should be mindful of any time limits set by the district court. Also, if a pre-settlement conference call would help resolve some of these impediments or otherwise make the process more productive, the parties may arrange a pre-settlement conference call by calling Ms Scott. (The parties must read this entire order before arranging such a call.)

**B. Meet-and-Confer For Settlement Conferences Conducted Before Discovery Cut-Off**

If the settlement conference is being conducted before the discovery cut-off deadline set by the trial judge, counsel must meet and confer in person or by telephone no later than 21 days before the settlement conference and **before** preparing their exchanged and confidential settlement conference statements. The purpose of the meeting is to identify and exchange whatever discovery is needed for all sides to evaluate the case for settlement. Counsel must cooperate in providing discovery informally and expeditiously before the settlement conference.

**C. Participants**

Lead trial counsel must attend the settlement conference with the parties and with the person(s) having full authority to negotiate and settle the case.

**1. Corporation or Other Non-Government Entity**. A party other than a natural person (such as a corporation or association) satisfies the attendance requirement if represented by a person (other than outside counsel) who has final authority to settle up to the full amount of the opposing party's existing settlement demand or offer and who is knowledgeable about the facts of the case. If the authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated, a party must comply with the requirements of Northern District of California ADR Local Rule 7-4(a) and must designate a person with authority to participate in the settlement

conference and, if a tentative settlement agreement is reached, to recommend the agreement to the approving body for its approval.

**2. Government Entity**. A party that is a government entity satisfies the attendance requirement if represented by a person (in addition to counsel of record) who (a) has, to the greatest extent feasible, authority to settle, (b) is knowledgeable about the facts of the case, the government entity's position, and the positions and policies under which the government entity decides whether to accept proposed settlements, and (c) has the authority, if a tentative settlement agreement is reached, to recommend the agreement to the government entity for its approval. *See* N.D. Cal. ADR Local R. 7-4(b). If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend. *See id.*

**3. Insured Party**. An insured party must appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.

**4. Personal Attendance By Counsel and Parties**. Personal attendance by counsel will not be excused, and personal attendance of a party rarely will be excused by the Court. Permission for a party to attend by telephone may be granted upon a written and e-filed request made at least two weeks before the conference **if** attendance would constitute an extraordinary or unjustified hardship. The nature of the hardship must be explained in detail. A copy of the written request must be served on all other parties. Any objection to the request must be e-filed within 48 hours of receipt. If telephone attendance is allowed, the party must be available throughout the entire conference.

**D. Settlement Conference Statements**

**No later than seven days before the settlement conference (or fourteen days for cases involving four or more separately-represented parties), each party must lodge (not e-file or file) one copy of the following settlement conference statements. Failure to submit timely settlement conference statements may result in the court's vacating the scheduled conference.**

1. "Exchanged Settlement Conference Statement," and

2. "Additional Settlement Information" to be included either in the exchanged settlement conference statement or in a separate confidential statement.

Please three-hole punch the documents at the left side. The settlement conference statements

UNITED STATES DISTRICT COURT
For the Northern District of California

should not be filed and instead should be submitted to the Clerk's Office, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, in a sealed envelope addressed to Judge Beeler and prominently marked "**SETTLEMENT CONFERENCE DOCUMENTS: DO NOT FILE."** The trial judge will not have access to the statements.

**1. Exchanged Settlement Conference Statement**

The exchanged settlement conference statement may not exceed ten pages of text and twenty pages of exhibits. (Key documents -- such as the insurance policy in an insurance dispute -- can be very helpful at a settlement conference. Counsel may identify other key documents that exceed the twenty-page limit, submit a list with an explanation of relevance, and ask the court permission to submit additional documents. Generally, bringing them to the settlement conference should be sufficient.)

