EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
ANNE CAPPELLA  (Bar No. 181402)
anne.cappella@weil.com
JUSTIN M. LEE (Bar No. 268310)
justin.m.lee@weil.com
BLAKE R. DAVIS (Bar No. 294360)
blake.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
Volterra Semiconductor Corporation

DAVID G. WILLE (Pro Hac Vice) (TX Bar No. 08945388)
JEFFERY D. BAXTER (Pro Hac Vice) (TX Bar No. 24006816)
AARON DAVIDSON (Pro Hac Vice) (TX Bar No. 24007080)
SAMIR A. BHAVSAR (Pro Hac Vice) (TX Bar No. 00798065)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201
Telephone: (214) 953-6791
Facsimile: (214) 661-4791
E-mail: david.wille@bakerbotts.com
E-mail: jeff.baxter@bakerbotts.com
E-mail: aaron.davidson@bakerbotts.com
E-mail: samir.bhavsar@bakerbotts.com

STEPHEN E. TAYLOR (SBN 058452)
JONATHAN A. PATCHEN (SBN 237346)
CHRISTOPHER A. WIMMER (SBN 263275)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com
E-mail: cwimmer@tcolaw.com

Attorneys for Plaintiff Infineon Technologies AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES AG,<br><br>Plaintiff,<br><br>vs.<br><br>VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Defendant. | Case No. CV-11-6239 (MMC)<br><br>**STIPULATION AND [PROPOSED] ORDER IMPOSING RESTRICTIONS TO THE DISCLOSURE OF CONFIDENTIAL INFORMATION** |

WHEREAS pending before the Court is Infineon's Motion to Disclose Confidential Information to its Appointed Expert, Peter Elenius (D.I. 342);

WHEREAS the parties have continued to meet and confer since the filing of that motion. Volterra Semiconductor Corporation ("Volterra") has agreed to withdraw its objections to Mr. Elenius so long as Mr. Elenius and Infineon agree to additional restrictions with regard to the disclosure of Volterra's confidential information to Mr. Elenius.  The parties have also agreed that further restrictions are appropriate with respect to Volterra's expert, Mr. Joseph McAlexander;

WHEREAS the parties wish to moot Infineon's Motion to Disclose Confidential Information to its Appointed Expert, Peter Elenius (D.I. 342) based upon their Agreement;

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES that, subject to the approval of the Court, (a) Mr. Peter Elenius may access Volterra's confidential information pursuant to the Protective Order and subject to the following, and (b) Mr. Joseph McAlexander may access Infineon's confidential information pursuant to the Protective Order and subject to the following:

1.    **RESTRICTIONS**

**1.01.**  Mr. Elenius agrees not to consult in a technical or product-design capacity regarding flip-chip integrated power devices starting when Mr. Elenius first accesses Volterra's confidential information in either this litigation, or the E.D. Tex. litigation, between the parties and continuing for three years after the last time Mr. Elenius receives access to such information in either case, whichever is later, including any supplemental productions past the formal discovery deadline.  If Mr. Elenius never receives access to any Volterra confidential information in this litigation, and never receives access to any Volterra confidential information in the E.D. Tex. litigation between the parties, then this restriction shall not apply.

**1.02.**  For the same period of time, Mr. Elenius agrees not to consult in a technical or product-design capacity for Infineon regarding lateral power semiconductor devices.  Mr. Elenius may not circumvent this restriction by consulting with a third party or individual that Mr. Elenius knows (or where a reasonable person should know) the third party or individual is working on

lateral power semiconductor devices for Infineon.  If Mr. Elenius never receives access to any Volterra confidential information in this litigation, and never receives access to any Volterra confidential information in the E.D. Tex. litigation between the parties, then this restriction shall not apply.

**1.03.**   Mr. Elenius agrees not to participate in the advising, amending or drafting of patent specifications, provisionals or claims claiming lateral power semiconductor devices or their use or operation, before the period of time set forth above expires.  If Mr. Elenius never receives access to any Volterra confidential information in this litigation, and never receives access to any Volterra confidential information in the E.D. Tex. litigation between the parties, then this restriction shall not apply.  This restriction shall not apply to participation in post-grant reviews, reexaminations, inter partes reviews, covered business method patent reviews, or any similar proceeding in the US or a foreign country as long as that participation does not include drafting or modification of claim language.  Mr. McAlexander agrees not to participate in the advising, amending or drafting of patent specifications, provisionals or claims claiming lateral power semiconductor devices or their use or operation, before the period of time set forth above expires.  If Mr. McAlexander never receives access to any Infineon confidential information in this litigation, and never receives access to any Infineon confidential information in the E.D. Tex. litigation between the parties, then this restriction shall not apply.  This restriction shall not apply to participation in post-grant reviews, reexaminations, inter partes reviews, covered business method patent reviews, or any similar proceeding in the US or a foreign country as long as that participation does not include drafting or modification of claim language.