Counsel must serve the exchanged statement on all parties and generally must share with their clients the exchanged statement received from opposing counsel. The statement must cite specifically to any supporting exhibits and authorities. The exchanged settlement conference statement may include any information that may be useful to the settlement judge and must include the following:

a. Substance of the Suit. Describe briefly the substance of the suit, including the following:

i. The facts giving rise to the case.

ii. The claims and defenses, including the statutory or other grounds upon which the claims are founded.

iii. A summary of the proceedings to date, including a list of the motions previously made, the dispositions, and any pending motions.

iv. A statement of the facts not reasonably in dispute.

v. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

vi. A brief statement of issues of law with respect to liability and damages. The statement must include cites to statutes and cases, but no extended legal argument is necessary.

b. Relief Sought. A statement of the relief sought, including an itemization of damages and any

non-monetary relief sought.

c. Settlement Discussions/Demand and Response Required. Except to the extent prohibited by applicable rules of privilege, describe the history and current status of any settlement negotiations, including the parties' positions on settlement (including present demands and offers), a summary of past settlement discussions, and a current reasonable proposal of settlement. There must be a current demand and response made before the settlement conference, and those must be in the settlement conference statements. If there have been no prior settlement discussions or demands, Plaintiff must serve a demand on Defendant in writing no later than fourteen days before the conference, outlining its theories for recovery, the supporting facts, and damages. Plaintiff must include its demand in its exchanged settlement conference statement. Defendant must include its response to the demand in its exchanged settlement conference statement.

d. Persons Attending Conference. For each party, a list of names, titles, and positions of persons who will attend the conference. This list does not count toward the ten-page limit. This section should identify by name, title or status, the following persons: (i) the person(s) with decision-making authority who, in addition to counsel, will attend the settlement conference as a representative of the party, and (ii) the person(s) connected with a party opponent (including an insurer representative) whose presence might substantially improve the prospects for settlement.

2. **Additional Settlement Information**

The parties **must** submit the additional information listed below either in the exchanged statement or in a separate confidential statement that is not served on the other parties. The page limits for the additional information are five pages of text and five pages of exhibits.

a. Litigation Costs. A statement of litigation costs and attorney's fees to date and estimated costs, fees and time projected for further discovery, pretrial proceedings, and trial.

b. Settlement Analysis. Describe the party's views of the key liability issues and damages and include a candid evaluation of the strengths, weaknesses, and uncertainties of your case (factual and legal) and the probability of prevailing on the major issues and disputes. Include any information about past settlement discussions not suitable for inclusion in the exchanged settlement conference statement.

UNITED STATES DISTRICT COURT
For the Northern District of California

    c. Additional Information. Include any additional information about other needs, interests, or considerations not described elsewhere and that might be pertinent to settlement. That information might include the following:

i. What needs of your client must be met for the parties to reach a settlement?

ii. What needs of the opposing party must be met to reach a settlement?

iii. What do you see as the obstacles to a settlement, and what ideas do you have to overcome them?

iv. Do you have enough information to discuss settlement, and if not, what additional information is needed?

v. What are the consequences to each side if no settlement is reached?

**E. Settlement Conference**

Settlement conferences regularly last three or more hours. On the date and time of the settlement conference, please come to Courtroom C in the Federal Building at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA. If the courtroom is in use, come directly to Judge Beeler's chambers, also on the third floor.

At the conference, the parties should be prepared to discuss their settlement objectives, the issues discussed in the "additional information" paragraph in the preceding section, and the possibility of a creative resolution of the dispute.

**F. Continuances**

Any request to continue the settlement conference should be e-filed, should demonstrate a compelling reason for the continuance, should state whether it is joined or opposed by the opposing party or parties, and should contain three alternate dates agreed to by all parties after review of the Court's publicly-available calendar at http://www.cand.uscourts.gov/CAND/Calendar.nsf. Parties must appear on the already-calendared date unless the Court sets a different date. If the continuance would result in a settlement conference on a date after the deadline set by the trial judge, the parties must obtain the trial judge's written approval to the extension of the deadline.

**G. Additional Requirements**

Counsel must provide a copy of this order to each party who will participate in the conference.

UNITED STATES DISTRICT COURT
For the Northern District of California

Counsel must review Northern District of California ADR Local Rule 7, which is available at http://www.adr.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: August 20, 2014

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California