**1.04.**   If, before the above restrictions expire, Maxim Integrated ("Maxim") or any affiliate of Maxim hires Mr. Elenius in any capacity in the area of lateral power semiconductor devices and Mr. Elenius gives at least 14 days written notice to Maxim Legal of such intention to perform work for Maxim or any affiliate, then all of the above restrictions terminate immediately, but Mr. Elenius's obligations not to disclose Volterra's confidential information continue in full force in accordance with the terms of the protective order.

As used herein, "Infineon" means Infineon Technologies AG, its successors, subsidiaries, divisions, and/or other affiliates thereof (specifically including, but not limited to Infineon Technologies Austria AG, Infineon Technologies North America Corporation, Primarion Inc., and any future acquired entities), and all officers, directors, agents, employees, consultants, representatives, and any other person or entity acting on behalf of any of the foregoing (specifically including, but not limited to, packaging houses, design houses, and fabs). Notwithstanding the foregoing, this definition only extends to non-affiliate third parties to the extent they are performing work for Infineon and the definition shall not apply to any non-affiliate third party when performing work for an entity that is not an affiliate of Infineon. For example, the definition of Infineon would, under Section 1.02, prohibit Mr. Elenius from consulting in a product-design capacity for TSMC for a lateral power semiconductor that TSMC was designing for Infineon. However, Mr. Elenius could consult in a product-design capacity for TSMC on a lateral power semiconductor designed by IBM even if TSMC was also working with Infineon (without using Mr. Elenius as a consultant) on a different lateral power semiconductor design.

Prior to receiving access to any Volterra confidential information, Mr. Peter Elenius is required to sign the "Acknowledgement and Agreement to Be Bound by the Restrictions to the Disclosure of Confidential Information" (attached as Exhibit A). Mr. Joseph McAlexander is also required to sign the "Acknowledgment and Agreement to be Bound by the Restrictions to the Disclosure of Confidential Information" (attached as Exhibit A).

**IT IS SO STIPULATED.**

Dated: October 3, 2014                    WEIL, GOTSHAL & MANGES LLP


                                          By:  _/s/ Sonal N. Mehta_
                                                  Sonal N. Mehta
                                              *Attorneys for Defendant*
                                              *Volterra Semiconductor Corporation*

1

2    Dated: October 3, 2014                    BAKER BOTTS L.L.P.

3

4                                              By:   */s/ David G. Wille*
                                                     _____
5                                                    David G. Wille
                                                     *Attorneys for Plaintiff*
6                                                    *Infineon Technologies AG*

7

8

9

10                          **ATTESTATION OF E-FILER**

11        In compliance with Local Rule 5-1(i), the undersigned ECF user whose identification and

12   password are being used to file this document, hereby attests that all signatories have concurred in

13   the filing of this document.

14   Dated:  October 3, 2014                    */s/ Sonal N. Mehta*
                                                _____
15                                              Sonal N. Mehta

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

**[PROPOSED] ORDER**

2

      Pursuant to the Stipulated Protective Order and the above Stipulation, and good cause

3

appearing therefore, Mr. Peter Elenius and Mr. Joseph McAlexander may access  confidential

4

information,

5

**IT IS SO ORDERED.**

6

7

8

9

      October 9, 2014

10

Date: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED

Judge Donna M. Ryu

Donna M. Ryu
United States Magistrate Judge

1

## __EXHIBIT A__

2

__ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED__
__RESTRICTIONS TO THE DISCLOSURE OF CONFIDENTIAL INFORMATION__

3

4
I,   _____,   declare   under

5
penalty of perjury that I have read in its entirety and understand the Stipulated Restrictions to the

6
Disclosure of Confidential Information that was issued by the United States District Court for the

7
Northern District of California in the case of INFINEON TECHNOLOGIES AG v. VOLTERRA

8
SEMICONDUCTOR CORPORATION Case No.: CV-11-6239.  I agree to comply with and to be

9
bound by all the terms of this Stipulated Restrictions to the Disclosure of Confidential

10
Information and I understand and acknowledge that failure to so comply could expose me to

11
sanctions and punishment in the nature of contempt.  I further agree to submit to the jurisdiction

12
of the United States District Court for the Northern District of California for the purpose of

13
enforcing the terms of this Stipulated Restrictions to the Disclosure of Confidential Information,

14
even if such enforcement proceedings occur after termination of this action.

15
Date:   _____

16
City and State where sworn and signed:   _____

17
Printed name:   _____

18
[printed name]

19
Signature:   _____

20
[signature]

21

22

23

24

25

26

27

28